COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> NEWEGG INC., a Delaware Corporation | DEFENDANTS <br> 21 srl, a foreign corporation |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> ZARIAN MIDGLEY & JOHNSON, PLLC <br> 960 Broadway Avenue, Suite 250, Boise, ID 83706 <br> (208) 562-4900 | Attorneys (If Known) <br><br> NIRO, SCAVONE, HALLER & NIRO <br> 181 West Madison Street, Suite 4600 <br> Chicago, IL 60602-4635 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for Declaratory Judgment and Non-infringement of Patent

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-7322

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Italy |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date _Oct. 7, 2009_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**ORIGINAL**

Name & Address:
ZARIAN MIDGLEY & JOHNSON PLLC
960 BROADWAY AVENUE
SUITE 250
BOISE, IDAHO 83706
(208) 562-4900

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware corporation <br><br> PLAINTIFF(S) <br><br> v. <br><br> 21 srl, a foreign corporation <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV09-7322 CAS AJWx** <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S): 21 srl _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, John N. Zarian _____, whose address is Zarian, Midgley & Johnson PLLC, 960 Broadway Ave., Ste. 250, Boise, ID 83706 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __0 8 OCT 2009__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                    SUMMONS

John N. Zarian (SBN 145080)
Brook B. Bond (SBN 144815)
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-Mail: zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA 91745
Telephone: (626) 271-9700, x. 22032
Facsimile: (626) 271-9483
E-Mail: Mira.S.Wolff@newegg.com

Attorneys for Plaintiff
NEWEGG INC.

**2009 OCT -8 AM 10: 16**

**FILED**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**CV09-7322 CASAJWK**

| | |
|---|---|
| NEWEGG INC., a Delaware corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND OTHER RELIEF** |
| v. | |
| 21 srl, a foreign corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Newegg Inc., a Delaware corporation ("Newegg" or "Plaintiff"), files this complaint against defendant 21 srl ("21 srl" or "Defendant") and alleges as follows:

## THE PARTIES

1.      Plaintiff NEWEGG INC. is a Delaware corporation and has its principal place of business located at 16839 E. Gale Avenue, City of Industry, California 91745.

2.     Plaintiff is an e-commerce company offering products to consumers on the basis of an unsurpassed shopping experience, rapid delivery, and stellar customer service.

3.     Defendant 21 srl, on information and belief, is an Italian corporation organized under the laws of Italy.  Plaintiff is informed and believes that 21 srl maintains a place of business at Via de Canis 3, I-14100 Asti (AT), Italy.

4.     Defendant 21 srl purports to be the owner of U.S. Patent No. 7,340,451 ("the '451 Patent"), issued to Giovanni Sacco ("Sacco") on March 4, 2008.  The '451 Patent is a continuation of Ser. No. 09/868,339, filed June 18, 2001 and resulting in the issuance of U.S. Patent No. 6,763,349, which also lists Sacco as the inventor, and which was also assigned by Sacco to Defendant 21 srl.

5.     On or about July 9, 2008, Sacco executed an assignment of interest in favor of Defendant 21 srl, which listed an address in Asti, Italy, a city of approximately 75,000 residents in the Piedmont region of northwestern Italy. Newegg is informed and believes that the address listed for 21 srl in Asti, Italy, is shared by other businesses, including a general construction company, a certified public accountant and/or a business consultant.

6.     Newegg is informed and believes and thereon alleges that, since 2003, Sacco has presented, submitted and/or published research papers in cities throughout the United States, including Miami, Las Vegas, Seattle, Philadelphia and Palo Alto, California; and that, prior thereto, Sacco presented, submitted and/or published at least one research paper in Los Angeles, California.  Newegg is informed and believes that, prior to relocating to Italy, Sacco resided and was employed in the United States, including employment at Purdue University, the University of Maryland, and the IBM Research Lab (System-R Group) in San Jose, California.

7.     Newegg is informed and believes that Defendant 21 srl has granted numerous patent licenses under the '451 Patent to companies located throughout the

1  United States, including one or more companies in California. For example,
2  Newegg is informed and believes that 21 srl has granted a patent license to Apple
3  Computer, which is headquartered in Cupertino, California. Defendant 21 srl
4  purports that the current list of licensees under the '451 Patent also includes CDW,
5  Dell, OfficeMax, Sears and Walgreens.

6  **JURISDICTION AND VENUE**

7  8.  This is an action for a declaratory judgment of patent non-infringement
8  and invalidity. Jurisdiction over this action arises under the Federal Declaratory
9  Judgment Act, 28 U.S.C. §§ 2201 and 2202. There is a justiciable controversy
10  within the meaning of 28 U.S.C. §§ 2201 and 2202 between Plaintiff, on the one
11  hand, and Defendant, on the other hand, regarding whether U.S. Patent No.
12  7,340,451 B2 ("Dynamic Taxonomy Process for Browsing and Retrieving
13  Information in Large Heterogeneous Data Bases") is valid, enforceable and
14  infringed.

15  9.  Jurisdiction over this action also arises under the patent laws of the
16  United States, Title 35, United States Code, and pursuant to the provisions of 28
17  U.S.C. §§ 1331 and 1338.

18  10.  On information and belief, venue is proper in this judicial district
19  pursuant to 28 U.S.C. §§ 1391 and 1400.

20  **ALLEGATIONS**

21  11.  In correspondence dated March 4, 2009 and transmitted to City of
22  Industry, California, Defendant has accused Newegg of infringing the '451 Patent
23  based on allegations that Newegg is actively inducing users of its website to
24  "practice each of the claimed steps of claim 13." (A true and correct copy of the
25  foregoing letter, including the claim chart discussed below, is attached hereto as
26  Exhibit 1.)

27

28

COMPLAINT FOR DECLARATORY AND OTHER RELIEF; DEMAND FOR JURY TRIAL                    3

12. In the foregoing letter, Defendant included a claim chart entitled "Infringement of U.S. Patent No. 7,340,451 by www.Newegg.com," purporting to set forth a supposed basis for the alleged infringement.

13. In the letter, Defendant went on to state that Newegg "now knows of the ['451] patent" and the alleged infringement of claim 13 by the users of Newegg's website. The letter suggested that Newegg could abate its alleged "infringement" of the '451 Patent by negotiating a license agreement and paying royalties to Defendant. Thus, the letter suggested that, absent a license agreement or other consent from Defendant, Plaintiff's liability for alleged patent infringement would increase each and every day.

14. Defendant sent two subsequent letters regarding the alleged infringement by Plaintiff, the first on April 7, 2009, and the second on September 17, 2009.

15. In the letter of April 7, 2009, Defendant stated that if there was an interest in "resolving this matter amicably," it needed to hear from Newegg shortly.

16. In the letter of September 17, 2009, Defendant informed Newegg that it has sued several other companies. Defendant further informed Newegg that it was important to respond to the letter promptly because "the deadline to amend the pleadings" in the foregoing litigation is October 9, 2009.

17. This language of Defendant's letters clearly amounts to a threat to enforce the '451 patent against plaintiff in a civil action in the immediate future.

18. By its conduct, Defendant has made numerous threats of infringement against Newegg, a company whose accused activities are conducted in California. Furthermore, Defendant 21 srl is exercising its patent rights through licensees throughout the United States, including one or more licensees in California, and the inventor listed on the '451 Patent has presented, submitted and/or published research papers in cities throughout the United States, including cities in California and this judicial district. Newegg is informed and believes that Defendant 21 srl

1  has exploited and profited from its Unites States patents by placing licensed
2  products in commerce in this judicial district.

3       19.    Under the circumstances, there is a substantial controversy between
4  parties having adverse legal interests that is of sufficient immediacy and reality to
5  warrant the issuance of a declaratory judgment.  Moreover, principles of fair play
6  and substantial justice require that the controversy be resolved in this judicial
7  forum.

8                                    **COUNT I**
9              **DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
10                                  **('451 PATENT)**

11      20.    Plaintiff re-alleges and incorporates by reference, as though fully set
12  forth herein, the allegations contained in paragraphs 1 through 19, inclusive.

13      21.    Plaintiff contends that its conduct does not infringe, directly or
14  indirectly, any valid and enforceable claim of the '451 Patent, nor does Plaintiff
15  manufacture, use, sell, import or offer for sale any product or service that infringes,
16  or induces any third party to infringe, a valid and enforceable claim of the '451
17  Patent. For example, every element of claim 13 is not infringed by either Plaintiff
18  or the users of Plaintiff's website.  Further, neither Plaintiff nor the users of
19  Plaintiff's website exercise control or direction over the entire process of claim 13.
20  Accordingly, for at least these reasons, Plaintiff does not directly or indirectly
21  infringe claim 13. *See, e.g., Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318
22  (Fed. Cir. 2008).

23      22.    On the other hand, Defendant contends that one or more of the
24  independent claims of the '451 Patent, including Claim 13, covers Plaintiff's
25  conduct.

26      23.    Therefore, a justiciable controversy has arisen and now exists between
27  Plaintiff and Defendant, and Plaintiff thereon requests that the court issue a
28  judgment establishing the rights and relations between the parties by declaring that

1  Plaintiff does not infringe, either directly or indirectly, any valid and enforceable
2  claim of the '451 Patent.

3  ## COUNT II

4  ## DECLARATORY JUDGMENT OF INVALIDITY

5  ## ('451 PATENT)

6  24.     Plaintiff re-alleges and incorporates by reference, as though fully set
7  forth herein, the allegations contained in paragraphs 1 through 19, inclusive.

8  25.     Plaintiff contends that some or all of the claims of the '451 Patent are
9  invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103
10  and/or 112. For example, the process of at least Claim 13, at issue here, is not tied
11  to a machine and does not result in the transformation of an article, as is required
12  for process claims to qualify as patent eligible subject matter under current legal
13  precedent. *See In re Bilski*, 545 F.3d. 943 (Fed. Cir. 2008) (*en banc*). Accordingly,
14  some or all of the claims of the '451 Patent are invalid for claiming nonstatutory
15  subject matter under 35 U.S.C. § 101.

16  26.     On the other hand, Defendant contends that one or more of the claims
17  of the '451 Patent, including Claim 13, are valid as issued by the United States
18  Patent and Trademark Office, and that Plaintiff is therefore required to cease and
19  desist the manufacture, use, sale, and offering for sale of certain products or
20  services.

21  27.     Therefore, a justiciable controversy has arisen and now exists between
22  Plaintiff and Defendant, and Plaintiff thereon requests that the court issue a
23  judgment establishing the rights and relations between the parties by declaring that
24  some or all of the claims of the '451 Patent are invalid for failing to comply with
25  the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

26  //

27  //

28  //

COMPLAINT FOR DECLARATORY AND OTHER RELIEF; DEMAND FOR JURY TRIAL                6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

1.    For a judgment declaring that:

    a.    Plaintiff does not manufacture, use, sell, import, or offer for sale any product or service that infringes, either directly or indirectly, any valid and enforceable claim of the '451 Patent.

    b.    Some or all of the claims of the '451 Patent are invalid for failing to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112;

    c.    Plaintiff shall be awarded its costs and attorneys' fees in connection with this action, and such other and further relief as the court may deem appropriate; and,

    d.    This case is exceptional under 35 U.S.C. § 285;

2.    Damages according to proof;

3.    Plaintiff's costs and attorneys' fees according to proof; and,

4.    For such further relief as the court may deem just and reasonable.

DATED: OCTOBER 7th, 2009

ZARIAN MIDGLEY & JOHNSON PLLC

Brook B. Bond

Attorneys for Plaintiff
NEWEGG INC.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

DATED: OCTOBER 7th, 2009

ZARIAN MIDGLEY & JOHNSON PLLC

Brook B. Bond

Attorneys for Plaintiff
NEWEGG INC.