John N. Zarian (SBN 145080)
Brook B. Bond (SBN 144815)
Justin N. Stewart
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-Mail: zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA 91745
Telephone: (626) 271-9700, x. 22032
Facsimile: (626) 271-9483
E-Mail: Mira.S.Wolff@newegg.com

Attorneys for Plaintiff
NEWEGG INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEWEGG INC., a Delaware corporation, | Case No. CV-09-7322 CAS (AJWx) |
| Plaintiff, | *Honorable Christina A. Snyder* |
| v. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN 21 SRL IN LATER-FILED ACTION** |
| 21 SRL, a foreign corporation, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff NEWEGG INC. ("Newegg") respectfully submits the instant Memorandum in Support of its Motion to Enjoin Defendant 21 SRL ("21srl" or "Defendant") and Defendant's attorneys from prosecuting their later-filed suit in the Northern District of Illinois (or any others) against Newegg for alleged infringement of the '451 patent.

1

## I. INTRODUCTION

On October 8, 2009, Newegg filed the above-captioned action against 21srl in the United States District Court for the Central District of California, seeking a declaration that U.S. Patent No. 7,340,451 ("the '451 patent") is invalid and not infringed. (*See* Declaration of John N. Zarian ("Zarian Decl."), Exh. 1.) The following day, by email, Newegg sent a courtesy copy of the summons and complaint to 21srl's litigation counsel in Chicago, asking whether counsel would accept service on behalf of 21srl. (*See* Zarian Decl., Exh. 2.) Ten days later, 21srl's counsel sent an email representing they were not authorized to accept service. (*See* Zarian Decl., Exh. 3.)

The very next day after refusing to accept service – October 20 – the same litigation counsel for 21 srl filed an action in the Northern District of Illinois against Newegg, accusing Newegg of infringing the '451 patent. Thus, the Illinois action was filed nearly two weeks after Newegg's filing of this present action in the Central District of California.

Pursuant to the First-to-File Rule that governs patent disputes, Newegg respectfully requests this Court to determine that this action should proceed as the first-filed case, and to enjoin 21srl and its attorneys from prosecuting any subsequently-filed action that involves the same issues and parties.

As discussed in greater detail below, Newegg is located in the Central District of California, where substantially all of its employees can be found. On the other hand, both the 21srl and the alleged inventor are domiciled in Italy, and neither appears to have any presence within or material connection to the Northern District of Illinois.

Accordingly, Newegg respectfully requests that the Court grant the instant motion and enter an appropriate injunction.

## II. FACTUAL BACKGROUND

Defendant 21srl purports to be the owner of the '451 patent, which issued to Giovanni Sacco ("Sacco") on or about March 4, 2008. The '451 patent was prosecuted in the United States Patent and Trademark Office by attorneys and agents at the law firm of Oblon, Spivak, McClelland, Maier & Neustadt, located in Alexandria or Arlington, Virginia (Zarian Decl., Exh. 4). On or about July 9, 2009, Sacco purportedly assigned his rights in the '451 patent to defendant 21srl, identifying the address of 21srl as located in Asti, a city of approximately 75,000 residents in Italy's Piedmont region.

In a letter dated March 4, 2009 – mailed by 21srl's current counsel to Newegg's address in City of Industry, California – Defendant accused Newegg of infringing the '451 patent by actively inducing users of its website to practice certain method steps. (*See* Declaration of Mira S. Wolff ("Wolff Decl."), Exh. 1.) In that letter, Defendant suggested Newegg could abate its alleged "infringement" of the '451 patent by negotiating a license agreement and paying royalties.

Defendant sent two subsequent letters regarding the alleged infringement by Newegg – on April 7 and again on September 17, 2009. In the April 7 letter, Defendant stated that if Newegg had an interest in "resolving this matter amicably," it was required to respond immediately. (*See* Wolff Decl., Exh. 2.) In the September 17 letter, Defendant trumpeted the fact that it had already sued several other companies in pending litigation, suggesting that it was "important" to respond to the letter quickly because Newegg would otherwise be sued. (*See* Wolff Decl., Exh. 3.)

Instead of capitulating to Defendant's threats by entering licensing negotiations, Newegg filed suit against 21srl on October 8, 2009 in this district, where Newegg resides. As mentioned above, counsel for 21 srl filed suit against nearly two weeks later in the Northern District of Illinois, after refusing to accept

service in this action. 21srl's complaint in the Northern District of Illinois raises issues *identical* to those raised in Newegg's instant, earlier-filed suit in this district.

Newegg is a Delaware corporation headquartered in the Central District of California. (Wolff Decl., ¶ 5.) Newegg is not licensed to do business in Illinois, and Newegg does not have any officers, directors, employees, or offices located in the Northern District of Illinois. (Wolff Decl., ¶ 7.) The employees and agents of Newegg who are most informed regarding topics likely to be at issue in this dispute (*i.e.*, the alleged infringement by Newegg and its customers) all reside in the Central District of California (where any evidence is most likely to be found), not the Northern District of Illinois.

Evidently, Defendant does not have any officers, directors, employees, or offices in the Northern District of Illinois *either*. Indeed, both Defendant and the alleged inventor apparently reside in Italy, and neither of them has any apparent business contacts with Illinois. However, as alleged in the complaint, the Central District of California has personal jurisdiction over 21srl, because 21srl has many contacts with California (clearly exceeding its contacts with Illinois). (*See* Zarian Decl., ¶ 12.) 21srl has entered into numerous licensing agreements, including a licensing agreement with Apple Computer in California. (*Id.*) Defendant presumably receives royalties from California under this and other licenses. Sacco (the inventor and, seemingly, 21srl's principal) has also presented, submitted, and/or published research papers in California. (I*d.*) In addition, Defendant has directed numerous infringement letters to Newegg in California.

### III. LEGAL STANDARDS

#### A. The First-To-File Rule

When an action for a declaratory judgment of patent invalidity or non-infringement has been filed, that action maintains precedence over any later-filed infringement suit. *See, e.g., Genentech v. Eli Lilly and Co.*, 998 F.2d 931, 938

(Fed. Cir. 1993) ("absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action."), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) ("[A]s a principle of sound judicial administration the first suit should have priority absent special circumstance.") (internal quotations omitted); *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998). This "First-to-File Rule" applies to subsequent suits involving nearly identical parties and issues. *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984).

In cases where the First-to-File Rule may apply, the *first*-filed court is the proper forum to decide whether the rule actually applies. *See, e.g., DaimlerChrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042-43 (N.D. Ohio 2001); *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993) ("the first-to-file rule gives the *first-filed* court the responsibility to determine which case should proceed.") (citations omitted).

### B.  Injunctions With Respect To Later-Filed Suits

If a first-filed court determines that it is the proper forum to substantively decide a dispute, "it may enjoin later filed actions." *Decker Coal Co. v. Commonwealth Edison*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *U.S. v. Oregon*, 657 F.2d 1009, 1016 n.17 (9th Cir. 1981)); *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 855-56 (9th Cir. 1981), *cert. denied sub nom.*, *Northwest Sports Enterprises v. Seattle Totems Hockey Club*, 457 U.S. 1105 (1982) (affirming district court's decision to enjoin a subsequent lawsuit in Canada when the breach of contract claim asserted there should have been asserted as a counterclaim in the first-filed action); see also *Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 572 (7th Cir. 1989) ("there is overwhelming case authority that the first court has power, independently of the

equitable doctrine that bars vexatious litigation, to enjoin the defendant from bringing a separate suit against the plaintiff in another court, thereby forcing the defendant either to litigate his claim as a counterclaim or to abandon it") (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952)).

"[T]he decision to enjoin rests in the sound discretion of the trial judge, and will rarely be overturned." *Del Mar Avionics v. Quinton Instruments Co.*, 645 F.2d 832, 836 (9th Cir. 1981).

## IV. DISCUSSION

### A. The First-To-File Rule Presumptively Applies To This Action.

It cannot be disputed that Newegg filed the present action in this Court on October 8, and 21srl later "followed suit" by filing a separate action for infringement against in the Northern District of Illinois on October 20, 2009 – nearly two weeks later.

Furthermore, both actions involve the exact same parties, Newegg and 21srl, and both actions also involve the same issues. In this action, the invalidity and infringement of the '451 patent are at issue, and 21srl's defenses and counterclaims will naturally raise the issue of infringement. In the Illinois action, 21 srl alleges infringement of the '451 patent by Newegg, and Newegg's defenses and counterclaims will raise the issues of invalidity and non-infringement. Under the circumstances, the two cases are essentially "mirror images" of each other.

Since the actions involve the same parties and issues, the First-to-File Rule ***presumptively*** applies. *See Novo Nordisk of North America, Inc. v. Genentech, Inc.*, 874 F. Supp. 630, 632 (S.D.N.Y. 1995) ("Generally, there is a strong presumption in favor of the forum of the first filed suit").

**B. This Court Is The Proper Forum To Determine Application Of The First-To-File Rule.**

Since the instant above-captioned action was the first to be filed, this Court is the proper forum to exercise subject matter jurisdiction in order to determine the threshold issue of which case should proceed. *See DaimlerChrysler*, 133 F. Supp. 2d at 1042-43; *Texas Instruments*, 815 F. Supp. at 999; *Kimberly-Clark*, 260 F. Supp. 2d 738, 741 (E.D. Wis. 2003).

Again, it is the *first-filed court* – this Court, the U.S. District Court for the District of California – that should consider the application of the First-to-File Rule along with any potential exceptions. *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556-57 (S.D.N.Y. 2000) (recognizing that, even after denial of a motion to dismiss in the second-filed court, first-filed court may still enjoin a party from proceeding in the first-filed court); *see also DaimlerChrysler*, 133 F. Supp. 2d at 1042-43.

**C. No Exceptions Apply To Negate The Presumptive Application of The First-To-File Rule.**

To be sure, in limited circumstances, the First-to-File Rule may not apply based on certain narrow exceptions. *See Genentech,* 998 F.2d at 938. However, the party invoking such an exception bears a heavy burden to establish that the exception applies. *See*, *e.g.*, *Novo Nordisk*, 874 F.Supp. at 632 ("It is well settled law in this Circuit that the first filed suit may not be transferred or stayed in favor of the second filed action unless there are special circumstances. Generally, there is a *strong presumption* in favor of the forum of the first filed suit.") (emphasis added); *see also Genentech*, 998 F.2d at 938 (Fed. Cir. 1993) (there must be a "sound reason that would make it unjust or inefficient to continue the first-filed action").

In any event, as briefly discussed below, under the circumstances presented by the two actions at issue here, none of the limited exceptions applies.

### 1. Newegg Was Not Forum Shopping in the First-Filed Action.

Generally, a party cannot be considered to have engaged of "forum shopping" when it files an action in the district where it is headquartered. *See, e.g., Stomp, Inc. v. NeatO, LLC*, 61 F.Supp.2d 1074, 1082 (C.D. Cal. 1999). Here, Newegg is headquartered within the jurisdiction of the U.S. District Court for the Central District of California, where it filed this action against 21srl.

Accordingly, Newegg's filing in the present Court cannot support the forum shopping exception to the First-to-File Rule.

### 2. The Customer Exception Does Not Apply.

The customer exception may be an issue in cases "where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

Plainly, that exception simply has no application to the facts of this case.

### 3. The Convenience Factors Favor Proceeding in the Central District of California.

The First-to-File Rule may not apply where equitable factors weigh strongly in favor of a convenience exception, and such factors closely track those considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a). *Hernandez v. United States*, No. C 07-05501 MEJ, 2009 WL 666947, at *4 (N.D. Cal. Mar. 13, 2009). These factors include convenience to the parties and witnesses, relative ease of access to evidence, plaintiff's choice of forum, and administrative considerations. *See Decker Coal*, 805 F.2d at 843. As discussed below, none of these factors weighs against application of the First-to-File Rule.

#### a) Convenience of the Parties and Witnesses Favors this Court.

For the convenience inquiry, "the court should consider private and public interest factors affecting the convenience of the forum." *Decker Coal*, 805 F.2d at

843. Here, Newegg has its principal place of business in California and its potential witnesses – for example, regarding Newegg's non-infringement – work and reside in California. They would be tremendously inconvenienced if it became necessary to attend a trial in Illinois, as opposed to California. Clearly, the California forum is much more convenient for Newegg.

On the other hand, 21srl and the alleged inventor appear to be based in Italy. *Either* forum may require Defendant to travel from Italy to the United States. It should be equally convenient (or inconvenient) to fly from Italy to California as it would be to fly from Italy to Chicago.

Under the circumstances, if the Illinois action were to proceed, Newegg and the potential witnesses would suffer great inconvenience. By contrast, Defendant will suffer no more inconvenience by traveling from Italy to California that it would by traveling from Italy to Illinois.

Thus, convenience to the parties favors the Central District of California.

### b) Relative Ease of Access to Evidence Favors this Court.

Newegg is located in California, and substantially all of its employees work in California. Evidence that may be presented by Newegg is most likely in California. (*See* Wolff Decl., ¶¶ 11-14.) The Central District of California affords much easier access to evidence that may be in Newegg's possession compared to the Northern District of Illinois. As mentioned above, substantially all of Newegg's witnesses reside and work in California. Newegg is not aware of *any* evidence possessed by itself, or by 21 srl, that is located within the state of Illinois. Evidence located in Italy is equally (in)accessible to both forums in question, and the patent attorneys that prosecuted the '451 patent work in or near Alexandria, Virginia. (*See* Zarian Decl., Exh. 4.)

Accordingly, the Central District of California affords easier access to evidence than the Northern District of Illinois.

### c) Plaintiff's Choice Of Forum Favors this Court.

In this action, Newegg has chosen the Central District of California, where Newegg's headquarters are located and most of its employees work.

In the later-filed action, 21srl's choice of forum was the Northern District of Illinois. However, 21srl is an Italian corporation residing in the Piedmont region of Italy. When a plaintiff chooses to litigate in a forum other than its home forum, its choice in that forum is accorded little weight. *Allstar Marketing Group, LLC v. Your Store Online, LLC*, --- F.Supp. 2d ----, 2009 WL 3156558, at * 14 (C.D. Cal. 2009) ("A plaintiff's choice of forum is entitled to less deference, however, when the plaintiff elects to pursue a case outside its home forum.").

Thus, this factor favors proceeding in the present forum.

### d) Administrative Considerations Favor this Court.

One of the administrative factors to be considered by this Court is the importance of avoiding a "redundancy of litigation" and of "preventing multiplicity of actions to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Genentech*, 998 F.2d at 938.

Here, Newegg seeks a determination of non-infringement and invalidity with respect to the '451 patent. The later-filed suit in the Northern District of Illinois is also seeking a determination of infringement concerning the '451 patent and, in the near future, would necessarily raise the same issues of patent invalidity as well.

Another administrative consideration is "the unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal*, 805 F.2d at 843. As described above, the Northern District of Illinois has little connection to the infringement suit filed there by 21srl. None of the parties have any colorable relationships with that forum. On the other hand, the present action has many connections with the forum in which it was filed. Newegg's employees, officers, and directors are members of

the community in this forum. Relative to the Northern District of Illinois, the Central District of California has a strong interest in resolving the controversy.

Under the circumstances, administrative considerations favor the Central District of California.

In sum, as shown above, the convenience factors weigh in favor of litigating the present dispute in the District Court for the Central District of California. Since the convenience factors favor the very same jurisdiction as the First-to-File Rule, the "convenience exception" could not possibly apply.

### D. **This Action Should Proceed, Not The Later-Filed Illinois Action.**

Since the First-to-File Rule presumptively applies, and the limited exceptions do not, this action should proceed in favor of the co-pending action in the Northern District of Illinois.

As the first-filed court, this Court has authority to enjoin 21 srl's later-filed action in Illinois. *See Decker Coal*, 805 F.2d at 843. This Court *should* enjoin that later-filed action because this instant suit is entitled to preferential treatment under the First-to-File Rule, which clearly applies. None of the narrow First-to-File exceptions even favors the later-filed suit, much less outweighs the presumption of the First-to-File Rule. *See* Section IV.C, *supra*.

By enjoining the later-filed action, this Court would also conserve judicial resources, promote economy, and avoid conflicting rulings.

## V. CONCLUSION

For the foregoing reasons, Newegg respectfully requests that the Court enjoin 21 srl and its counsel from prosecuting any later-filed suits against Newegg for infringement of the '451 patent.

DATED: November 10, 2009

ZARIAN MIDGLEY & JOHNSON PLLC

*/s/ John N. Zarian*
John N. Zarian

Attorneys for Plaintiff
NEWEGG INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of November, 2009, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ John N. Zarian*
John N. Zarian