KEATS McFARLAND & WILSON LLP
David K. Caplan (Bar No. 181174)
dcaplan@kmwlaw.com
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

*Attorney for Defendant 21 srl*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., | Case No. 2:09-cv-07322-CAS-AJW |
| Plaintiff, | |
| v. | **SPECIAL AND LIMITED APPEARANCE AND MOTION TO STRIKE PLAINTIFF'S MOTION TO ENJOIN [DKT. 6]** |
| 21 SRL, | |
| Defendant. | Date:<br>Time:<br>Honorable Christina A. Snyder |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13

      21 srl and its undersigned counsel hereby make a limited and special appearance in order to clarify the status of service in this matter and to notify this Court that a Court in the Northern District of Illinois has already substantially addressed the issues raised by Newegg.  From proceedings in related litigation pending in the Northern District of Illinois, 21 srl is aware of the filing of the Summons and Complaint, and of the motion to enjoin [Dkt. 6].  21 srl is filing this limited appearance and motion to strike simply to inform the Court that 21 SRL has not been served with the Summons and Complaint, nor Newegg's motion to enjoin [DKT. 6].  Per the Court's request in the Northern District of Illinois, 21 srl also informs this Court of the order attached as Exhibit 1 to the Declaration of David K. Caplan filed concurrently herewith.  21 srl reserves all rights to contest the motion, service, and jurisdiction, should Newegg proceed with service on 21 srl.

14

## I.    INTRODUCTION

15
16
17
18

      There presently is no jurisdiction for this Court to decide Newegg's motion to enjoin [Dkt.. 6], since the Summons and Complaint in this action have not been served on 21 srl.  Newegg has not even complied with this Court's November 18, 2009 Order [Dkt. 10] to serve its motion to enjoin on 21 srl.

19
20
21
22
23
24
25

      Worse still, especially in light of its failure to serve 21 srl, Newegg failed to inform this Court that in addition to the case 21 srl filed against Newegg in the Northern District of Illinois, there is also an earlier, related action proceeding in Illinois involving the same patent infringement and validity issues that exist here.  On December 9, 2009, the Judge in this earlier Illinois action ordered *reassignment* of the Illinois case against Newegg based on judicial efficiency and the overlapping issues of fact and law.  (Caplan Decl., Exh. 1).[1]

26
27

[1] Judge Darrah provided an unsigned copy of the order to all parties at a hearing held that same day, and instructed counsel for 21 srl to inform this Court of the ruling.  (Caplan Decl., ¶ 2).

28

- 2 -

1
2
3
4
5

If Newegg had served the Summons and Complaint, or even the motion to enjoin itself, Newegg's motion to enjoin would be subject to denial in the interest of judicial comity alone, based on the reasoning set forth in this order from the Court in the Northern District of Illinois. But this Court need not reach the merits because it has no jurisdiction over 21 srl.

6
7

## II.  JURISDICTION DOES NOT EXIST OVER A DEFENDANT THAT HAS NOT BEEN SERVED

8
9
10
11
12
13
14
15

The Summons and Complaint in this action have not been served upon Defendant 21 srl, a foreign corporation located in Asti, Italy.  It is a fundamental legal principle that:  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under *Fed.R.Civ.P. 4*."  <u>Geiche</u> v. <u>City and County of San Francisco</u>, 2009 U.S. Dist. LEXIS 62895 at *23 (N.D. Cal. Jul. 1, 2009), quoting <u>Direct Mail Specialists</u> v. <u>Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988).  This issue is uncontested, as no proof of service has been filed by Plaintiff.

16
17

Moreover, actual knowledge and notice of a lawsuit are not sufficient to confer jurisdiction:

18
19
20
21
22
23
24
25
26
27

Although a defendant's appearance to attack sufficiency of service is an admission that defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process. *Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)* ("before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum"); *Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir. 1989)* [*24] (service fails unless defendant returns acknowledgment form); *Accord Grand Entm't Group, Ltd. v. Star*

28

1
2
3
4
5
6
7
8

*Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule"); *Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976)* ("[D]ue process requires proper service of process in order to obtain in personam jurisdiction."); *Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982).*

<u>Geiche</u>, 2009 U.S. Dist. LEXIS 62895 at *23.

9
10
11
12
13

Because service has not been effected upon Defendant, this Court has no jurisdiction to decide Plaintiff's motion to enjoin and it should be stricken. In addition, Plaintiff has not even properly served its motion to enjoin (or filed a proof of service), as ordered by this Court on November 18, providing a further basis to deny or strike its motion.

14
15

## III.   NEWEGG FAILED TO APPRAISE THIS COURT OF THE ILLINOIS PROCEEDINGS

16
17
18
19
20
21
22

There is currently pending an earlier filed (June 18, 2009) case in the Northern District of Illinois between 21 srl and Best Buy, Enable Holdings, uBid and Lowe's Home Centers, Case No. 09cv3667 (the "Best Buy Action"). The Best Buy Action involves the same allegations of infringement of the same claim of the same patent at issue against Newegg. That case is proceeding before the Honorable Judge John W. Darrah. Newegg's failure to discuss this case, in light of the relief it sought from this Court without having first served 21 srl, is telling.

23
24
25
26

Critically, Judge Darrah recently granted 21 srl's motion to reassign to his calendar the pending action against Newegg (N.D. Ill. Case No. 09cv6590, the "Newegg Illinois Action"). After full briefing and two hearings attended by Newegg's counsel, Judge Darrah found:

27
28

[T]he Court agrees with [21 srl] that reassignment would save judicial resources with respect to claim construction, adjudication of common discovery disputes, and adjudication of issues relating to validity and other defenses common among Newegg and the defendants to the instant action. Patent cases often require a significant investment of the Court's time due to the potentially complicated nature of the subject matter underlying the litigation. When the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases. Furthermore, reassignment would save judicial time and effort by avoiding potentially inconsistent rulings with regard to claim construction as well as with regard to invalidity and infringement issues that may arise in the context of motions for summary judgment.

(Caplan Decl., Exh. 1 at 4-5). The Illinois Court further held that 21 srl "has demonstrated that the handling of both cases before the same judge is likely to result in a substantial saving of judicial time and effort" (*Id.*, p. 5).

Still further, Judge Darrah found that "no substantial delay will be imposed by reassigning the *Newegg* litigation to this Court's calendar" and that the actions are amenable to dispositive treatment in unified proceedings in Illinois:

The merits of the instant [Best Buy] action and the *Newegg* litigation are plainly susceptible of disposition in a single proceeding. Both suits involve the same claim of the same patent and similar allegations of infringement. Issues likely to be raised at claim construction, summary judgment, and trial are likely to be shared by all defendants.

(Caplan Decl., Exh. 1 at 6).

As this decision makes clear, even if this Court reached the merits of Newegg's motion, which it should not in light of Newegg's failure to serve the Summons and Complaint and motion to enjoin, the Court in Illinois has already substantially addressed the issues raised by Newegg. Indeed, all of Newegg's "first-to-file" and other jurisdictional contentions have been fully briefed, argued and presented to the Illinois Court for decision. (Caplan Decl, Exh. 2).

**IV.    CONCLUSION**

Newegg's motion to enjoin should be stricken or denied for the reasons set forth herein.

Dated: December 10, 2009                   KEATS MCFARLAND & WILSON LLP


                                           By: _/s/_____
                                                David K. Caplan

                                           Attorneys for specially appearing
                                           Defendant 21 SRL.

CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2009, I caused the foregoing:

SPECIAL AND LIMITED APPEARANCE AND MOTION TO STRIKE PLAINTIFF'S MOTION TO ENJOIN [DKT. 6]

NOTICE OF INTERESTED PARTIES

DECLARATION OF DAVID K. CAPLAN IN SUPPORT OF 21 SRL'S SPECIAL AND LIMITED APPEARANCE AND MOTION TO STRIKE PLAINTIFF'S MOTION TO ENJOIN

To be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

| | |
|---|---|
| John N. Zarian (SBN 145080)<br>Brook B. Bond (SBN 144815)<br>Justin N. Stewart<br>ZARIAN MIDGLEY & JOHNSON PLLC<br>University Plaza<br>960 Broadway Ave., Ste. 250<br>Boise, Idaho 83706<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>E-Mail: zarian@zarianmidgley.com | Mira S. Wolff (SBN 161672)<br>NEWEGG INC.<br>16839 E. Gale Avenue<br>City of Industry, CA 91745<br>Telephone: (626) 271-9700, x. 22032<br>Facsimile: (626) 271-9483<br>E-Mail: Mira.S.Wolff@newegg.com |

I further certify that the foregoing was served upon the above referenced attorneys via e-mail and U.S. Mail.

__/s/_____

Kim Tyson