# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 21 srl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-cv-3667 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ENABLE HOLDINGS, INC.; | ) | |
| UBID, INC.; BEST BUY CO., INC.; and | ) | |
| LOWE'S HOME CENTERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, 21 srl ("Plaintiff"), initiated this action for patent infringement against

five separate defendants on June 18, 2009. On October 20, 2009, Plaintiff brought a

separate action in this district against Newegg, Inc. ("Newegg"), alleging infringement of

the same patent. That case was assigned to Judge Holderman. Plaintiff now moves to

reassign the later-filed case, No. 09-cv-6590 (the "*Newegg* litigation"), pursuant to

Local Rule 40.4. Newegg, who is not a party to the instant litigation, opposes the motion.

For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff owns United States Patent Number 7,340,451 (the "'451 patent"). On

June 18, 2009, Plaintiff filed a "Complaint for Patent Infringement," alleging that five

separate defendants infringed and continue to infringe "at least claim 13 of the '451

patent by knowingly and actively inducing others to infringe, contributing to the

EXHIBIT  *1*
PAGE  *3*

infringement of others and/or aiding and abetting users' direct infringement" through the use of defendants' respective websites and the websites of others.

On March 4, 2009, Plaintiff sent a letter to Newegg for the purpose of "offering Newegg a license" to use the '451 patent. Having received no response, Plaintiff sent a follow-up letter on April 7, 2009. Newegg responded on April 16, 2009, and stated that it was reviewing Plaintiff's claims and would get back to Plaintiff within a few weeks. That was Newegg's first and only response. On September 17, 2009, Plaintiff sent another letter, informing Newegg of the instant litigation and stating it was "important" that Newegg respond to the letter in light of the fact that October 9, 2009, was the deadline to add new parties to this pending suit. On October 8, 2009, Newegg brought an action in the Central District of California, seeking a declaratory judgment that the '451 patent is invalid.

On October 20, 2009, Plaintiff filed another complaint in this district, alleging that Newegg infringed and continues to infringe "at least claim 13 of the '451 patent by knowingly and actively inducing others to infringe, contributing to the infringement of others and/or aiding and abetting users' direct infringement" through the use of Newegg's website and the websites of others.

On November 10, 2009, Newegg filed a motion with Judge Snyder in the Central District of California to enjoin the *Newegg* litigation pending before Judge Holderman. (*See* Case No. 2:09-cv-7322, Docket No. 6 (C.D. Cal. Nov. 10, 2009).) That same day, Newegg filed a motion with Judge Holderman to transfer or stay the *Newegg* litigation pending resolution of the declaratory-judgment action in the Central District of

EXHIBIT___I_____

PAGE____4_____

California. (*See* Case No. 9 CV 6590, Docket No. 14 (N.D. Ill. Nov. 10, 2009).) On November 12, 2009, Plaintiff brought the instant motion for reassignment.

## LEGAL STANDARD

In the Northern District of Illinois, cases are assigned to district judges at random. *See* LR 40.1. Local Rule 40.4 provides a means of reassigning a case to a judge before whom an earlier-filed, related case is pending. The party moving for reassignment must show that the cases are related and that reassignment would promote efficient use of judicial resources. *See Global Patent Holdings, LLC v. Green Bay Packers*, No. 00 C 4623, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008) (*Global Patent*).

"Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." LR 40.4(a).

If a case is found to be related to an earlier-filed case, it may be reassigned to the calendar of another judge if *each* of the following criteria are met:

(1)    both cases are pending in this Court;

(2)    the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3)    the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4)    the cases are susceptible of disposition in a single proceeding.

LR 40.4(b).

3

EXHIBIT \_\_\_\_I\_\_\_\_

PAGE \_\_\_\_5\_\_\_\_

## ANALYSIS

Newegg does not dispute that the two cases at issue are related under Local Rule 40.4(a). Nor can it. Both suits allege infringement of the same claim of the same patent under similar theories of vicarious liability. Instead, Newegg argues that reassignment would not be appropriate under Local Rule 40.4(b) based on Newegg's position that the declaratory-judgment action in California should be given precedence over any Northern District of Illinois litigation between Plaintiff and Newegg.

A related case can only be reassigned if Plaintiff can show that *each* of the four criteria set forth in Local Rule 40.4(b) are satisfied. The first criterion is obviously satisfied, as both cases are currently pending in this district. The parties dispute the remaining three criteria.

Regarding the second criterion, the Court agrees with Plaintiff that reassignment would save judicial resources with respect to claim construction, adjudication of common discovery disputes, and adjudication of issues relating to validity and other defenses common among Newegg and the defendants to the instant action. Patent cases often require a significant investment of the Court's time due to the potentially complicated nature of the subject matter underlying the litigation. When the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases. Furthermore, reassignment would save judicial time and effort by avoiding potentially inconsistent rulings with regard to claim construction as well as with regard to invalidity and

4

EXHIBIT____1____

PAGE____6____

infringement issues that may arise in the context of motions for summary judgment. *See Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (*Fairbanks*) (acknowledging criticism by Seventh Circuit for decision that allowed multiple cases involving similar legal issues "to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals"). Plaintiff has demonstrated that the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort.

Regarding the third criterion, the Court agrees with Plaintiff that no substantial delay will be imposed by reassigning the *Newegg* litigation to this Court's calendar. The litigation currently before this Court is still in the early stages. All parties have answered Plaintiff's Complaint. The deadlines for serving initial infringement, non-infringement, and invalidity contentions have passed, as has the deadline for Plaintiff to serve its initial responses to invalidity contentions. The next Court-imposed deadline is February 16, 2010, which is when final infringement contentions are due. A claim-construction hearing is scheduled for August 9, 2010. Discovery does not close until February 11, 2011; and trial is not scheduled to begin until June 20, 2011. Plaintiff has represented that, as of November 12, 2009, when it filed its motion, no documents have been produced by any party and no depositions have been taken.

For its part, Plaintiff represents that "[a]dding Newegg to this action will not cause any delay at all, much less the 'substantial delay' contemplated by Local Rule 40.4" (Pl. Reply at 4.) Although this litigation is more advanced than the *Newegg* litigation – Newegg has yet to answer Plaintiff's complaint – this litigation is still in the

EXHIBIT____1____
PAGE_____1____

early stages. Some delay may be necessary to get Newegg on track with the other defendants in this action, but any such delay would hardly be "substantial."

The fourth criterion can be satisfied where "both actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or at trial." *See Global Patent*, 2008 WL 1848142, at *4. The merits of the instant action and the *Newegg* litigation are plainly susceptible of disposition in a single proceeding. Both suits involve the same claim of the same patent and similar allegations of infringement. Issues likely to be raised at claim construction, summary judgment, and trial are likely to be shared by all defendants.

Newegg devotes most of its brief in opposition to Plaintiff's motion for reassignment to arguing that the *Newegg* litigation should be transferred to the Central District of California or stayed pending disposition of that earlier-filed declaratory-judgment action. Newegg bases that argument on the so-called first-to-file rule, which creates a presumption in favor of allowing a first-filed declaratory judgment action to proceed to disposition before a subsequently filed infringement action may be heard. *See Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) ("The first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.") (citation and internal quotation marks omitted). Based on its apparent confidence in its motions to terminate the *Newegg* litigation in favor of the litigation pending in the

EXHIBIT \_\_\_1_____

PAGE \_\_\_8_____

Central District of California, Newegg argues that the *Newegg* litigation thus cannot be susceptible of disposition in a single proceeding with the instant litigation.

Newegg's contention is premature and not relevant to the question currently before this Court, which is whether reassigning the *Newegg* litigation pending before Judge Holderman to the calendar of this Court would promote efficient use of judicial resources based on the above-discussed criteria. On that limited question, reassignment of the case before Judge Holderman to this Court is appropriate.

Local Rule 40.4 "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent*, 2008 WL 1848142. The resources of this district are better served by reassigning the *Newegg* litigation to the calendar of this Court and moving Plaintiff's claims against all defendants forward on a single track.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reassignment Pursuant to Local Rule 40.4 is granted.

Date:_____                    _____
                                                JOHN W. DARRAH
                                                United States District Court Judge

7

EXHIBIT____1____
PAGE____9____

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 21 SRL, | | Civil Action No. 1:09-cv-6590 |
| | Plaintiff, | |
| | | Judge James F. Holderman |
| v. | | Magistrate Judge Maria Valdez |
| NEWEGG INC., | | |
| | Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER OR STAY**

## I.     INTRODUCTION

Plaintiff has filed a motion to reassign this action to the earlier filed, nearly identical case pending before the Honorable Judge Darrah in Case No. 1:09-cv-3667 (the "Best Buy Action"). Plaintiff submits its response to Newegg's motion to transfer or stay, which can be considered by this Court, or Judge Darrah if reassignment is granted.

Newegg's motion is based almost entirely on the so-called "first to file rule," but Newegg completely fails to address the fact that the related Best Buy Action is already pending in the Northern District of Illinois involving the same claim (13) of the same patent (U.S. 7,340,451 B2) and the same type of infringing systems used by others in the industry. Therefore, the common issues of claim construction, infringement and validity of the '451 patent exist in both this case and the Best Buy Action. Denial of Newegg's present motion will therefore promote judicial and litigant economy (and prevent potentially inconsistent or conflicting rulings on claim construction, discovery issues and more) by having *one* Court decide these common issues of fact and law, not *two*.

EXHIBIT   2
PAGE   10

Moreover, the only reason Newegg was not initially included in the Best Buy Action is because the parties were engaged in settlement discussions – or so Plaintiff thought. That Newegg raced to file an anticipatory declaratory judgment suit in California should not be rewarded through "first to file" deference. In denying a motion under similar circumstances, Judge St. Eve rejected the first to file rule in a patent case where it would "reward – and indeed abet – conduct which is inconsistent with the sound policy of promoting extrajudicial dispute resolution ...." MLR v. U.S. Robotics, 2003 U.S. Dist. LEXIS 2827 at *6 (N.D. Ill. Feb. 25, 2003), quoting Davox Corp. v. Digital Systems Inte'l, Inc., 846 F. Supp. 144, 148 (D. Mass. 1993).

For the reasons set forth herein, Plaintiff respectfully requests that Newegg's motion be denied.

## II.     BACKGROUND

On June 18, 2009, Plaintiff filed the Best Buy Action against Best Buy, Dell[1], Enable Holdings, Lowe's Home Centers and uBid for infringement of claim 13 of the '451 patent. The patent in suit was invented by Professor Giovanni Sacco, an Associate Professor of Information Systems and Human Computer Interaction with the Department of Informatics, University of Torino, Italy (Exhibit A, Sacco Decl. ¶ 1, 6). This is a fundamental patent in the field of online retailing involving dynamic taxonomy applications, for example, where the user can drill down through different categories of information ranging from product type to price, brand name, availability, size and other categories. Each Defendant in the Best Buy Action is accused of

---

[1]     Dell accepted a license under the '451 patent (joining Apple, CDW, Office Depot, OfficeMax, Sears, W.W. Grainger and Walgreens) and was dismissed from that case on August 6, 2009.

EXHIBIT___2___

PAGE___11___

infringing claim 13 of the '451 patent by inducing and contributing to the direct infringement of their customers and end users.

On October 20, 2009, Plaintiff filed a Complaint against Newegg in this District, asserting infringement of claim 13 of the '451 patent by Newegg through inducing and contributing to the direct infringement of Newegg's customers and end users.

Newegg was not initially added as a defendant in the Best Buy Action because Plaintiff believed that Newegg was evaluating the '451 patent for a potential licensing resolution. On April 16, 2009, for example, Newegg's Senior Counsel, Mira Wolff wrote: "We are now reviewing your letters and the claims being made and will get back to you in the next few weeks." After stringing Plaintiff along, and without warning, Newegg filed a highly disfavored preemptive strike declaratory judgment suit in California on October 8, 2009 (one day prior to the cut-off for adding new parties in the Best Buy Action). In its declaratory judgment action, Newegg, like the Defendants in the Best Buy Action, claims that the '451 patent is not infringed and invalid.

## III.    TRANSFER IS NOT APPROPRIATE

### A.    The "First to File" Rule Does Not Apply in this Case

The linchpin of Newegg's entire brief is that it raced to the California courthouse to file a preemptive strike declaratory judgment suit, but the Federal Circuit has made it clear that the first to file rule is only a "general rule" that "the trial court's discretion tempers" by considering factors such as "judicial and litigant economy, and the just and effective disposition of disputes." Serco Servs. Co. L.P. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995), citing Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993).

The Genentech decision relied upon by Newegg actually holds that while "the general rule favors the forum of the first-filed action.... *[e]xceptions, however, are not rare* and are

3

EXHIBIT____2____
PAGE____12____

made when justice or expediency requires, as in any issue of choice of forum." Genentech, 998

F.2d at 937 (emphasis added).  The Federal Circuit recognized that District Court's have

discretion to hear declaratory judgment cases, and specifically listed as a "sound reason" for

dismissal "*the possibility of consolidation with related litigation*." Id. (emphasis added).  The

Federal Circuit likewise acknowledged the Supreme Court's mandate against following a rigid

formula, stressing instead "the importance of conservation of judicial resources and the

comprehensive disposition of litigation." Id.

    Newegg's first to file argument is particularly unreasonable here because Newegg was

secretly preparing and filing its declaratory judgment case while Plaintiff mistakenly believed

that the parties were communicating regarding settlement.  The MLR patent case decided by

Judge St. Eve is instructive here because of the nearly identical fact pattern:

> Although MLR actually filed the present action first, Nokia was not named in that
> initial filing. Presumably, MLR did not name Nokia because the parties were
> engaged in settlement discussions at the time. It appears that Nokia filed the
> Texas case only when settlement negotiations broke down so that Nokia might
> litigate in its chosen forum. As the District of Massachusetts has noted, "it would
> be inappropriate to reward – and indeed abet – conduct which is inconsistent with
> the sound policy of promoting extrajudicial dispute resolution, and conservation
> of judicial resources." *Davox Corp. v. Digital Systems Inte'l, Inc.*, 846 F. Supp.
> 144, 148 (D. Mass. 1993).
>
>     [T]he interests of efficiency and economy counsel against invoking the
> first to file rule here.
>
>                    * * * *
>
> Given the overlapping common questions of law and fact, this Court agrees that
> MLR's case against Nokia is ripe for consolidation with the case against the other
> defendants under Rule 42(a).

2003 U.S. Dist. LEXIS 2827 at *6, *10; see also Publications Int'l, Ltd. v. Brian Mc Rae, 953

F.Supp. 223, 224 (N.D. Ill. 1996) ("A suit for declaratory judgment aimed solely at wresting the

choice of forum from the 'natural' plaintiff will normally be dismissed"), *citing* Allendale Mutual

EXHIBIT  2

PAGE  13

Ins. Co. v. Bull Data Sys., 10 F.3d 425, 431 (7th Cir. 1993). Other decisions from District Courts in the Seventh Circuit reach the same conclusion, and inserting the present parties' names demonstrates the applicability of the logic here:

> Although [Newegg] had good reason to think that [21 srl] was likely to bring suit against it *eventually*, [it] "jumped the gun" by bringing suit at a time when [21 srl] believed negotiations were still underway. ... [21 srl] was prudently awaiting a final decision from [Newegg] before initiating costly and time-consuming legal action. By racing to the courthouse before responding to [21 srl's] legitimate attempts at negotiation, [Newegg] engaged in the type of forum shopping disfavored under Seventh Circuit law.

Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC, 447 F.Supp.2d 930, 941 (W.D. Wis. 2006) (emphasis in original).

The Northern District of Illinois cases cited by Newegg do not support its position. For example, transfer was ***denied*** in Bajer Design & Marketing, Inc. v. Whitney Design, Inc., 2009 WL 1849813 (N.D. Ill. Jun. 26, 2009) and the situation before this Court presents an even stronger basis to deny the motion, given the pendency of the Best Buy Action. Likewise, in Annett Holdings v. Certain Underwriters at Lloyds, 2008 WL 2415299 (N.D. Ill. Jun. 12, 2008), cited by Newegg, transfer was ***denied*** and the Court specifically noted that "the standard governing the first-to-file rule was aptly stated by Judge St. Eve" in Schwarz v. National Van Lines, Inc., 317 F.Supp.2d 829, 832-33 (N.D. Ill. 2004) (denying motion to transfer) and in MLR v. U.S. Robotics, 2003 WL 685504 (N.D. Ill. Feb. 26, 2003).

The first to file rule should not be invoked here. First, to do so would reward conduct inconsistent with the sound policy of promoting settlement discussions outside the context of litigation. MLR, 2003 U.S. Dist. LEXIS 2827 at *6, *10; Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc., 23 F.Supp.2d 906, 909 (N.D. Ill. 1998) (prohibiting a "race to the courthouse" encourages settlement and discourages costly duplicative litigation). Why would any potential plaintiff ever try to resolve a dispute with Newegg in the future, before filing suit,

EXHIBIT 2
PAGE 14

particularly since Newegg not only filed an anticipatory declaratory judgment suit against 21 srl in California, *but also attached all of 21 srl's confidential Rule 408 settlement correspondence to its motions*. It is hard to imagine conduct more inconsistent with public policy favoring amicable resolutions. Second, the interest of judicial and litigant efficiency and economy would be frustrated by application of the first to file rule here, given the plethora of common issues of fact and law between this case and the Best Buy Action (which will proceed in the Northern District of Illinois regardless of the outcome of this motion).

**B.     The Convenience of the Parties and Witnesses, and the Interests of Justice Compel Denial of Newegg's Request to Transfer**

The § 1404(a) factors are well settled. They strongly favor denial of Newegg's motion.

### 1.     The Interests of Justice Alone Require Denial of Newegg's Motion

Newegg argues that "judicial economy favors transferring this action" to avoid "redundancy of litigation" and prevent a "multiplicity of actions" involving common matters (Doc. 16, p. 11). The argument is nonsensical, since Newegg is well aware that the earlier filed case, the Best Buy Action, will be proceeding in the Northern District of Illinois anyway. Transfer of this case to California will only ensure that multiple courts proceed with duplicative litigation and decide duplicative issues.[2]

For example, Newegg and the Defendants in the Best Buy Action have each asserted that the '451 patent is invalid under 35 U.S.C. § 103. This defense involves identical factual determinations regarding the level of skill in the art, the scope and content of the prior art, the application of the prior art to the '451 patent and more. Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH, 139 F.3d 877, 881-86 (Fed. Cir. 1998); Milton Hodosh and Richardson-Vicks,

---

[2]     If Newegg's motion to transfer is denied by this Court, the declaratory judgment case in California will certainly be dismissed or transferred here.

EXHIBIT 2
PAGE 15

Inc. v. Block Drug Co., 786 F.2d 1136, 1142-44 (Fed. Cir. 1986). In addition, the same fact

issues concerning "objective indicia" of nonobviousness must be decided, including commercial

success, long felt need, industry recognition and the like. Graham v. John Deere Co., 383 U.S. 1,

17-18 (1966); Pro-Mold and Tool Company, Inc. v. Great Lakes Plastics, Inc., 75 F.3d 1568,

1574 (Fed. Cir. 1996). The ultimate determination of obviousness is a question of law, as is the

claim construction which is the first step of an obviousness analysis. Id.

Thus, reviewing just *one* common defense of Newegg and the Defendants in the Best

Buy Action as an example demonstrates the complete overlap of factual and legal issues. Of

course, Newegg has raised many more of the same defenses to the same asserted claim of the

same patent in suit as the other Defendants, including anticipation under 35 U.S.C. § 102,

indefiniteness/best mode under 35 U.S.C. § 112, and more. Given these common issues of fact

and law, Newegg's approach would be the model of inefficiency. What happens if Newegg files

a summary judgment motion in California similar to a pending motion filed by another

Defendant here? Two courts would be simultaneously interpreting the same claim of the same

patent and deciding the same issues, resulting in a tremendous duplication of effort – not to

mention the specter of inconsistent rulings between courts. Nothing can be more inefficient than

having two courts doing what a single court can do.

As the Supreme Court observed in Continental Grain Co. v. Barge FBL-585, 364 U.S. 19

(1960):

> To permit a situation in which two cases involving precisely the same issues are
> simultaneously pending in different District Courts leads to the wastefulness of
> time, energy and money that § 1404(a) was designed to prevent. Moreover, such
> a situation is conducive to a race of diligence among litigants for a trial in the
> District Court each prefers.

364 U.S. at 26, see also SEC v. First Nat'l Finance Corp., 392 F.Supp. 239, 241 (N.D. Ill. 1975)

("As a general proposition, cases should be transferred to districts where related actions are

EXHIBIT __2__

PAGE __16__

pending."); Schneider v. Sears, 265 F.Supp. 257, 266-67 (S.D.N.Y. 1967) ("[T]here is a strong policy favoring the litigation of related claims in the same tribunal."); Air Express International Corp. v. Consolidated Freightways, Inc., 586 F.Supp. 889, 890-91 (D. Conn. 1984) ("The court cannot conceive of an arrangement more expensive, time consuming, and inconvenient to the parties plaintiff as well as defendant, or more exhaustive of judicial resources, than that advanced by the plaintiffs. The concurrent prosecution of these suits on opposite coasts would defeat the public and private interests in the most expeditious and inexpensive litigation."); Cambridge Filter Corp. v. International Filter Co., 548 F.Supp. 1308, 1310 (D. Nev. 1982) ("Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results."); Blanning v. Tisch, 378 F.Supp. 1058, 1061 (E.D. Pa. 1974) ("[T]he presence of a related case in the transferee forum is a powerful reason to grant a change of venue.").

Newegg's motion likewise should be denied to avoid duplicitous litigation, judicial inefficiency and the possibility of inconsistent rulings. Tellingly, Newegg did not cite a single patent infringement case that transferred an action *out* of a jurisdiction where a related action was already pending on the same patent in suit (i.e., the Best Buy Action). This alone is a basis to deny Newegg's motion, but there is more.

### 2. Plaintiff's Choice of Forum

Plaintiff 21 srl is an Italian corporation, so it could not bring this patent case in any "home" forum. Nonetheless, its forum choice is entitled to weight. Metito (Overseas) Ltd. v. General Elec. Co., 2006 WL 3230301, *3 (S.D.N.Y. Nov. 7, 2006); Varnelo v. Eastwind Transport Ltd., 2003 WL 230741, * 8 (S.D.N.Y. Feb. 2, 2003).

8

EXHIBIT___2___

PAGE___17___

### 3.    The Convenience of the Parties and Witnesses

Newegg says that its documents are located in California, but in the electronic era, this factor is given a much lesser significance:

> Regardless of where the evidence is located, it is clear that much of the operative evidence ... will be documentary in nature, whether in electronic or hard-copy form, and will be easily transferable. When documents are easily transferable, access to proof is a neutral factor.

Leuders v. 3M Co., 2008 U.S. Dist. LEXIS 52609 (N.D. Ill. July 9, 2008); Photogen, Inc. v. Wolf, 2001 U.S. Dist. LEXIS 5796 at *5 (N.D. Ill. May 7, 2001) (because documents and records are "easily transportable," they are "usually not ... very persuasive" in evaluating the propriety of transfer). Plaintiff's documents are located in Italy and Chicago (Exhibit A, Sacco Decl. at ¶ 8).

Newegg also cites a total of three potential witnesses in this action, then claims it would be inconvenient for them to come to Chicago. However, these are all employees of Newegg (no third parties were identified) and Newegg has not described the nature and quality of each witness's testimony, as required: "[c]ourts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily." Bullard v. Burlington Northern Santa Fe Ry., 2008 U.S. Dist. LEXIS 78517 at *16 (N.D. Ill. Aug. 29, 2008), citing Mleczek v. Aspen Skiing Co., LLC, 2007 U.S. Dist. LEXIS 45472 at *2 (N.D. Ill. June 20, 2007) (only non-party witnesses are relevant to this inquiry). Still further, Plaintiff will agree to depose all witnesses in the location where they reside, so any alleged disruption to Newegg's business is clearly minimal, and is certainly outweighed by the inconvenience to Plaintiff's business that would be caused by transfer of this action to California while the Best Buy Action proceeds in Illinois (see Exhibit A, Sacco Decl. at ¶ 9-13).

EXHIBIT___2_____
PAGE____18____

Newegg's request for transfer under § 1404(a) should be denied.

### 4.    Newegg's Argument for Transfer Under § 1406 is Frivolous

The § 1406 transfer request fails for the same reasons discussed with respect to § 1404 above. In addition § 1406 requires a finding that venue is improper in the Northern District of Illinois – something not even raised in Newegg's motion. Venue is clearly proper because, as alleged in Plaintiff's Complaint, Newegg has committed acts of infringement in Illinois (Complaint at ¶ 5). Newegg is the "second largest" online retailer in the U.S. and ships its products to Illinois customers (see e.g., Exhibit B). Newegg promotes its infringing website in Illinois, including a car giveaway to a Chicago customer (Exhibit C). Discovery would show additional contacts that Newegg has with Illinois and Plaintiff requests the same if any consideration is given to Newegg's unsupported venue argument. Newegg's reliance on § 1406 is misplaced.

### IV.    THIS COURT SHOULD NOT STAY A DECISION ON NEWEGG'S MOTION TO TRANSFER

Newegg repeatedly states that this Court should defer to the California Court to determine which action should proceed (Doc. 16, p. 4-5, 7-8). However, Newegg's California action has not yet been served on 21 srl, so its "motion to enjoin" is not even properly before the California Court, and the motion is not noticed to be heard until February 22, 2010 in any event (see Exhibit A, Sacco Decl. at ¶ 19; Exhibit D, California docket). In addition to the procedural deficiencies of filing a motion in an action that has not yet been served on the Defendant, the California Court has *sua sponte* noted other deficiencies in Newegg's motion that could result in its being stricken (Id.).

10

EXHIBIT  2
PAGE  19

Moreover, Newegg cites to District Court cases from other jurisdictions to support its position, but ignores the controlling decisions from this Court rejecting the same arguments made by Newegg here:

> Nokia argues that the [first filed] Texas court should make the determination of which case should proceed. Given the posture of this case, however, this Court has the authority to deny the motion to stay. "Federal district courts have the inherent power to administer their docket so as to conserve scarce judicial resources." *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 628 (7th Cir. 1995).

MLR, 2003 U.S. Dist. LEXIS 2827 at *7. As with the case before Judge St. Eve, the earlier filed Best Buy Action is already pending in the Northern District of Illinois and will proceed regardless of the outcome of Newegg's procedural maneuvering. It is *this* Court which should decide how best to administer its own docket for judicial efficiency, and there is no requirement to defer to a motion improperly filed in California (which will not even be heard until late February 2010, at the earliest).

## V.    CONCLUSION

For the reasons stated, Plaintiff respectfully requests that Newegg's motion to transfer or stay be denied.

Respectfully submitted,

                    /s/ Raymond P. Niro, Jr.
Raymond P. Niro
Raymond P. Niro, Jr.
Brian E. Haan
Anna B. Folgers
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Fax: (312) 236 3137
rniro@nshn.com; rnirojr@nshn.com;
bhaan@nshn.com; afolgers@nshn.com

Attorneys for Plaintiff, 21 srl

11

EXHIBIT  2
PAGE   20

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2009, I caused the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER OR STAY to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record:

Christopher s. Griesmeyer
Elizabeth B. Vandesteeg
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602
Telephone: (312) 346-8380
Facsimile: (312) 346-8434
cgriesmeyer@lplegal.com
evandesteeg@lplegal.com

Attorneys for Defendant, Newegg Inc.

I further certify that the foregoing was served upon the following non-CM/ECF participants via electronic transmission:

| | |
|---|---|
| Justin N. Stewart<br>ZARIAN MIDGLEY & JOHNSON PLLC<br>University Plaza<br>960 Broadway Ave., Ste. 250<br>Boise, Idaho 83706<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>stewart@zarianmidgley.com<br><br>Attorneys for Defendant, Newegg Inc. | |

_____/s/ Raymond P. Niro, Jr._____
Attorney for Plaintiff

EXHIBIT 2
PAGE 21