# Exhibit 1



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 21 srl, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-cv-3667 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ENABLE HOLDINGS, INC.; | ) | |
| UBID, INC.; BEST BUY CO., INC.; and | ) | |
| LOWE'S HOME CENTERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, 21 srl ("Plaintiff"), initiated this action for patent infringement against five separate defendants on June 18, 2009. On October 20, 2009, Plaintiff brought a separate action in this district against Newegg, Inc. ("Newegg"), alleging infringement of the same patent. That case was assigned to Judge Holderman. Plaintiff now moves to reassign the later-filed case, No. 09-cv-6590 (the "*Newegg* litigation"), pursuant to Local Rule 40.4. Newegg, who is not a party to the instant litigation, opposes the motion. For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff owns United States Patent Number 7,340,451 (the "'451 patent"). On June 18, 2009, Plaintiff filed a "Complaint for Patent Infringement," alleging that five separate defendants infringed and continue to infringe "at least claim 13 of the '451 patent by knowingly and actively inducing others to infringe, contributing to the

EXHIBIT \_\_\_/\_\_\_
PAGE \_\_\_3\_\_\_

infringement of others and/or aiding and abetting users' direct infringement" through the use of defendants' respective websites and the websites of others.

On March 4, 2009, Plaintiff sent a letter to Newegg for the purpose of "offering Newegg a license" to use the '451 patent. Having received no response, Plaintiff sent a follow-up letter on April 7, 2009. Newegg responded on April 16, 2009, and stated that it was reviewing Plaintiff's claims and would get back to Plaintiff within a few weeks. That was Newegg's first and only response. On September 17, 2009, Plaintiff sent another letter, informing Newegg of the instant litigation and stating it was "important" that Newegg respond to the letter in light of the fact that October 9, 2009, was the deadline to add new parties to this pending suit. On October 8, 2009, Newegg brought an action in the Central District of California, seeking a declaratory judgment that the '451 patent is invalid.

On October 20, 2009, Plaintiff filed another complaint in this district, alleging that Newegg infringed and continues to infringe "at least claim 13 of the '451 patent by knowingly and actively inducing others to infringe, contributing to the infringement of others and/or aiding and abetting users' direct infringement" through the use of Newegg's website and the websites of others.

On November 10, 2009, Newegg filed a motion with Judge Snyder in the Central District of California to enjoin the *Newegg* litigation pending before Judge Holderman. (*See* Case No. 2:09-cv-7322, Docket No. 6 (C.D. Cal. Nov. 10, 2009).) That same day, Newegg filed a motion with Judge Holderman to transfer or stay the *Newegg* litigation pending resolution of the declaratory-judgment action in the Central District of

2

EXHIBIT___l____
PAGE___4.____

California. (*See* Case No. 9 CV 6590, Docket No. 14 (N.D. Ill. Nov. 10, 2009).) On

November 12, 2009, Plaintiff brought the instant motion for reassignment.

### LEGAL STANDARD

In the Northern District of Illinois, cases are assigned to district judges at random.

*See* LR 40.1. Local Rule 40.4 provides a means of reassigning a case to a judge before

whom an earlier-filed, related case is pending. The party moving for reassignment must

show that the cases are related and that reassignment would promote efficient use of

judicial resources. *See Global Patent Holdings, LLC v. Green Bay Packers*, No. 00 C

4623, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008) (*Global Patent*).

"Two or more civil cases may be related if one or more of the following

conditions are met: (1) the cases involve the same property; (2) the cases involve some

of the same issues of fact or law; (3) the cases grow out of the same transaction or

occurrence; or (4) in class action suits, one or more of the classes involved in the cases is

or are the same." LR 40.4(a).

If a case is found to be related to an earlier-filed case, it may be reassigned to the

calendar of another judge if *each* of the following criteria are met:

(1)    both cases are pending in this Court;

(2)    the handling of both cases by the same judge is likely to result in a
       substantial saving of judicial time and effort;

(3)    the earlier case has not progressed to the point where designating a
       later filed case as related would be likely to delay the proceedings
       in the earlier case substantially; and

(4)    the cases are susceptible of disposition in a single proceeding.

LR 40.4(b).

EXHIBIT____1____
PAGE____5____

## ANALYSIS

Newegg does not dispute that the two cases at issue are related under Local Rule 40.4(a). Nor can it. Both suits allege infringement of the same claim of the same patent under similar theories of vicarious liability. Instead, Newegg argues that reassignment would not be appropriate under Local Rule 40.4(b) based on Newegg's position that the declaratory-judgment action in California should be given precedence over any Northern District of Illinois litigation between Plaintiff and Newegg.

A related case can only be reassigned if Plaintiff can show that *each* of the four criteria set forth in Local Rule 40.4(b) are satisfied. The first criterion is obviously satisfied, as both cases are currently pending in this district. The parties dispute the remaining three criteria.

Regarding the second criterion, the Court agrees with Plaintiff that reassignment would save judicial resources with respect to claim construction, adjudication of common discovery disputes, and adjudication of issues relating to validity and other defenses common among Newegg and the defendants to the instant action. Patent cases often require a significant investment of the Court's time due to the potentially complicated nature of the subject matter underlying the litigation. When the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases. Furthermore, reassignment would save judicial time and effort by avoiding potentially inconsistent rulings with regard to claim construction as well as with regard to invalidity and

4

EXHIBIT____1____
PAGE____6____

infringement issues that may arise in the context of motions for summary judgment. *See*
*Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill.
Nov. 25, 2002) (*Fairbanks*) (acknowledging criticism by Seventh Circuit for decision
that allowed multiple cases involving similar legal issues "to proceed along different
tracks before different judges, resulting in numerous and disparate decisions, as well as
multiple appeals"). Plaintiff has demonstrated that the handling of both cases by the
same judge is likely to result in a substantial saving of judicial time and effort.

Regarding the third criterion, the Court agrees with Plaintiff that no substantial
delay will be imposed by reassigning the *Newegg* litigation to this Court's calendar. The
litigation currently before this Court is still in the early stages. All parties have answered
Plaintiff's Complaint. The deadlines for serving initial infringement, non-infringement,
and invalidity contentions have passed, as has the deadline for Plaintiff to serve its initial
responses to invalidity contentions. The next Court-imposed deadline is
February 16, 2010, which is when final infringement contentions are due. A claim-
construction hearing is scheduled for August 9, 2010. Discovery does not close until
February 11, 2011; and trial is not scheduled to begin until June 20, 2011. Plaintiff has
represented that, as of November 12, 2009, when it filed its motion, no documents have
been produced by any party and no depositions have been taken.

For its part, Plaintiff represents that "[a]dding Newegg to this action will not
cause any delay at all, much less the 'substantial delay' contemplated by Local Rule
40.4" (Pl. Reply at 4.) Although this litigation is more advanced than the *Newegg*
litigation – Newegg has yet to answer Plaintiff's complaint – this litigation is is still in the

5

EXHIBIT___1___
PAGE___7___

early stages. Some delay may be necessary to get Newegg on track with the other defendants in this action, but any such delay would hardly be "substantial."

The fourth criterion can be satisfied where "both actions involve *prima facie* fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or at trial." *See Global Patent*, 2008 WL 1848142, at *4. The merits of the instant action and the *Newegg* litigation are plainly susceptible of disposition in a single proceeding. Both suits involve the same claim of the same patent and similar allegations of infringement. Issues likely to be raised at claim construction, summary judgment, and trial are likely to be shared by all defendants.

Newegg devotes most of its brief in opposition to Plaintiff's motion for reassignment to arguing that the *Newegg* litigation should be transferred to the Central District of California or stayed pending disposition of that earlier-filed declaratory-judgment action. Newegg bases that argument on the so-called first-to-file rule, which creates a presumption in favor of allowing a first-filed declaratory judgment action to proceed to disposition before a subsequently filed infringement action may be heard. *See Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) ("The first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.") (citation and internal quotation marks omitted). Based on its apparent confidence in its motions to terminate the *Newegg* litigation in favor of the litigation pending in the

6

EXHIBIT___1____
PAGE____6____

Central District of California, Newegg argues that the *Newegg* litigation thus cannot be susceptible of disposition in a single proceeding with the instant litigation.

Newegg's contention is premature and not relevant to the question currently before this Court, which is whether reassigning the *Newegg* litigation pending before Judge Holderman to the calendar of this Court would promote efficient use of judicial resources based on the above-discussed criteria. On that limited question, reassignment of the case before Judge Holderman to this Court is appropriate.

Local Rule 40.4 "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Global Patent*, 2008 WL 1848142. The resources of this district are better served by reassigning the *Newegg* litigation to the calendar of this Court and moving Plaintiff's claims against all defendants forward on a single track.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Reassignment Pursuant to Local Rule 40.4 is granted.

Date: *December 9, 2009*

JOHN W. DARRAH
United States District Court Judge

7

EXHIBIT 1
PAGE 9

# Exhibit 2

  
Order Form (01/2005)     Case 1:09-cv-03667     Document 83     Filed 12/09/2009     Page 1 of 1     

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3667 | **DATE** | 12/9/2009 |
| **CASE TITLE** | 21 srl vs. Enable Holdings, Inc., et. al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to reassign case 09 C 6590 is granted [76]. Enter Memorandum Opinion and Order, Status hearing held and continued to 1/28/10 at 9:00 a.m. for ruling on defendant's motion to transfer [14] pending in 09 C 6590, 21 srl v. Newegg Inc.

■ [ For further detail see separate order(s).]

00:10

| | Courtroom Deputy Initials: | MF |
|---|---|---|

2009 DEC -9 AM II:35

09C3667 21 srl vs. Enable Holdings, Inc., et.al.

**EXHIBIT** 2    Page 1 of 1
**PAGE** 10