John N. Zarian (SBN 145080)
Brook B. Bond (SBN 144815)
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-Mail: zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA 91745
Telephone: (626) 271-9700, x. 22032
Facsimile: (626) 271-9483
E-Mail: Mira.S.Wolff@newegg.com

Attorneys for Plaintiff
NEWEGG INC.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>21 SRL, a foreign corporation,<br><br>Defendant. | Case No. CV-09-7322 CAS (AJWx)<br><br>*Honorable Christina A. Snyder*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION TO ENJOIN**<br><br>**HEARING: JANUARY 4, 2010<br>10:00 AM**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//

1

Plaintiff NEWEGG INC. (hereafter "Plaintiff" or "Newegg"), by and through its counsel, respectfully submits this Opposition to Defendant's Motion to Strike Plaintiff's Motion to Enjoin. With this paper, Newegg submits a Declaration of Brook B. Bond in Support of Motion to Enjoin.

## INTRODUCTION

This Court has jurisdiction to enjoin 21srl from prosecuting Newegg in 21srl's later-filed action alleging infringement of U.S. Patent No. 7,340,451 (the '451 patent). 21srl's attorneys have received copies of the summons, complaint, and motion to enjoin. Further, Newegg commissioned the translation and service of the summons and complaint under the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (hereafter the "Hague Convention"). By not authorizing its U.S. attorneys to accept service, 21srl has attempted to delay these proceedings. Nevertheless, this Court has jurisdiction to enjoin 21srl in the present case.

An injunction is proper because Newegg filed the present declaratory judgment action nearly two weeks before 21srl filed its complaint against Newegg. Newegg filed the present action in its home jurisdiction. In contrast, 21srl engaged in forum shopping by filing its complaint in Illinois, a state where 21srl has no offices, employees, officers, or customers. Contrary to 21srl's assertions, the Illinois court has deferred any decision on the "first-to-file" issue until after the hearing in this Court on Newegg's motion to enjoin. The fact that 21srl filed a separate lawsuit against other defendants in Illinois in June 2009 is irrelevant because Newegg is not a party to that lawsuit.

## ARGUMENT

I. **This Court Has Jurisdiction To Enjoin 21srl.**

A. <u>Because Counsel for 21srl Refused To Accept Service, Newegg Has Been Forced to Effect Service in Italy Through the Time-Consuming Procedures of the Hague Convention.</u>

On October 9, 2009, Newegg sent a copy of the summons and complaint to 21srl's attorney in the United States, asking whether he would accept service on behalf of 21srl. *See* Declaration of John N. Zarian dated November 10, 2009 (hereafter the "Zarian Dec."), Ex. 1. Ten days later, 21srl's attorney responded by email that 21srl had not authorized him to accept service. *See* Zarian Dec., Ex. 3.

By not authorizing its U.S. attorney to accept service on its behalf, 21srl forced Newegg to serve the summons and complaint under the expensive and time-consuming procedures of the Hague Convention. To Newegg's knowledge, 21srl has no employees or officers in the United States and has not appointed an agent in the United States. It is undisputed that 21srl is an Italian company. Italy is a party to the Hague Convention. *See* Declaration of Brook B. Bond in Support of Motion to Enjoin, dated December 21, 2009 (hereafter the "Bond Dec."), Ex. 1. Accordingly, Newegg is required to follow the procedures of the Hague Convention to effect service on 21srl. Fed. R. Civ. P. 4(f)(1); *see also Gidding v. Anderson*, 2008 WL 4065814, at *4 (N.D. Cal. Aug. 27, 2008)(holding that plaintiff must comply with the service provisions of the Hague Convention in order to serve foreign defendant with process).

Under Article 5 of the Hague Convention, Italy requires documents to be translated into Italian and to be submitted to the Italian Central Authority for service.[1] *See* Bond Dec., Ex. 1; *see also Gidding,* 2008 WL 4065814, at *4

---

[1] Indeed, 21srl's arguments regarding judicial economy are undermined by 21srl's refusal to authorize its U.S. counsel to accept service. By not authorizing its U.S. counsel to accept service, 21srl forced Newegg to pay over $2,500 to commission APS International to translate and serve

(holding that the plaintiff's attempts to personally serve the foreign defendant without notifying the Central Authority of the foreign government were improper). The Italian Central Authority does not permit private attorneys or individuals to effect service. *Id.*

To comply with the above requirements, Newegg hired APS International, a company specializing in international service of process, to translate and serve the summons and complaint on 21srl under the Hague Convention. *See* Bond Dec., Ex. 2. On December 16, 2009, APS International completed the translation of the summons and complaint (including exhibits) into Italian. *Id.* Also on December 16, 2009, APS International forwarded the translated documents to the Italian Central Authority for service on 21srl. *Id.* According to APS International, the Italian Central Authority "usually effect[s] service pursuant to international treaty law in six to eight weeks, and another four to six weeks are usually required for the Proof of Service to be completed, sealed, and returned to the United States." *Id.* As of the filing of this paper, the Italian Central Authority has not yet served the summons and complaint on 21srl. *Id.*

B. <u>This Court Has Jurisdiction To Enjoin 21srl.</u>

21srl's attorneys in the United States have copies of the summons, complaint, and motion to enjoin. In addition, Newegg commissioned personal service under the Hague Convention. Further, Newegg mailed the motion to enjoin and the translated summons and complaint to 21srl in Italy. Under the present circumstances, this Court has jurisdiction to grant Newegg's motion to enjoin.

---

the summons and complaint under the Hague Convention. This procedure is costly for Newegg and time consuming for the Italian Central Authority. If 21srl was sincere in its desire to conserve resources and achieve judicial economy, 21srl would have authorized its U.S. attorneys to accept service.

In special circumstances, a court may enjoin a party prior to service of a complaint. *See, e.g., NORML v. Mullen*, 608 F. Supp. 945, 950, fn. 5 (N.D. Cal. 1985) ("Owing to the peculiar function of the preliminary injunction, it is not necessary that the pleadings be perfected, or even that a complaint be filed, before the order issues."); *Sterling Television Presentations, Inc. v. Shintron Co., Inc.*, 454 F. Supp. 183, 191 (S.D.N.Y. 1978)(The lack of service where foreign defendant appeared specially to contest jurisdiction "was not a bar to [the court's] consideration of the order to show cause.").

In the present case, special circumstances warrant an injunction against 21srl. It is undisputed that 21srl hired attorneys in the United States to enforce its alleged rights under a U.S. patent (i.e., U.S. Patent No. 7,340,451). 21srl began its enforcement campaign by sending letters threatening litigation to companies across the United States. *See* Declaration of Mira S. Wolff dated November 9, 2009 (hereafter the "Wolff Dec."), Exs. 1-3. Next, 21srl filed an infringement action in the Northern District of Illinois against multiple defendants (i.e., Enable Holdings, uBid, Best Buy, and Lowe's) on June 18, 2009 (hereafter the "Enable Holdings action"). Notably, 21srl has no meaningful contacts (i.e., no employees, no officers, no facilities, no customers, etc.) in Illinois.

When it filed the Enable Holdings action, 21srl knew of its alleged claims against Newegg but chose not to name Newegg as a defendant. *See* Wolff Dec., Exs. 1-2. Newegg never engaged in settlement discussions with 21srl. *See* Wolff Dec., Exs. 1-3. Nevertheless, 21srl chose not to amend its complaint in the Enable Holdings action to add Newegg.

Newegg next filed the present declaratory judgment action against 21srl on October 8, 2009 in this Court – Newegg's home jurisdiction. *See* Wolff Dec. ¶¶ 5-6. The next day, Newegg sent a copy of the summons and complaint to 21srl's U.S. attorney requesting him to accept service on behalf of 21srl. Zarian Dec., Ex. 2.

Instead of promptly responding, 21srl's attorney began preparing a complaint for patent infringement against Newegg. 21srl filed its complaint against Newegg in the Northern District of Illinois on October 20, nearly two weeks after Newegg filed the present action. On October 19, 21srl's attorney advised Newegg that he was not authorized to accept service. *See* Bond Dec., Ex. 3. This effectively forced Newegg to initiate service under the time-consuming procedures of the Hague Convention.

Apparently, 21srl hopes that delaying the proceedings in this case by contesting service will improve its chances of circumventing the "first-to-file" rule and dragging Newegg into court in the Northern District of Illinois. 21srl should not be permitted to succeed in this plan. As between 21srl and Newegg, Newegg was plainly the first to file. Further, 21srl – not Newegg – has engaged in forum shopping. 21srl should not be permitted to benefit from its foreign status to delay service, to contest the jurisdiction of this Court, and to circumvent the "first-to-file" rule.

## II. 21srl Engaged in Forum-Shopping and Should Not be Permitted to Circumvent the First-to-File Rule.

### A. The Northern District of Illinois Has Deferred Ruling on the First-to-File Issue.

21srl states that the court in Illinois "has already substantially addressed" the "first-to-file" and other jurisdictional contentions of Newegg. *See* 21srl's Opposition of Specially Appearing Defendant 21srl to Plaintiff's Motion to Enjoin, p. 5. This statement is a gross mischaracterization. The *only* issue that Judge Darrah addressed is whether 21srl's infringement action should be reassigned from one judge (Judge Holderman) to another judge (Judge Darrah) in the Northern District of Illinois.

In his order, Judge Darrah *only* decided that reassignment was proper under the local rules of the Northern District of Illinois. Judge Darrah expressly declined to rule on whether 21srl's infringement action should be stayed pursuant to the "first-to-file" rule. *See* Bond Dec., Ex. 3, p. 6. Specifically, Judge Darrah observed that Newegg opposed the motion for reassignment on the grounds that the "first to file" rule required transfer or stay of 21srl's action against Newegg and thereby rendered 21srl's actions in Illinois unsuitable for disposition in a single proceeding. *Id.* With respect to Newegg's argument, Judge Darrah stated:

> Newegg's contention is premature and not relevant to the question currently before this Court, which is whether reassigning the Newegg litigation pending before Judge Holderman to the calendar of this Court would promote efficient use of judicial resources based on the above-discussed criteria. On that limited question, reassignment of the case before Judge Holderman to this court is appropriate.

*Id.* Thus, in granting 21srl's motion for reassignment, Judge Darrah expressly declined to address whether the "first-to-file" rule warranted transfer or stay of 21srl's action against Newegg. *Id.*

Judge Darrah apparently recognized that, as a matter of comity, this Court – not the Northern District of Illinois – should decide whether the "first-to-file" rule applies. *See, e.g., DaimlerChrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042-43 (N.D. Ohio 2001); *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993) ("[T]he first-to-file rule gives the first-filed court the responsibility to determine which case should proceed. . . . This Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role.") (citations omitted).

Recognizing that it is the province of this Court to decide whether the first-to-file rule applies, Judge Darrah set the hearing for Newegg's motion to transfer or stay filed in Illinois for February 4, 2010 – after the hearing on Newegg's motion to enjoin in this case. *See* Bond Dec., Ex. 4.

B.  <u>21srl's Reliance on the Enable Holdings Action is Misplaced.</u>

21srl attempts to defeat Newegg's motion by relying on the fact that 21srl sued other defendants in a separate action in Illinois in June 2009 (i.e., the Enable Holdings action). This fact is irrelevant. Newegg is not a party to the Enable Holdings action. Further, 21srl had several months to add Newegg to the Enable Holdings action but chose not to do so. Although 21srl's action against Newegg has been reassigned to Judge Darrah, 21srl's action against Newegg has <u>not</u> been consolidated with the Enable Holdings action. Therefore, 21srl's reliance on the Enable Holdings action is misplaced.

C.  <u>21srl Has No Excuse for Its Delay in Suing Newegg.</u>

21srl filed in this Court a Declaration of David Caplan, which included a copy of 21srl's Opposition to Newegg's motion to transfer or stay filed in the Illinois action. In that opposition, 21srl seeks to excuse its delay in suing Newegg. In particular, 21srl alleges that the delay was due to settlement discussions between 21srl and Newegg. 21srl's allegation is baseless. Newegg never engaged in settlement discussions with 21srl.

From March to September 2009, 21srl sent multiple letters to Newegg threatening litigation based on the '451 patent. Wolff Dec. ¶¶ 8-10, Ex 1-3. Newegg's only response was a letter stating: "We are now reviewing your letters and the claims being made and will get back to you in the next few weeks." Wolff Dec., Ex. 2-3. Newegg sent this letter to 21srl on April 16, 2009 – approximately six months before the deadline for 21srl to amend its complaint in the Enable Holdings case. Newegg provided no other response to 21srl. Newegg never

negotiated with 21srl. Newegg never discussed any license with 21srl. In short, Newegg never engaged in any settlement discussions with 21srl. Thus, 21srl's allegation that it was "strung along" by "settlement discussions" with Newegg is completely baseless.

In the opposition submitted with David Caplan's declaration, 21srl cites *MLR v. U.S. Robotics* in an attempt to avoid the "first-to-file" rule. *See MLR v. U.S. Robotics*, 2003 WL 685504 (N.D. Ill. February 26, 2003). The *MLR* decision, however, does not apply in this case because 21srl and Newegg never engaged in settlement discussions. In *MLR*, the court excused the plaintiff's delay in suing defendant because the parties were engaged in meaningful settlement negotiations. *Id.* at *1. In particular, the court found that, in the course of settlement negotiations, the defendant "requested additional information regarding the patent at issue, information 'about the pending lawsuits and status' and a face to face meeting with [the plaintiff's] attorneys 'for a meaningful discussion.'" *Id.* at *1. The court further found that the plaintiff sued defendant "only when settlement negotiations broke down." *Id.* at *1.

In contrast to the parties in *MLR*, Newegg never engaged in any settlement discussions with 21srl. As noted above, 21srl sent multiple letters to Newegg threatening litigation. Newegg's only response was a letter stating that Newegg was reviewing 21srl's letters and claim. *See* Wolff Dec., Ex. 2-3. This letter was sent approximately six months before the deadline for 21srl to amend its complaint in that action. Unlike the defendant in *MLR*, Newegg never requested additional information from 21srl, never requested a meeting to discuss settlement, and never even discussed a license with 21srl. In short, Newegg never engaged in any settlement discussions with 21srl. Therefore, unlike the plaintiff in *MLR*, 21srl has no excuse for its delay in suing Newegg.

## CONCLUSION

For the foregoing reasons, Newegg respectfully requests that the Court enjoin 21srl and its counsel from prosecuting any later-filed suits against Newegg for infringement of the '451 patent. Alternatively, if the Court wishes to await proof of personal service under the Hague Convention, Newegg respectfully requests a continuance of the hearing on this motion to enjoin.

DATED: DECEMBER 21, 2009

ZARIAN MIDGLEY & JOHNSON PLLC

_/s/ Brook B. Bond_
Brook B. Bond

Attorneys for Plaintiff
NEWEGG INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of December, 2009, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Brook B. Bond*
Brook B. Bond