EXHIBIT 1

# Italy Judicial Assistance

**Disclaimer**: The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign counsel. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

Summary

Service of Process

Obtaining Evidence Summary

Taking Depositions of Willing Witnesses

Consular Fees for Depositions

Scheduling Depositions

Videotape Equipment

Transcripts

Travel to Italy and Host Country Clearance

Compulsion of Evidence

Criminal Matters

Defense Requests in Criminal Matters

Authentication of Documents

Enforcement of Judgments

Lists of Attorneys in Italy

U.S. Embassy Address and Contact Information

Links

Selected Bibliography

**Summary:** Judicial assistance between the United States and Italy is governed by the Vienna Convention on Consular Relations (VCCR), 21 UST 77, TIAS 6820, 596 U.N.T.S. 261 and the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, 20 UST 361; the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters; and the bilateral Mutual Legal Assistance in Criminal Matters Treaty ( Sen. Ex. 98-25, Exec. Rept. 98-36, 98 th Cong., 2d Sess.) to which the United States and Italy are parties.

**Service of Process:** Italy is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. Persons requesting service of process of U.S. documents in Italy should transmit the USM-94 form or the new interactive Service Convention form available from the Hague Conference web page. The request form should be completed in duplicate and submitted with two sets of the documents, including translations, to be served directly to the Italian Central Authority, L 'Ufficio Unico Degli Ufficiali Giudiziari, Presso la Corte D'Appello di Roma, Viale Giulio Cesare, 52, 00192 Rome, Italy, Tel. 011-39-06-328367521. The person executing the request form should be either an attorney

or clerk of court. The applicant should include attorney at law or clerk of court title on the identity and address of applicant and signature/stamp fields. The Italian Central Authority has informed the Hague Conference for Private International Law that all documents forwarded to them for service under the provisions of the Convention must be in duplicate and must be written in or translated into Italian. See Italy's declaration regarding costs associated with service of process in Italy under the Convention. The Italian Central Authority has informed the Hague Conference for Private International Law that only judicial officers working for the Italian courts may serve documents in Italy (Article 10 (b and c)). Private attorneys or individuals are not authorized to effect service in Italy. International service of process by registered mail is allowed in Italy, but this method will only record delivery to an address and not to a person. For general guidance about how to transmit requests for service of process, see our Hague Service Convention feature. See Italy's response (in French) to the 2003 Questionnaire in preparation for the Special Commission on the Practical Operation of the Hague Service Convention and the new edition of the Practical Handbook on the Operation of the Hague Service Convention.

U.S. consular officers are permitted to serve criminal subpoenas on U.S. citizens and U.S. Lawful Permanent Residents abroad pursuant to 22 CFR 92.86, when specifically authorized by the Department of State.

See also our Service Under the Foreign Sovereign Immunities Act (FSIA) feature and FSIA Checklist for questions about service on a foreign state, agency or instrumentality.

**Obtaining Evidence (Overview):** Italy is a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. Information regarding the Italian Central Authority under the Convention is available on the Hague Conference on Private International Law web page. Italy's declarations regarding the Convention are also available on the Hague Conference page.

**Taking Depositions of Willing Witnesses**: Voluntary depositions may be taken of willing witnesses. Such depositions may be taken on notice or pursuant to a commission or court order before any Consular Officer of the United States. **Consular involvement is optional for all depositions.** Consular depositions may be conducted in certain cases governed by Articles 15 through 18 of the Convention. Article 15 permits a Consular Officer of the United States to take the voluntary testimony of a U.S. citizen in Italy. Article 16 pertains to the voluntary testimony of an Italian or third country national. Either a Consular Officer or a commissioner (for example, a private American attorney) appointed by the American court may take the testimony of a witness of any nationality without compulsion. The U.S. consular officer abroad or commissioner (through local counsel) would have to secure the permission of the Court of Appeals with jurisdiction over the deponent in the case of non - U.S. citizens and arrange for someone authorized under Italian law to administer oaths to do so. No prior permission is required for the depositions of American citizens. Another procedure available to litigants under the Convention (Art. 17) permits a commissioner (for example, a private American attorney) appointed by the American court to take the testimony of a witness of any nationality without compulsion. For the voluntary depositions of non-U.S. citizens, the commissioner must first arrange through local counsel for permission of the Court of Appeals in Italy having jurisdiction over the deponent and arrange for someone authorized under Italian law to administer oaths to do so. Such a commissioner may also apply to the Court of Appeals for the power to compel testimony, if necessary (Art. 18).

If taken on notice, the notice must state the time, place for taking the deposition and the name and address of each person to be examined. If description sufficient to identify the person or group to which the person belongs (e.g. "Custodian of records of Jones, Inc"). Reasonable written notice must be given to the person from whom the deposition will be taken by the party or attorney proposing to take the deposition with a copy of the opposing party or attorney of record.

A commission is a written authority issued by a court, giving permission to take the testimony of witnesses who cannot appear personally to be examined in the court or body issuing the commission. A commission or notice requesting that a United States consular officer take a deposition should be addressed to "any consul or vice consul of the United States of America at (American Embassy, Rome, Italy or the appropriate U.S. consulate (specify)."

Whenever a party to a judicial proceeding in the United States wishes to have a consular officer preside at the taking of a deposition, the following information should be requested:

A) Counsel's full name, address, telephone number and email address;

B) A brief description of the nature of the case and the purpose of the deposition;

C) Full name and address of the persons to be deposed;

D) Whether the persons are willing to be deposed;

E) Suggested dates for taking the deposition or a period within which the deposition should be taken;

F) Whether the deposition will be on oral or based on written questions;

G) Whether a stenographer will be necessary; if so, the requesting party should be advised that it is their responsibility to inform the stenographer of the deposition arrangements;

H) Number of people attending the deposition;

I) Whether the consular officer be requested to preside at the entire proceedings or can he/she withdraw, subject to recall, after administering the appropriate oath(s);

J) Who will be responsible for payment of costs incurred?

**Consular Fees for Depositions** : Current consular judicial assistance services fees are set forth in 22 CFR 22.1. The current fees include:

22 CFR 22.1 Schedule of Fees item 52 a – **Scheduling/arranging appointments for depositions (per daily appointment)** - $475.00. This is a non-refundable fee.

22 CFR 22.1 Schedule of Fees item 52 b – **Attending or executing commissions to take testimony** (per hour thereof) - $265.00. If the consular officer administers the oaths and withdraws, subject to recall, at least one hour is charged pursuant to item 52b.

22 CFR 22.1 Schedule of Fees item 52 c – **Swearing in witnesses for telephone depositions - $265.00.**

22 CFR 22.1 Schedule of Fees item 52 d – **Supervising telephone depositions (per hour or part thereof over the first hour** - $265.00.

22 CFR 22.1 Schedule of Fees item 52 e – **Providing seal and certification of depositions** - $70.00.

In addition, actual costs for mailing transcripts must be furnished.

No fees are charged for depositions at the request of U.S., state or local government officials (22 CFR 22.1 Schedule of Fees item 53(a) or at the request of parties that have been found to be indigent by the court (22 CFR 22.1 Schedule of Fees item 53(b).

**Scheduling Depositions** : If the deposition is to be conducted before a U.S. consular officer, American attorneys should make all necessary arrangements with the Embassy in Rome or the appropriate U.S. consulate. It is the responsibility of the attorney to arrange for witness attendance. The consular section can provide resource information regarding court reporters and/or interpreters should they be required. It is the requesting counsel's responsibility to make arrangements with witnesses regarding travel fees, witness fees, etc.

**Videotape Equipment :** If counsel intends to utilize videotape equipment for the purpose of recording the deposition, please note that special customs clearances must be obtained from appropriate Italian customs authorities before such equipment can be taken into Italy. Without clearances, the equipment may be confiscated. American equipment may need special adapters to function on Italian electrical currents.

**Transcripts and Other Records of the Deposition** : Completed transcripts and related documents are sent via registered mail to the court in which the action is pending, or to requesting counsel unless the action is a federal criminal case, in which case, the documents are returned to the Department of State for onward transmission.

**Travel to Italy For Judicial Assistance Activities**: Before traveling to Italy for judicial assistance related activities, see the Country Specific Information and any applicable Travel Alerts or Travel Warnings. It is also recommended that U.S. travelers register with the U.S. Embassy using our on-line registration system. If a

U.S. federal, state or local official will be performing judicial assistance activities (taking depositions, interviewing witnesses, meeting with Italian officials about a case or reviewing documents, etc.), he/she will need to obtain host country clearance in advance of travel. Contact the Office of Policy Review and Inter-Agency Liaison, Directorate of Overseas Citizens (ASKPRI@state.gov) for further assistance.

**Compulsion of Evidence In Civil and Commercial Matters**: Compulsion of evidence in a civil or commercial matter from an unwilling witness must be taken before an Italian court and generally may be requested pursuant to a letter of request transmitted from the court in the United States to the Italian Central Authority under the Hague Evidence Convention: Ministero Degli Affari Esteri, Direzione Generale Emigrazione, Ufficio IX, 00194 Rome, Italy, 011-39-06-36-91-29-36. The Hague Evidence Convention provides a "Model Letter of Request" which should be transmitted, in duplicate, directly from the court in the United States seeking assistance to the foreign Central Authority. The request should include any specific procedures desired by the requesting court, such as verbatim transcripts. This procedure is completely under the control of the Italian judiciary. If you wish to attend the hearing, you include a statement to this effect in your Letter of Request. Specify that you be notified of date, time, and place. If you desire, you may also request permission to appear before the court to ask additional questions. The court is under no obligation to allow your active participation in the hearing. If such permission is granted, the questions would normally be asked through the magistrate. The Italian Central Authority has advised the Hague Conference on Private International Law that requests for compulsion of evidence under the provisions of the Convention must be submitted in duplicate and must be written in or translated into the Italian language. The Italian Central Authority has informed the Hague Conference for Private International Law that it will not grant requests for pre-trial discovery of documents (Article 23).

**Criminal Matters**: U.S. federal or state prosecutors should also contact the Office of International Affairs, Criminal Division, Department of Justice at (202) 514-0015 for guidance about the U.S. – Italy bilateral Mutual Legal Assistance in Criminal Matters treaty of November 13, 1985 ( Sen. Ex. 98-25, Exec. Rept. 98-36, 98 th Cong., 2d Sess.).

**Defense Requests in Criminal Matters** : The U.S. Department of State expects criminal defendants, or their defense counsel, who wish to request judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters to make such requests pursuant to letters rogatory in accordance with Article 5(j) of the VCCR. See our general guidance on preparation of letters rogatory. Defense requests for compulsion of evidence in criminal matters may be prepared in the form of a letter rogatory transmitted via diplomatic channels. Letters rogatory for compulsion of evidence should be transmitted to the U.S. Department of State, Bureau of Consular Affairs, Overseas Citizens Services, Office of American Citizens Services and Crisis Management, European Division, CA/OCS/ACS/EUR. Mailing address: SA-29, 4 th Floor, 2201 C Street N.W., Washington, D.C. 20520. Courier service address: 2100 Pennsylvania Avenue N.W., Washington, D.C. 20037. **Fees**: The consular fee for letters rogatory is set forth in 22 CFR 22.1. The current fee provided in 22 CFR 22.1 Schedule of Fees item 51 is $735.00 which should be furnished in the form of a certified or corporate check payable to the U.S. Embassy. No fees are charged for letters rogatory at the request of U.S., state or local government officials or at the request of parties who have been found to be indigent by a court..

**Authentication of Documents: Italy is a party** to the Hague Convention Abolishing the Requirement for Legalization of Foreign Public Documents. See the Italian authority competent to issue apostille certificates under the Convention on the Hague Conference on Private International Law web page. For information about authentication of documents see our web page notarial and authentication feature. See also the U.S. Department of State Authentications Office webpage. Additional guidance for consular officers about authentication of documents is available at 7 Foreign Affairs Manual 870.

**Enforcement of Judgments:** There is no treaty in force between the United States and any country on the reciprocal enforcement of judgments in general.

**Lists of Attorneys in Italy**: See the U.S. Embassy in Italy List of Attorneys. See also Retaining a Foreign Attorney.

**ADDRESS AND CONTACT INFORMATION FOR THE AMERICAN EMBASSY IN ROME AND U.S. CONSULATES:**

The U.S. Embassy is located at Via V. Veneto 119/A, tel: 39-06-46741 and fax: 39-06-4674-2217; Internet address: http://italy.usembassy.gov.

**The U.S. Consulates are located in:**

**Florence:** Lungarno Amerigo Vespucci 38, tel: 39-055-266-951, consular fax: 399-055-215-550;

**Milan:** Via Principe Amedeo 2/10, tel: 39-02-290-351, and fax: 39-02-290-35-273;

**Naples:** Piazza della Repubblica, tel: 39-081-583-8111, and consular fax: 39-081-583-8275.

**Links**

**U.S. Government Links**

Intercountry Adoption - Italy

Library of Congress Guide to Law Online – Italy

Italy Background Notes

World Fact Book - Italy

**NGO Links**

European Judicial Network in Civil and Commercial Matters - Italy

European Judicial Network Civil and Commercial Matters - Italy Service of Process

European Judicial Network Civil and Commercial Matters – Taking of Evidence and Mode of Proof - Italy

**Italy Links**

Corte di Appello di Roma

Uffici Giudiziari Del Distretto

**Selected Bibliography**

Del Duca, An Italian Federalism? - The State, its Institutions and National Culture as Rule of Law Guarantor, 54 Am. J. Comp. L. 799 (2006).

Dreyfuss, The Italian Law On Strict Products Liability, 17 N.Y.L. Sch. J. Int'l & Comp. L. 37 (1997).

Timoteo, Italy: Some Recent Judicial Interpretations Of Family Law, 33 U. of Louisville J. of Fam. L. 409 (1995).

Bisconti, Reform of the Professional Law in Italy, 14 Int'l Legal Prac. 55 (1989).

Gori-Montanelli Botwinik, International Judicial Assistance - Italy, 9 Int'l L. 717 (1975).