UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7322 CAS (AJWx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | NEWEGG, INC. v. 21 SRL | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul D. Pierson | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** (In Chambers): **PLAINTIFF'S MOTION TO ENJOIN 21 SRL IN LATER-FILED ACTION** (filed 11/10/09)

(In Chambers): **SPECIAL & LIMITED APPEARANCE & MOTION TO STRIKE PLAINTIFF'S MOTION TO ENJOIN** (filed 12/10/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of January 4, 2010, is hereby vacated and the matter is hereby taken under submission.

**I.     INTRODUCTION AND BACKGROUND**

On October 8, 2009, plaintiff Newegg Inc. ("Newegg") filed suit in this Court against defendant 21 SRL, alleging claims for: (1) declaratory judgment of non-infringement of 21 SRL's patent, No. 7,340,451 ("the '451 patent"); and (2) declaratory judgment of invalidity of the '451 patent for failing to comply with the requirements of 35 U.S.C. § 101 et seq.

Newegg is an e-commerce company offering online products to consumers, and 21 SRL is the owner of the '451 patent at issue. The '451 patent is described as "a method for retrieving items from electronic catalogs, for applications such as electronic commerce or electronic auctions." In the instant action, Newegg alleges that its e-commerce website does not directly or indirectly infringe on the '451 patent, and that the '451 patent is invalid.

On October 20, 2009, 21 SRL filed an action in the Northern District of Illinois, <u>21</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7322 CAS (AJWx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | NEWEGG, INC. v. 21 SRL | | |

SRL v. Newegg Inc., No. 09-cv-6590 ("the Illinois action"), against Newegg, alleging that Newegg is infringing on its '451 patent.

On November 10, 2009, Newegg filed the instant motion to enjoin 21 SRL from prosecuting the Illinois action. On December 14, 2009, 21 SRL, by special appearance, filed an opposition thereto. A reply was filed on December 21, 2009.

On December 10, 2009, 21 SRL, by special appearance, filed a motion to strike plaintiff's motion to enjoin. On December 21, 2009, plaintiff filed an opposition thereto. Although 21 SRL has styled this motion as a "special and limited appearance and motion to strike plaintiff's motion to enjoin," the Court deems the motion to be a special appearance made in opposition to plaintiff's motion.

After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems. Inc. v. Medtronic. Inc., 678 F.2d 93, 94-95 (9th Cir. 1982); see Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). Under the first-to-file rule, a district court may transfer, stay or dismiss an action when a similar action has been filed in another district court. Id. at 625-26. "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. . . . The 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology of Calif, v. United States Dep't of Army, 611 F.2d 738, 749-50 (9th Cir. 1979) (citations omitted). When deciding whether to apply the first-to-file rule, the court must look at three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. Alltrade, 946 F.2d at 625-26.

## III. DISCUSSION

Newegg asserts that the day after filing this action, it sent by email a courtesy copy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7322 CAS (AJWx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | NEWEGG, INC. v. 21 SRL | | |

of the summons and complaint to 21 SRL's counsel in Chicago, asking whether counsel would accept service on behalf of 21 SRL. Mot. at 1 (citing Zarian Decl.). Newegg further asserts that ten days later, 21 SRL's counsel responded that they were not authorized to accept service, but then the very next day the same counsel filed the Illinois action. Id.

Newegg argues that both actions involve the same parties and the same issues regarding whether Newegg infringed on the '451 patent, and thus that the first-to-file rule presumptively applies. Id. at 6 (citing Novo Nordisk of N. Am., Inc. v. Genentech, Inc., 874 F. Supp. 630, 632 (S.D. N.Y. 1995) ("Generally, there is a strong presumption in favor of the forum of the first filed suit.")). Newegg further argues that this Court is the proper forum to consider the application of the first-to-file rule. Id. at 7 (citing Daimler Chrysler Corp. v. Gen. Motors Corp., 133 F. Supp. 2d 1041, 1042-43 (N.D. Ohio 2001); Texas Instruments Inc. v. Micron Semiconductor, Inc., 815 F. Supp. 994, 999 (E.D. Tex. 1993)).

Newegg contends that no exceptions apply here to negate the first-to-file rule. Id. (citing Novo Nordisk, 874 F. Supp at 632 ("It is well settled law in this Circuit that the first filed suit may not be transferred or stayed in favor of the second filed action unless there are special circumstances. Generally, there is a strong presumption in favor of the first filed suit.")). First, Newegg asserts that Newegg is headquartered within the Central District of California, and so cannot be considered to have engaged in forum shopping. Id. at 8 (citing Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1082 (C.D. Cal. 1990)). Second, Newegg asserts that the customer exception does not apply here, because it has no application to the facts of this case. Id. (citing Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (holding that the customer exception exists "where the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods.")). Third, Newegg asserts that convenience of the parties weighs in favor of proceeding in this Court, because Newegg's principal place of business is in California its potential witnesses work and reside in California, and evidence that may be presented by Newegg is located in California, while 21 SRL and the inventor from whom 21 SRL allegedly purchased the '451 patent appear to be based in Italy. Id. at 8-9. Newegg asserts that both forums would be equally convenient for 21 SRL, but California would be much more convenient for Newegg. Id. at 9. Newegg contends that when a plaintiff chooses to litigate in a forum other than its home forum, its choice is accorded little weight. Id. at 10

...

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7322 CAS (AJWx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | NEWEGG, INC. v. 21 SRL | | |

(citing Allstar Marketing Group, LLC v. Your Store Online, LLC, 2009 WL 3156558, at *14 (C.D. Cal. 2009)). Newegg asserts that neither party has any colorable relationships with the Northern District of Illinois, while the Central District of California has a relatively strong interest in resolving the controversy. Id. at 10-11.

     21 SRL responds that because the summons and complaint in this action have not been served upon 21 SRL, a foreign corporation located in Asti, Italy, this Court does not have jurisdiction over it. Opp'n at 3 (citing Geiche v. City and County of San Francisco, 2009 U.S. Dist. LEXIS 62895, at *23 (N.D. Cal. Jul. 1, 2009) quoting Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988)). Moreover, 21 SRL argues that actual knowledge and notice of a lawsuit are not sufficient to confer jurisdiction. Id. (citing Geiche, 2009 U.S. Dist. LEXIS 62895, at *23; Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Worrell v. B.F. Goodrich Co., 845 F.2d 840, 841 (9th Cir. 1989) (holding that service fails unless defendant returns the acknowledgment form)). 21 SRL further argues that Newegg has not even properly served its motion to enjoin. Id. at 4.

     21 SRL further argues that Newegg failed to apprise the Court of an earlier filed case between 21 SRL and Best Buy, Enable Holdings, uBid, and Lowe's Home Centers (the "Best Buy Action"), which was filed on June 18, 2009. Id. 21 SRL argues that this action involves the same allegations of infringement of the same '451 patent at issue, and that in that case Judge John W. Darrah recently granted 21 SRL's motion to reassign to his calendar the pending action against Newegg in the Northern District of Illinois. Id. 21 SRL further contends that the Illinois court has already substantially addressed the issues raised by Newegg in this motion, including Newegg's first-to-file argument. Id. at 5-6.

     Newegg replies that by not authorizing its United States attorney to accept service on its behalf, 21 SRL forced Newegg to serve the summons and complaint under the expensive and time consuming procedures of the Hague Convention, because 21 SRL has no employees or officers in the United States and has not appointed an agent in the United States. Reply at 3 (citing Fed. R. Civ. P. 4(f)(1); Gidding v. Anderson, 2008 WL 4065814, at *4 (N.D. Cal. Aug. 27, 2008) (holding that plaintiff must comply with the service provisions of the Hague Convention in order to serve foreign defendant with process)). Newegg asserts that under the Hague Convention, Italy requires documents to be translated into Italian and then submitted to the Italian Central Authority for service,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7322 CAS (AJWx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | NEWEGG, INC. v. 21 SRL | | |

and that the Italian Central Authority has not yet served the summons and complaint on 21 SRL. Id. at 3-4.

    Newegg further replies that in this case, special circumstances warrant an injunction against 21 SRL, because 21 SRL hired attorneys in the United States to enforce its alleged rights under a U.S. patent; began an enforcement campaign by sending letters threatening litigation to companies across the United States; and filed an infringement action in the Northern District of Illinois against multiple defendants. Id. at 5 (citing NORML v. Mullen, 608 F. Supp. 945, 950, fn. 5 (N.D. Cal. 1985)). Newegg contends that when 21 SRL filed the Best Buy Action, 21 SRL knew of its alleged claims against Newegg but chose not to name Newegg as a defendant. Id.

    Newegg further replies that thus far Judge Darrah has only addressed whether 21 SRL's infringement action should be reassigned from one judge to another judge in the Northern District of Illinois, but did not address other issues including whether the Illinois action should be stayed pursuant to the first-to-file rule. Id. at 6-7. Newegg argues that Judge Darrah set the hearing for Newegg's motion to transfer or stay for February 4, 2010. Id. at 8. Newegg argues that 21 SRL has no excuse for its delay in suing Newegg, and that the parties never engaged in settlement negotiations. Id. Newegg asserts that if the Court wishes to await proof of personal service under the Hague Convention, Newegg respectfully requests a continuance of the hearing on this motion to enjoin.

    The Court finds that the case filed by Newegg in this Court is the first-filed case. See Alltrade, 946 F.2d at 625-26. In its opposition, defendant has not demonstrated that any exception to the first-filed rule applies here. See id. Insofar as Newegg seeks to enjoin 21 SRL from prosecuting the later-filed action in the Northern District of Illinois, the Court DENIES the motion without prejudice in light of the fact that at this stage Court lacks jurisdiction over 21 SRL, which has yet to be served with process pursuant to the Hague Convention. See Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). The Court finds unpersuasive Newegg's argument that it should exercise jurisdiction over 21 SRL because 21 SRL is requiring that it be served in accordance with the Hague Convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7322 CAS (AJWx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | NEWEGG, INC. v. 21 SRL | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court finds that Newegg's action in this Court is the first-filed case. However, the Court DENIES Newegg's motion to enjoin without prejudice in light of the fact that at this stage Court lacks jurisdiction over 21 SRL.

IT IS SO ORDERED.

Initials of Preparer     PDP