David K. Caplan (Bar. No. 181174)
dcaplan@kmwlaw.com
Christian C. Dowell (Bar No. 241973)
cdowell@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Defendant
21 SRL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NEWEGG, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>21 SRL,<br><br>　　　　Defendant. | Case No.: 2:09-cv-07322-CAS-AJW<br><br>**DEFENDANT 21 SRL'S MEMORNDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:　　March 1, 2010<br>Time:　　10:00 am<br>　　　　　Hon. Christina A. Snyder |

## I. INTRODUCTION

For the reasons set forth below, defendant 21 SRL ("21 srl") respectfully requests that the Court exercise its discretion and dismiss this declaratory judgment action, allowing the companion case between 21 SRL and plaintiff NEWEGG, INC. ("Newegg") to proceed in the Northern District of Illinois along with the previously filed, related case pending in that District between 21 SRL and Best Buy, et al. (the "Best Buy Action").

## II. FACTUAL BACKGROUND

On March 4, 2009, 21 srl's counsel sent Newegg a letter in which it notified Newegg of 21 srl's United States Patent No. 7,340,451 B2, informed Newegg of its potential liability for inducing or contributing to the infringement of the '451 patent and the existence of pending litigation in the Northern District of Illinois against other alleged infringers of that patent (<u>21 srl v. CDW</u>, Case No. 08-cv-7350 (N.D. Ill.), and offered to negotiate the terms of an appropriate license agreement. (Dkt. 6-2, Decl. of Mira Wolff, filed on November 10, 2009, Exh. 1). On April 7, 2009, 21 srl's counsel sent Newegg a follow-up letter regarding this infringement. (<u>Id.</u>, Exh. 2.) On April 16, Newegg's counsel, Ms. Wolff, responded to 21 srl's letters and stated: "We are now reviewing your letters and the claims being made and will get back to you in the next few weeks." (Declaration of David Caplan in support of 21 srl's Motion to Dismiss, filed concurrently herewith, Exh. A).

On June 18, 2009, 21 srl filed a complaint against Best Buy, Enable Holdings, uBid, and Loew's Home Centers, in the Northern District of Illinois. <u>21 srl v. Best Buy</u>, Case No. 09-cv-3667 (N.D. Ill 2009) (hereinafter the "Best Buy Action"). In the Best Buy action, 21 srl alleged that the defendants had infringed the same claim of the '451 patent. Based on Newegg's statement that it was reviewing the claims 21 srl had made regarding Newegg's infringement of the '451 patent, 21 srl did not include

Newegg as a defendant. However, on September 10, 2009, after 21 srl had not heard back from Newegg as Newegg's counsel had promised, 21 srl's counsel sent Newegg a third letter in which it informed Newegg of the pending Best Buy Action, and the existing October 9, 2009, deadline to amend the pleadings in that action. (Dkt. 6-2, Exh. 3).

Anticipating the forthcoming filing in Illinois, on October 8, 2009, Newegg filed its complaint in this case, in which it seeks a declaratory judgment of non-infringement. [Dkt. 1].

On October 20, 2009, 21 srl filed its complaint against Newegg in which it alleges infringement of the same patent as at issue in the Best Buy action, the earlier CDW action, and as had been referenced in the letters to Newegg. 21 srl v. Newegg, Inc., Case No. 09-cv-6590 (N.D. Ill) (the "Newegg Illinois Action").

On November 10, 2009, Newegg filed a motion to transfer the Newegg Illinois Action to this court. That motion has been fully briefed, and is set for hearing and decision on February 4, 2010.

On December 9, 2009, Judge Darrah of the Norther District of Illinois granted 21 srl's motion to reassign to his calendar the pending action against Newegg (N.D. Ill. (Dkt. 14, Suppl. Decl. of David Caplan, filed on December 11, 2009, Exh. 1.)

### III. ARGUMENT

Pursuant to 28 U.S.C. § 2201, this Court has the discretion to decline to hear the declaratory judgment action filed by Newegg in this District. FMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996); see also AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1151 (9th Cir. 2007) (recognizing that abstention to avoid concurrent, duplicative litigation is available in limited circumstances, such as when the requested relief in federal court is a declaratory judgment).

In Serco Services Co. L.P. v. L.P. Kelley Co., 51 F.3d 1037 (Fed. Cir. 1995), the Federal Circuit held that dismissal of an earlier-filed declaratory judgment action

in favor of a related infringement case was proper. In that case, Serco received a letter from Kelley alleging that Serco's product infringed the claims of Kelley's patent. Id. at 1037-38. Serco responded with a letter stating its non-infringement position. Id. at 1038. Kelley responded several months later accusing Serco of infringement and stating that "unless you confirm to us by September 20, 1993 that Serco [will cease its infringing activities], Kelley will commence a law suit." Id. On September 17, 1993, Serco brought a declaratory judgment action against Kelley in the Northern District of Texas. Id. On September 20, 1993, Kelley brought suit against Serco for patent infringement in the Eastern District of Wisconsin. Id.

The Texas district court granted Kelley's motion to dismiss, stating that the anticipatory nature of the declaratory judgment action, coupled with convenience factors, merited dismissal of the declaratory judgment action. Id. In affirming the judgment of the district court, the Federal Circuit stated that (1) there is no absolute right to a declaratory judgment; (2) whether to dismiss or transfer a first-filed declaratory judgment action in favor of a later-filed infringement suit is left to the district court's discretion; and (3) the district court's consideration the possibility of consolidation with related litigation and the anticipatory nature of the declaratory judgment action supported its dismissal. Id. at 1038-40.

The facts here are almost indistinguishable from those in Serco. As in Serco, the plaintiff responded to a demand letter by filing a declaratory relief action in the plaintiff's jurisdiction. As in Serco, the filing was clearly anticipatory. Indeed, Plaintiff's complaint was filed on October 8, 2009, shortly after receipt of the letter from 21srl's counsel which identified the Best Buy Action, and **one day** before the deadline for adding parties to the Best Buy action (a deadline which had been explicitly referred to by 21 srl). (Dkt. 6-2, Exh. 3). In fact, the only procedural difference, which makes the case for dismissal in this case even stronger than that in Serco, is that the Best Buy Action was filed months prior to this action.

Although this Court has indicated that Newegg's declaratory judgment case is technically first-filed, one major exception to this rule involves considerations of judicial economy and preventing the possibility of inconsistent results. That issue has already been litigated between the parties between 21 srl and Newegg in the Northern District of Illinois. In recognizing the overlap between the Newegg action and the Best Buy action (which will be proceeding in Illinois regardless of the outcome of Newegg's procedural jousting), Judge Darrah of the Northern District of Illinois considered Newegg's opposition but held:

> The Court agrees with Plaintiff that reassignment would save judicial resources with respect to claim construction, adjudication of common discovery disputes, and adjudication of issues relating to validity and other defenses common among Newegg and the defendants to the instant [Best Buy] action. Patent cases often require a significant investment of the Court's time due to the potentially complicated nature of the subject matter underlying the litigation. When the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, **it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases. Furthermore, reassignment would save judicial time and effort by avoiding potentially inconsistent rulings with regard to claim construction as well as with regard to invalidity and infringement issues that may arise in the context of motions for summary judgment.** *See Fairbanks Capital Corp. v. Jenkins,* No. 02C3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (*Fairbanks*) (acknowledge criticism by Seventh Circuit for decision that allowed multiple cases involving similar legal issues "to proceed along different tracks before different judges, resulting in numerous and

disparate decisions, as well as multiple appeals"). **Plaintiff has demonstrated that the handling of both cases by the same judge is likely to result in a substantial saving judicial time and effort.**
(Dkt. 14, Suppl. Decl. of David Caplan, filed on December 11, 2009, Exh. 1, emphasis added).

These considerations trump any first-to-file arguments, as found in numerous cases. See K-Swiss Inc. v. Puma AG Rudolf Dassler Sport, 2009 U.S. Dist. LEXIS 64723 at *7-8 (C.D. Cal. Jul. 9, 2009) (dismissing declaratory judgment action because "when, as here, a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action brought by the true plaintiff in the dispute to proceed to judgment rather than the first."); see also Charles Schwab & Co., Inc. v. Duffy, 1998 U.S. Dist. LEXIS 19606 (N.D. Cal. Dec. 8, 1998) (exercising discretion and declining to hear a case filed under Declaratory Judgments Act because it would reward a race to the courthouse); Aurora Corp. of America v. Fellowes, Inc., 2008 U.S. Dist. LEXIS 24518 at *3 (C.D. Cal. Feb. 27, 2008) ("the first-filed rule is not intended to create a race to the courthouse"; transferring patent case to the Northern District of Illinois); MLR v. U.S. Robotics, 2003 U.S. Dist. LEXIS 2827 at *6 (N.D. Ill. Feb. 25, 2003); Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc., 23 F.Supp.2d 906, 909 (N.D. Ill. 1998) (declining to exercise jurisdiction over declaratory judgment claims); Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC, 447 F.Supp.2d 930, 941 (W.D. Wis. 2006).

Here, there is only way to avoid having two judges do the work of one and avoid "potentially inconsistent rulings." That is for this Court to dismiss Newegg's declaratory judgment case in favor of the Illinois actions. If this Court were to deny 21 srl's motion to dismiss, and agree to consider Newegg's claim that it had not infringed the '451 patent, the Best Buy Action which is examining the same claim of the same patent, will still proceed. Instead of having a single judge, Judge Darrah,

examining the patent infringement claim, there will be two judges examining that same patent. Because avoiding this unnecessary and inefficient result is a well recognized exception to the first-to-file rule, 21 srl respectfully requests that this Court exercise its broad discretion and dismiss Newegg's declaratory judgment action.

### IV. CONCLUSION

For the foregoing reasons, 21 srl respectfully requests that this Court enter an Order dismissing Newegg's action against 21 srl.

Dated: January 29, 2010

By: _____/s/_____
David K. Caplan
Keats McFarland & Wilson LLP
Attorney for Defendant 21 SRL

- 6 -