1  David K. Caplan (Bar. No. 181174)
   dcaplan@kmwlaw.com
2  Christian C. Dowell (Bar No. 241973)
   cdowell@kmwlaw.com
3  KEATS McFARLAND & WILSON LLP
   9720 Wilshire Boulevard
4  Penthouse Suite
   Beverly Hills, California  90212
5  Telephone:  (310) 248-3830
   Facsimile:  (310) 860-0363
6
   Attorneys for Defendant
7  21 srl

8
                  UNITED STATES DISTRICT COURT
9
                CENTRAL DISTRICT OF CALIFORNIA
10
                      WESTERN DIVISION
11

| NEWEGG, INC., | Case No.: 2:09-cv-07322-CAS-AJW |
|---|---|
| Plaintiff, | **DEFENDANT 21 SRL'S OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN** |
| v. | |
| 21 SRL, | Date:     March 1, 2010 |
| Defendant. | Time:    10:00 am |
| | Hon. Christina A. Snyder |

21  ///

23  ///

25  ///

27  ///

28

## I.    INTRODUCTION

Plaintiff Newegg, Inc.'s ("Newegg") previous motion to enjoin was denied, without prejudice, because it was filed prior to service of the Complaint.  Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).

Newegg's renewed motion to enjoin should now be denied with prejudice.  The key exception to the first-to-file rule (which was not previously considered or addressed by the Court) is the consideration of judicial economy and avoiding the possibility of inconsistent results.  If this Court enjoins the suit filed by 21 srl against Newegg in Illinois, and does not dismiss this case, a patent infringement action brought by 21 srl against Best Buy and others will nonetheless move forward on its current path.  Furthermore, with respect to Newegg's challenge to the validity of 21 srl's '451 patent, this Court's decision may conflict with the previously filed, related Best Buy action.  That is, if this Court grants Newegg's motion to dismiss, judicial economy will be hampered, not fostered.   This is an especially troublesome development, in light of the undeniable fact that Newegg filed this case in clear anticipation of being named as a defendant in the Best Buy action.   21 srl respectfully requests that the Court exercise its discretion and dismiss this declaratory judgment action, allowing the companion case between 21 srl and Newegg to proceed in the Northern District of Illinois along with the previously filed, related case pending in that district between 21 srl and Best Buy, et al.

## II.    FACTUAL BACKGROUND

On March 4, 2009, 21 srl's counsel sent Newegg a letter in which it notified Newegg of 21 srl's United States Patent No. 7,340,451 B2, informed Newegg of its potential liability for inducing or contributing to the infringement of the '451 patent and the existence of pending litigation in the Northern District of Illinois against other alleged infringers of that patent (21 srl v. CDW, Case No. 08-cv-7350 (N.D. Ill.), and offered to negotiate the terms of an appropriate license agreement.  (Dkt. 6-2, Exh. 1).

1    On April 7, 2009, 21 srl's counsel sent Newegg a follow-up letter regarding this

2 infringement. (Id., Exh. 2.) On April 16, Newegg's counsel, Ms. Wolff, responded to

3 21 srl's letters and stated: "We are now reviewing your letters and the claims being

4 made and will get back to you in the next few weeks." (Dkt. 21-2, Exh. 1).

5      On June 18, 2009, 21 srl filed a complaint against Best Buy, Enable Holdings,

6 uBid, and Lowe's Home Centers, in the Northern District of Illinois. 21 srl v. Best

7 Buy, Case No. 09-cv-3667 (N.D. Ill. 2009) (hereinafter the "Best Buy Action"). In the

8 Best Buy action, 21 srl alleged that the defendants had infringed claim the same claim

9 of the '451 patent. Based on Newegg's statement that it was reviewing the claims 21

10 srl had made regarding Newegg's infringement of the '451 patent, 21 srl did not

11 include Newegg as a defendant. However, on September 10, 2009, after 21 srl had

12 not heard back from Newegg as it had promised, 21 srl's counsel sent Newegg a third

13 letter in which it informed Newegg of the pending Best Buy Action, and the existing

14 October 9, 2009, deadline to amend the pleadings in that action. (Dkt. 6-2, Exh. 3).

15      Anticipating being named as a defendant in the Illinois litigation, on October 8,

16 2009, Newegg filed its complaint in this case, in which it seeks a declaratory

17 judgment of non-infringement. (Dkt. 1).

18      On October 20, 2009, 21 srl filed its complaint against Newegg in which it

19 alleges infringement of the same patent as at issue in the Best Buy action, the earlier

20 CDW action, and as had been referenced in the letters to Newegg. 21 srl v. Newegg,

21 Inc., Case No. 09-cv-6590 (N.D. Ill.) (the "Newegg Illinois Action").

22      On November 10, 2009, Newegg filed a motion to transfer the Newegg Illinois

23 Action to this court. That motion has been fully briefed, and is now set for hearing on

24 March 4, 2010.

25      On December 9, 2009, Judge Darrah of the Northern District of Illinois granted

26 21 srl's motion to reassign to his calendar the pending action against Newegg (N.D.

27 Ill. (Dkt. 14, Exh. 1.).

28

### III.   ARGUMENT

Pursuant to 28 U.S.C. § 2201, this Court has the discretion to decline to hear the declaratory judgment action filed by Newegg in this District.  Computer Assoc. Int'l v. Altai, Inc., 893F.2d 26, 29 (2nd Cir. 1990) ("the decision whether to enjoin the prosecution of litigation subsequently commenced in another district court is a matter resting in the discretion of the court."); FMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996); see also AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1151 (9th Cir. 2007) (recognizing that abstention to avoid concurrent, duplicative litigation is available in limited circumstances, such as when the requested relief in federal court is a declaratory judgment); Serco Services Co. L.P. v. L.P. Kelley Co., 51 F.3d 1037, 1038-1040 (Fed. Cir. 1995) (the district court's consideration of the possibility of consolidation with related litigation and the anticipatory nature of the declaratory judgment action supported its dismissal).

### 1.  This Case is an Exception to The First to File Rule.

Although this Court has indicated that Newegg's declaratory judgment case is technically first-filed, one major exception to this rule involves considerations of judicial economy and preventing the possibility of inconsistent results.  In recognizing the overlap between the Newegg action and the Best Buy action (which will be proceeding in Illinois regardless of the outcome of Newegg's procedural jousting), Judge Darrah of the Northern District of Illinois considered Newegg's opposition  but held:

> The Court agrees with Plaintiff that reassignment would save judicial resources with respect to claim construction, adjudication of common discovery disputes, and adjudication of issues relating to validity and other defenses common among Newegg and the defendants to the instant [Best Buy] action.  Patent cases often require a significant investment of the Court's time due to the potentially complicated nature of the subject

matter underlying the litigation. When the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, **it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases. Furthermore, reassignment would save judicial time and effort by avoiding potentially inconsistent rulings with regard to claim construction as well as with regard to invalidity and infringement issues that may arise in the context of motions for summary judgment.** *See Fairbanks Capital Corp. v. Jenkins,* No. 02C3930, 2002 WL 31655277, at \*2 (N.D. Ill. Nov. 25, 2002) (*Fairbanks*) (acknowledge criticism by Seventh Circuit for decision that allowed multiple cases involving similar legal issues "to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals"). **Plaintiff has demonstrated that the handling of both cases by the same judge is likely to result in a substantial saving judicial time and effort.**

(Dkt. 14, Exh. 1, emphasis added).

These considerations trump any first-to-file arguments, as found in numerous cases. See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628 (9th Cir. 1991) ("We recognize that 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.' The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping."); K-Swiss Inc. v. Puma AG Rudolf Dassler Sport, 2009 U.S. Dist. LEXIS 64723 at \*7-8 (C.D. Cal. Jul. 9, 2009) (dismissing declaratory judgment action because "when, as here, a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action brought

by the true plaintiff in the dispute to proceed to judgment rather than the first."); see also Charles Schwab & Co., Inc. v. Duffy, 1998 U.S. Dist. LEXIS 19606 (N.D. Cal. Dec. 8, 1998) (exercising discretion and declining to hear a case filed under Declaratory Judgments Act because it would reward a race to the courthouse); Aurora Corp. of America v. Fellowes, Inc., 2008 U.S. Dist. LEXIS 24518 at *3 (C.D. Cal. Feb. 27, 2008) ("the first-filed rule is not intended to create a race to the courthouse"; transferring patent case to the Northern District of Illinois); MLR v. U.S. Robotics, 2003 U.S. Dist. LEXIS 2827 at *6 (N.D. Ill. Feb. 25, 2003); Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc., 23 F.Supp.2d 906, 909 (N.D. Ill. 1998) (declining to exercise jurisdiction over declaratory judgment claims); Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC, 447 F.Supp.2d 930, 941 (W.D. Wis. 2006).

**2. If This Court Enjoins 21 srl, There May Still be a Conflicting Ruling Issued as to The Validity of The 21 srl Patent.**

Here, as Judge Darrah already recognized, there is only one way to avoid having two judges do the work of one and avoid "potentially inconsistent rulings." That is for this Court to deny the motion to enjoin and to dismiss Newegg's declaratory judgment case in favor of the Illinois actions. If this Court agreed to consider Newegg's claim that it had not infringed the '451 patent and determine whether the '451 patent is invalid, the Best Buy Action which is examining the same claims of the same patent, will still proceed. The result will be the potential for inconsistent opinions as to the validity of the '451 patent. Instead of having a single judge, Judge Darrah, examining the patent infringement claim as Judge Darrah is already doing, there will be two judges examining that same patent, which is as Judge Darrah recognized, a waste of judicial resources. The Supreme Court has noted that

> Wise judicial administration, giving regard to conservation of judicial
> resources and comprehensive disposition of litigation, does not counsel

1
2
3
4
5

rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.

6
7
8
9
10
11
12

Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84, 96 L. Ed. 200, 72 S. Ct. 219 (1952).  In the interest of avoiding conflicting district court rulings and because avoiding unnecessary and inefficient use of judicial resources is also a well recognized exception to the first-to-file rule, 21 srl respectfully requests that this Court exercise its broad discretion and deny Newegg's motion to enjoin.  A denial of Newegg's motion is the only way to conserve judicial resources and avoid the possibility of inconsistent results.

13

### III.    CONCLUSION

14
15

For the foregoing reasons, 21 srl respectfully requests that this Court deny Newegg's motion to enjoin and dismiss Newegg's action against 21 srl.

16
17
18

Dated:  February 8, 2010              By:_____/s/_____
David K. Caplan
Keats McFarland & Wilson LLP
Attorney for Defendant 21 srl

19
20
21
22
23
24
25
26
27
28