John N. Zarian (SBN 145080)
Brook B. Bond (SBN 144815)
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
E-Mail:  zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA  91745
Telephone:  (626) 271-9700, x. 22032
Facsimile:  (626) 271-9483
E-Mail:  Mira.S.Wolff@newegg.com

Attorneys for Plaintiff
NEWEGG INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>       v.<br><br>21 sr1, a foreign corporation,<br><br>     Defendant. | Case No. CV-09-7322 CAS (AJWx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: March 1, 2010<br>Time: 10:00 a.m.<br>Honorable Christina A. Snyder<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//

Plaintiff's Opposition to Defendant's Motion to Dismiss      i

1

**TABLE OF CONTENTS**

I.   INTRODUCTION AND OVERVIEW ................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ........................................2

III. DISCUSSION ....................................................................................................4

    A.   The Same Arguments Now Being Made by 21 srl Have
        Been Previously Considered and Rejected By This Court. .......................4

    B.   The First-To-File Rule Applies to This Action Without Exception. ..........6

    C.   The Authority Cited by 21 srl Actually Establishes That
        This Case (and Not the Later-Filed Case in Illinois) Should Proceed........7

        1.   The Court's "Discretion" to Dismiss is Circumscribed. .................7

        2.   The *Serco* Case Relied Upon by 21 srl is Unavailing. ....................8

        3.   The Other Cases Cited By 21 srl Are Distinguishable. ...................9

    D.   21 srl Has Mischaracterized Judge Darrah's Comments;
        In Fact, He Declined to Address Whether Transfer was Appropriate......12

    E.   This Action, Not The Later-Filed Illinois Case, Should Proceed.............13

IV. CONCLUSION..................................................................................................14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    ## I.     INTRODUCTION AND OVERVIEW

2        Newegg filed this action against 21 srl ("Defendant" or "21 srl") in the

3    United States District Court for the Central District of California, on October 8,

4    2009, seeking a declaration that U.S. Patent No. 7,340,451 ("the `451 patent") is

5    invalid and not infringed.  The following morning, by email, Newegg sent a

6    courtesy copy of the summons and complaint to 21 srl's litigation counsel in

7    Chicago, asking whether counsel would accept service on behalf of 21 srl.  Ten

8    days later, 21 srl's counsel sent an email representing they were not authorized to

9    accept service.

10        The very next day after refusing to accept service, the same litigation counsel

11   for 21 srl filed an action in the Northern District of Illinois against Newegg,

12   accusing Newegg of infringing the `451 patent.  21 srl's action was filed in Illinois

13   nearly *two weeks* after Newegg's filing of the present action in California.

14   Moreover, 21 srl's complaint filed in the Illinois action raised issues *identical* to

15   those raised in Newegg's complaint filed in this earlier-filed California action.

16        On November 10, 2009, Newegg asked this Court to enjoin 21 srl from

17   prosecuting its later-filed suit in Illinois.  In opposition, 21 srl attempted to

18   persuade this Court that purported exceptions to the First-to-File Rule favored the

19   later-filed case in Illinois.  This Court declined to issue the injunction (without

20   prejudice) because service had not yet been completed on 21 srl in Italy.[1]  However,

21   this Court rejected 21 srl's arguments and specifically noted that the instant suit

22   was the first-filed case and no exceptions applied.

23

24

---

25   [1]   Newegg has since completed service of process upon 21 srl in Italy, under the
     Hague Convention, and Newegg has also filed a *renewed* Motion to Enjoin. (Dkt.
26   24-2.)

27       Newegg's Motion to Enjoin is set to be heard on the same date and at the same
     time as 21srl's Motion to Dismiss, which is the subject of this opposition.
28

---

Plaintiff's Opposition to Defendant's Motion to Dismiss                    1

Now, despite the Court's prior ruling, 21 srl has filed a Motion to Dismiss on the very same issues previously decided by this Court. The motion does not raise any new issues; rather, it relies on the same, previously rejected arguments.

Newegg submits that this Court's prior ruling that this is the first-filed case was entirely correct. None of the cases cited in the Motion to Dismiss support the extraordinary relief (summary dismissal) sought by 21 srl, and there are no circumstances that would warrant deviation from the First-to-File Rule in this case.

Accordingly, for the reasons discussed below, this action — and not the later-filed action in the Northern District of Illinois – should proceed.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In a letter dated March 4, 2009, Defendant accused Newegg of infringing the `451 patent by actively inducing users of its website to browse and retrieve information in a certain way. (*See* Dkt. 6-2, Declaration of Mira S. Wolff, Exh. 1.) In that letter, Defendant suggested Newegg could abate its alleged "infringement" of the `451 patent by negotiating a license agreement and paying royalties. (*Id*.)

Defendant sent two subsequent letters regarding the alleged infringement by Newegg – on April 7 and again on September 17, 2009. (*Id*. at Exhs. 2 and 3.) In the April 7 letter, Defendant stated that if Newegg had an interest in "resolving this matter amicably," it was required to respond immediately. (*Id*.) In the September 17 letter, Defendant trumpeted the fact that it had already sued several other (entirely unrelated) companies in pending litigation, and suggested that it was "important" Newegg respond quickly or it would be sued in Illinois. (*Id*.) [2]

Having endured seven months of repeated threats by 21 srl without any actual suit being filed, Newegg filed suit against 21 srl on October 8, 2009, in *this* judicial district, where Newegg resides and maintains its corporate headquarters,

---

[2]  *21 srl v. Best Buy, et al.*, Case No. 09-cv-3667 (N.D. Ill. 2009).

and where Newegg maintains a majority of its physical hardware, routing devices, web applications, systems and servers. (*See* Dkt. 6-2, at ¶ 11.) [3]

The following morning, by email, Newegg sent a courtesy copy of the summons and complaint to Defendant's litigation counsel in Chicago, asking whether counsel would accept service on behalf of 21 srl. (Dkt. 6-6, Declaration of John N. Zarian filed on November 10, 2009, ("Zarian Decl."), Exh. 2.)

*Ten days later*, 21 srl's counsel finally responded to the foregoing email by stating that they were not authorized to accept service. (Zarian Decl., Exh. 3.)

On October 20, the very next day after refusing to accept service, the same litigation counsel for 21 srl filed a new complaint in the Northern District of Illinois against Newegg (in which Newegg was the only defendant), accusing Newegg of infringing the `451 patent. (Zarian Decl., Exh. 1.) 21 srl's new complaint against Newegg was filed nearly *two weeks* after Newegg initiated its first-filed action in the Central District of California. Moreover, 21 srl's complaint in the Northern District of Illinois raised issues *identical* to those raised in Newegg's instant, earlier-filed suit in this district. (*Id*.)

On November 10, 2009, Newegg filed a motion in this Court seeking to enjoin 21 srl from prosecuting its later-filed suit in Illinois. (Dkt. 6.) In opposition, 21 srl tried to persuade this Court that certain "exceptions" to the First-to-File Rule somehow favored the later-filed case in Illinois. (*See* Dkts. 11 and 12). Although this Court declined to issue an injunction at the time because service of process had not yet been completed on 21 srl (service is *now* complete), the Court expressly rejected 21 srl's arguments, specifically noting that this is the first-filed case and that no exceptions to the First-to-File Rule apply here. (Dkt. 19, p. 5.)

---

[3] Counsel for 21 srl, on the other hand, knowingly allowed the deadline for amending pleadings in 21 srl's previously pending litigation in Illinois to *expire* without seeking to add Newegg as a defendant.

Plaintiff's Opposition to Defendant's Motion to Dismiss                3

Inexplicably, on January 29, 2010, 21 srl filed the pending Motion to Dismiss – rehashing the same arguments, citing the same cases, and making the same mischaracterizations previously made to this Court. (Dkts. 21 and 22.)[4]

For the reasons set forth below, the Motion to Dismiss should be denied.

## III. DISCUSSION

### A. The Same Arguments Now Being Made by 21 srl Have Been Previously Considered and Rejected By This Court.

21 srl's Motion to Dismiss raises the very same arguments previously rejected by this Court when it addressed Newegg's Motion to Enjoin.

Specifically, 21 srl argues that judicial economy and the possibility of inconsistent results favor dismissal (Dkt. 21, p. 5); that these considerations "trump" the First-to-File Rule (*id*. at p. 6), and that Judge Darrah has somehow determined the case should proceed in Illinois (*id*. at pp. 5-6). These are the same misleading arguments made in opposition to Newegg's Motion to Enjoin, including the same quotations (taken out of context) and the same citations to cases that do not support 21 srl's position. (*Compare* Dkts. 11 and 12).

This Court rejected 21 srl's arguments in its December 23 Order. (Dkt. 19, p. 5). To be sure, 21 srl dismissively characterizes the December 23 Order as simply having established that this case is "technically first-filed." (Dkt. 22, p. 5). In fact, in the December 23 Order, this Court explicitly stated that "the case filed by Newegg in this Court is the first-filed case" and "*defendant has not demonstrated that any exception to the first-filed rule applies here*." (*Id*. (emphasis added).)

---

[4] Judge Darrah has never even *considered* any consolidation of 21 srl's case against Newegg in Illinois with the *Best Buy* action. (No such motion has been made.) Further, and perhaps significantly, after the pending Motion to Dismiss and Newegg's (renewed) motion to enjoin were noticed for a hearing on March 1, 2010 (Dkt. 24-2), Judge Darrah continued his hearing on Newegg's pending motion to transfer or stay to *March 4, 2010* – perhaps to see how this Court rules on the motions now pending.

---

By now moving to dismiss this case after the Court's December 23 Order, *on the very same grounds*, 21 srl has essentially filed a motion for reconsideration of that prior Order. However, 21 srl has not come forward with any of the necessary evidence to support such a motion for reconsideration. In particular, 21 srl has not raised any new theories as to why an exception to the First-to-File Rule should apply or pointed to any error in the Court's prior reasoning on this issue.

"It is well settled in the Ninth Circuit that a successful motion for reconsideration must…demonstrate some reason why the court should reconsider its prior decision…[and] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Carnell v. Grimm*, 872 F.Supp. 746, 758 (D.Hawaii 1994).

Moreover, "[c]ourts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice." *Id*. at 758-9.

Here, 21 srl has not come forward with any reason why the Court should reconsider its earlier decision. 21 srl has not set forth facts or law of a strongly convincing nature. 21 srl has not pointed to an intervening change in controlling law. 21 srl has not presented newly discovered evidence. 21 srl has not demonstrated a need to correct a clear or manifest error in law or fact.

Instead of doing any of these things, 21 srl simply belittles the Court's prior ruling as "indicat[ing] that Newegg's declaratory judgment case is technically first-filed." (Dkt. 22, p. 5). As a matter of law, this is not sufficient.[5]

---

[5] The Court's prior Order should not be dismissed lightly. "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Although a court has discretion to reverse its own prior order, that discretion should be limited to situations "where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id*.; *see also U.S. v. Smith*, 389 F.3d 944, 948-950 (9th Cir. 2004).

21 srl's arguments for dismissal have already been rejected by this Court. If 21 srl intended to challenge the Court's earlier ruling, 21 srl should have filed a motion for reconsideration along with the proper showing, which 21 srl did not do. Moreover, the Court's prior ruling is the 'law of the case' and should not be disturbed without a proper showing, which 21 srl has also failed to do. Accordingly, the Motion to Dismiss should be denied.

**B.    The First-To-File Rule Applies to This Action Without Exception.**

Having served 21 srl under the Hague Convention, Newegg filed a renewed Motion to Enjoin which is set to be heard with 21 srl's pending Motion to Dismiss. Newegg's Motion to Enjoin provides a complete analysis of the First-to-File Rule and the reasons why no exceptions apply in this case. (Dkt. 24-2, pp. 6-11.)

Consequently, Newegg will not burden the Court here with a duplicative discussion of the First-to-File Rule. Instead, Newegg asserts that the same arguments establishing the appropriateness of Newegg's requested injunction also compel the denial of 21 srl's instant Motion to Dismiss. To summarize:

- This suit was the first-filed action, as it was filed nearly two weeks prior to the Illinois action filed by 21 srl against Newegg.
- Newegg was not forum shopping by bringing suit in this forum because Newegg is *headquartered* here.
- Neither Newegg *nor 21 srl* has any significant contacts with the Northern District of Illinois.[6]

---

[6]  If either party is forum shopping here, it is 21 srl – which failed to name Newegg as a defendant in the original Illinois case, for nearly seven months, even as 21 srl made repeated threats of suing Newegg. It was only *after* Newegg filed this case in California that 21 srl sued Newegg in Illinois. Obviously, 21 srl had the option to join Newegg in its original Best Buy case (filed in *June* 2009), or otherwise to sue Newegg in Illinois, but 21 srl *chose* not to do so. 21 srl should not be allowed to use assertions of 'judicial economy' in an effort to remedy its past tactical and strategic decisions.

---

- The convenience of parties and witnesses, as well as access to evidence, favor this forum over Illinois because the majority (if not all) of the witnesses and evidence are located in this District.

For these same reasons, 21 srl's Motion to Dismiss should be denied.

### C. The Authority Cited by 21 srl Actually Establishes That This Case (and Not the Later-Filed Case in Illinois) Should Proceed.

The cases cited by 21 srl in its Motion to Dismiss do not support, much less require, that this case be dismissed in favor of 21 srl's later-filed Illinois case.

#### 1. The Court's "Discretion" to Dismiss is Circumscribed.

21 srl cites *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151-1152 (9th Cir. 2007), for the proposition that "this Court has the discretion to decline to hear the declaratory judgment action filed by Newegg in this District." (Dkt. 22, p. 2.)  However, *AmerisourceBergen* discusses federal abstention when there is a parallel state court proceeding.  Thus, it is not clear why 21 srl cites this case or how it could possibly be relevant to the issues before this Court.

21 srl cites "*FMC*[sic] *Corp. v. Norand Corp.*" for the same proposition. (Dkt. 22, p. 2.)  However, in the referenced decision, the Federal Circuit actually noted that a district court *cannot* dismiss a declaratory judgment action "*merely because a parallel patent infringement suit was subsequently filed in another district*," because to take such action without any other reasons "would be contrary to the general rule favoring the forum of the first-filed action."  *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-814 (Fed. Cir. 1996) (emphasis added).  In other words, a District Court's discretion to dismiss a declaratory judgment action is not unfettered, and should not be exercised solely because another case is pending in another district – as 21 srl would have this Court do here.  *See id.*

### 2.    The *Serco* Case Relied Upon by 21 srl is Unavailing.

In the Motion to Dismiss, 21 srl engages in a lengthy discussion of the *Serco* case, concluding that "[t]he facts here are almost indistinguishable from those in Serco." (Dkt. 22, p. 3.)  In actuality, the facts in *Serco* are readily distinguishable from this case, and the reasoning in *Serco* weighs *against* dismissal here, not for dismissal.

For example, in *Serco*, the later-filed suit was initiated just three days after the first suit and *without any knowledge* that the first suit had been filed.  *Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995).  Here, 21 srl waited almost two weeks before filing suit in Illinois despite full knowledge that a first-filed suit had been brought in California.[7]  (Zarian Decl., Exh. 1.)

Additionally, the Federal Circuit in *Serco* specifically affirmed the District Court's determination that the first-filed suit was motivated by forum shopping and that the convenience of the parties and witnesses favored the later-filed suit.  *Serco*, 51 F.3d at 1039-1040.  In this case, by contrast, no forum shopping was involved because Newegg has its headquarters located in this judicial district. (Dkt. 6-2, ¶ 5.)  Furthermore, the convenience of the parties and witnesses favors this District because Newegg's witnesses and evidence are here, whereas neither party has any witnesses or evidence in, or contacts with, the state of Illinois.  (Dkt. 6-2, ¶¶ 11-15.)

Ultimately, the application of the First-to-File Rule to this case is consistent with the purpose of the Declaratory Judgment Act, as recognized in *Serco*.

---

[7]  21 srl attempts to mislead the Court by asserting that "the case for dismissal in this case [is] even stronger than that in Serco" because "the Best Buy Action was filed months prior to this action." (Dkt. 22, p. 3.)  However, 21 srl's later-filed case in Illinois has not been consolidated with the Best Buy Action, and thus the Best Buy Action has no relevance to the issues before the Court.  21 srl specifically chose not to name Newegg as a defendant in the Best Buy case (which is against entirely unrelated defendants) and, instead, chose to bring a separate suit against Newegg.

---

Plaintiff's Opposition to Defendant's Motion to Dismiss          8

> [T]he purpose of the Declaratory Judgment Act [is] to enable a person
> caught in controversy to obtain resolution of the dispute, instead of
> being forced to await the initiative of the antagonist.

*Serco*, 51 F.3d at 1039. Here, 21 srl harassed Newegg about purported patent infringement for seven months, without filing suit, even though 21 srl was already suing several other companies under the very same patent. The Declaratory Judgment Act was enacted to protect companies like Newegg under these very circumstances. Newegg should not have been forced to stand by, under threats of litigation and demands for money, unless and until 21 srl chose to sue. *See id*.

Despite 21 srl's assertions to the contrary, the facts of the *Serco* case are readily distinguishable from the present case. Indeed, the Federal Circuit's reasoning in *Serco* actually compels the conclusion that the present case in this District, and not the suit in Illinois, should proceed – because the convenience of parties and witnesses clearly favors this forum.

### 3. The Other Cases Cited By 21 srl Are Distinguishable.

In an attempt to establish that considerations of judicial economy "trump" the First-to-File Rule, 21 srl unleashes a paragraph-long string citation with a long list of cases from around the country. (Dkt. 22, p. 5.)

However, each of these cases is distinguishable from the present case. These cases do not support the extraordinary summary dismissal sought by 21 srl here.

For example, in *K-Swiss*, the District Court specifically noted that the two cases at issue had been filed just two business days apart and rested its decision to dismiss on the fact that the parties filed "nearly simultaneous actions in competing jurisdictions." *K-Swiss Inc. v. Puma AG Rudolf Dassler Sport*, 2009 WL 2049702, *2 (C.D.Cal. Jul. 9, 2009). Here, 21 srl waited almost *two weeks* to bring suit in Illinois, despite having full knowledge throughout that time of the suit in California.

Similarly, in *Aurora*, the court was faced with two suits filed on the *same day* with respect to a patent that issued the preceding day. *Aurora Corp. of America v. Fellowes, Inc.*, 2008 WL 709198, *1 (C.D.Cal. Feb. 27, 2008). The *Aurora* Court noted that "[a]pplication of the first-filed rule here, where the parties filed nearly simultaneous actions in competing jurisdictions the first day that courts were open after the `276 Patent was issued, would invoke none of the merits of the first-filed rule, while promoting the sort of race to the courthouse that is the worst feature of the rule." *Id*. Here, of course, there was no "race" to the courthouse. 21 srl had been threatening to sue for seven months, but never did so. Then, 21 srl waited almost two weeks after learning of the present action before filing suit in Illinois.

In *Charles Schwab*, the court deviated from the First-to-File rule because the first-filing party misled the other party into believing that settlement negotiations were ongoing, while secretly filing suit. *Charles Schwab & Co., Inc. v. Duffy*, 1998 WL 879659, *1 (N.D.Cal. Dec. 8, 1998). Similarly in *Eragen*, the court deviated from the rule because "[a]lthough defendants in this case had good reason to think that plaintiff was likely to bring suit against it eventually, they 'jumped the gun' by bringing suit at a time when plaintiff believed negotiations were still underway." *Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC*, 447 F.Supp.2d 930, 941 (W.D.Wis. 2006).

Here, by stark contrast, Newegg never engaged in *any* settlement negotiations with 21 srl during the seven months leading up to the filing of the present suit and 21 srl had no reason whatsoever to expect that any such negotiations would be commencing. Newegg's counsel sent 21 srl's counsel exactly *one* letter before the cases at issue were filed in October 2009 – an April 16, 2009 letter demanding that 21 srl counsel stop sending letters to Newegg's CEO and advising that 21 srl's claims were being "reviewed" by counsel. (Dkt. 21-3.)[8]

---

[8] 21 srl counsel's own letter of September 17, 2009 confirmed the absence of *any* communication from Newegg during the preceding *five months*, while essentially

The remaining cases cited by 21 srl fail for similar reasons. In *MLR*, the first-filing party was actually joined in an already-pending suit in another district, thereby promoting judicial economy. *MLR, LLC v. U.S. Robotics Corp.*, 2003 WL 685504, *1 (N.D.Ill. Feb. 25, 2003). Here, of course, 21 srl specifically declined to join Newegg in its pending suit in Illinois, despite knowledge of the present suit, and instead brought a separate suit against Newegg. (Zarian Decl., ¶¶ 4-7.)

In *Eli's Chicago*, the court specifically noted that "a declaratory judgment prevents[] one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit," but held that since there had been only one communication (a threat) made prior to filing suit, the declaratory judgment suit should be dismissed. *Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F.Supp.2d 906, 908 (N.D.Ill. 1998). Here, 21 srl accused and threatened to sue Newegg for patent infringement in repeated correspondence (including three letters and claim charts) over a seven-month period. There can be no question that the parties' dispute was sufficiently ripe.

In sum, 21 srl cites a string of cases that do *not* support deviation from the First-to-File in this case. Here, no such special circumstances apply. The Illinois suit was not filed 'essentially simultaneously' with the present suit, and 21 srl waited nearly two weeks to file the Illinois suit with full knowledge of Newegg's first-filed suit. The parties were not engaged in any "settlement negotiations" and Newegg did not 'jump the gun' by filing suit after seven months of accusations and threats from 21 srl. Consequently, none of the cases cited by 21 srl support dismissal here, and Newegg requests that the Court deny 21 srl's Motion to Dismiss.

---

threatening to sue Newegg in Illinois just as other (unrelated) defendants had already been sued. (*See* Dkt. 6-5.)

Plaintiff's Opposition to Defendant's Motion to Dismiss                    11

**D.  21 srl Has Mischaracterized Judge Darrah's Comments; In Fact, He Declined to Address Whether Transfer was Appropriate.**

In what has become a recurring theme, 21 srl asserts that Judge Darrah in Illinois has somehow already rendered a decision establishing that the Illinois case should proceed rather than the present case.  (Dkt. 22, p. 5.)

As before, this statement is a gross mischaracterization of what Judge Darrah has done.  In fact, the <u>*only*</u> issue that Judge Darrah has addressed is whether 21 srl's infringement action should be reassigned from one judge (Judge Holderman) to another judge (Judge Darrah) in the Northern District of Illinois.

In his order on the foregoing issue, Judge Darrah <u>*only*</u> decided that reassignment was proper under the local rules of the Northern District of Illinois.  Judge Darrah expressly declined to rule on whether 21 srl's infringement action should be stayed pursuant to the "first-to-file" rule.  (*See* Dkt. 14, Suppl. Decl. of David Caplan, filed on December 11, 2009, Exh. 1, p. 7.)  Specifically, Judge Darrah observed that Newegg opposed the motion for reassignment on the grounds that the "first to file" rule required transfer or stay of 21 srl's action against Newegg, rendering 21 srl's actions in Illinois unsuitable for disposition in a single proceeding.  *Id.*  In response to this argument by Newegg, Judge Darrah stated:

> Newegg's contention is premature and not relevant to the question currently before this Court, which is whether reassigning the Newegg litigation pending before Judge Holderman to the calendar of this Court would promote efficient use of judicial resources based on the above-discussed criteria.  *On that limited question*, reassignment of the case before Judge Holderman to this court is appropriate.

*Id.* (emphasis added).  Thus, in granting 21 srl's motion for reassignment, Judge Darrah expressly declined to address whether the "first-to-file" rule warranted transfer or stay of 21 srl's action against Newegg.  *Id.*

---

Plaintiff's Opposition to Defendant's Motion to Dismiss                                    12

1  Perhaps recognizing that it is the province of *this* Court to decide whether the

2  First-to-File Rule applies, Judge Darrah scheduled a hearing on Newegg's motion

3  to transfer or stay (filed in Illinois) for February 4, 2010 – after the hearing on

4  Newegg's original motion to enjoin in this case.  Then, perhaps significantly, after

5  the pending Motion to Dismiss and Newegg's pending (renewed) motion to enjoin

6  were noticed for a hearing on March 1, 2010, Judge Darrah continued his hearing

7  on Newegg's pending motion to transfer or stay to March 4, 2010.

8  Under the circumstances, 21 srl's attempts to characterize Judge Darrah's

9  ruling on the motion for reassignment as a blanket repudiation of the First-to-File

10 Rule are clearly misleading and entirely improper.

11 **E.  This Action, Not The Later-Filed Illinois Case, Should Proceed.**

12 As this Court has already acknowledged, the First-to-File Rule applies, and

13 the limited exceptions to that rule do not.  (Dkt. 19, p. 5.)

14 21 srl's pending Motion to Dismiss does not raise any new issues for the

15 Court to consider and, instead, relies on arguments previously rejected by the

16 Court.  Furthermore, the cases cited by 21 srl establish that the present action

17 should proceed, rather than the Illinois suit, and none of the special circumstances

18 that would warrant deviation from the First-to-File Rule apply in this case.

19 As a consequence, this action — and not the co-pending action in the

20 Northern District of Illinois – should proceed.

21 Accordingly, the Motion to Dismiss should be denied.

22 \\

23 \\

24 \\

25 \\

26 \\

27 \\

28

---

Plaintiff's Opposition to Defendant's Motion to Dismiss          13

1  **IV.    CONCLUSION**

2          For the foregoing reasons, Newegg respectfully requests that the Court deny

3  21 srl's Motion to Dismiss.

4

5  Dated:  February 8, 2010                    ZARIAN MIDGLEY & JOHNSON PLLC

6

7                                                      */s/ John N. Zarian*_____

8                                                      John N. Zarian

9                                                      Attorneys for Plaintiff
                                                       NEWEGG INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of February, 2010, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ John N. Zarian*
John N. Zarian