1  David K. Caplan (Bar No. 181174)
   dcaplan@kmwlaw.com
2  Christian C. Dowell (Bar No. 241973)
   cdowell@kmwlaw.com
3  KEATS McFARLAND & WILSON LLP
   9720 Wilshire Boulevard
4  Penthouse Suite
   Beverly Hills, California 90212
5  Telephone: (310) 248-3830
   Facsimile: (310) 860-0363
6
7  Attorneys for Defendant
   21 SRL

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                      WESTERN DIVISION

12 | NEWEGG, INC.,                    | Case No.: 2:09-cv-07322-CAS-AJW

13 |               Plaintiff,

14 |        v.                        | **DEFENDANT 21 SRL'S REPLY IN
                                        SUPPORT OF ITS MOTION TO
15 | 21 SRL,                          | DISMISS**

16 |               Defendant.         | Date:    March 1, 2010
                                        Time:    10:00 am
17 |                                            Hon. Christina A. Snyder

18

19

20

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

## I.  Introduction

The most important fact here is that there is a *prior pending* case that will determine the validity of the relevant patent at issue.  The only reason that Newegg, Inc. ("Newegg" or Plaintiff) was not named as one of the multiple defendants in that action is because 21 srl ("Defendant") was under the impression based upon assertions made by Newegg's counsel that 21 srl did not need to include Newegg as a defendant at the time of filing the prior pending action.  It was Newegg that filed for declaratory relief in an attempt to manipulate the system and avoid being included in the main action, with the intent of causing 21srl to expend more money in order to litigate the same issue in two different jurisdictions.  21 srl swiftly responded in only a matter of days and filed suit against Newegg seeking to bring Newegg into the earlier filed action.  Dismissing this matter and thereby allowing the prior pending action to include Newegg will conserve judicial resources and avoid the possibility of inconsistent rulings.

## II. The Best Buy Action

Newegg's opposition brief is filled with inflammatory language accusing Defendant of "clearly misleading," "gross mischaracterizations" and "entirely improper" conduct.  Newegg substitutes this invective for reasoned analysis of the critical issue raised in Defendant's opening brief:  given the plethora of overlapping factual and legal issues in the Best Buy Action (pending only before Judge Darrah in Illinois) and the Newegg actions (pending both before Judge Darrah and this Court), why should this Court proceed with the companion Newegg case here?  Such an outcome would lead to a tremendous waste of judicial resources and the possibility of inconsistent results throughout these lawsuits – on everything from claim construction, to discovery rulings, to determinations of disputed facts and more.  The multitude of overlapping briefs filed before this Court and in the Northern District of Illinois (on the simple procedural issue of where this case should go forward)

foreshadows the problems that will be caused at every turn through years of litigation if the Best Buy Action proceeds in Chicago and the Newegg action proceeds here.

Newegg's entire analysis of the Best Buy Action is reduced to two footnotes where Newegg summarily concludes that: "The Best Buy Action has no relevance to the issues before this Court" (p. 8, fn. 7). Why not? What will happen if this Court and the Illinois Court are simultaneously construing the same terms from the same claims of the same patent in suit? What will happen when the same prior art is being analyzed by the two Courts, the same infringement issues, the same discovery disputes? The Best Buy Action is plainly relevant to the issues before this Court.

Although Judge Darrah was obviously addressing the issue in the context of *reassigning* the Newegg Illinois action to his calendar, the logical bases for that ruling are clearly applicable in this situation as well: "it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases" (Dkt. 14, Suppl. Decl. of David Caplan, filed on December 11, 2009, Exh. 1). Likewise, having only one Judge preside over both cases:

> … would save judicial time and effort by avoiding potentially inconsistent rulings with regard to claim construction as well as with regard to invalidity and infringement issues that may arise in the context of motions for summary judgment. ... [T]he handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort

(Dkt. 14, Exh. 1).

In all of the briefs filed by Newegg to date, not once has it addressed this critical and common sense issue.

### III. Newegg Concedes That This Court Has Discretion to Decline Jurisdiction in Favor of the Parallel Illinois Actions.

Newegg attempts to distinguish Defendant's cases on the most trivial facts, without challenging the underlying legal principle that considerations of judicial economy and avoiding inconsistent results trump arguments of "first-to-file" and courts accordingly have discretion to decline jurisdiction over such declaratory judgment actions. For example, Newegg "distinguishes" <u>K-Swiss Inc. v. Puma AG Rudolf Dassler Sport</u>, 2009 U.S. Dist. LEXIS 64723 (C.D. Cal. Jul. 9, 2009) on the basis that the lawsuits were filed "two business days apart" versus the eight business days in this case (from October 8 to October 20) – a meaningless distinction, particularly since the Best Buy Action was filed earliest of all.[1]

Newegg also states that "In <u>MLR</u>, the first-filing party was actually joined in an already-pending suit in another district, thereby promoting judicial economy. <u>MLR v. U.S. Robotics</u>, 2003 U.S. Dist. LEXIS 2827 at *6 (N.D. Ill. Feb. 25, 2003) (Dkt. 28, p. 11). Another distinction with no substantive difference. Here, the Newegg Illinois action was specifically *reassigned* by the Northern District of Illinois to Judge Darrah (over Newegg's objection) so that it could proceed with the Best Buy Action before the same judge, "thereby promoting judicial economy," exactly as discussed and held in <u>MLR</u>. The reasoning and holding in <u>MLR</u> is directly applicable here.

Newegg also boasts that it "never engaged in any settlement negotiations with 21 srl," as if it is a bad thing for companies to attempt to resolve disputes without litigation. But Newegg's actual communications told 21 srl: "We are now reviewing your letters and the claims being made and will get back to you in the next few weeks" (Dkt. 21-2, Declaration of David Caplan in support of 21 srl's Motion to Dismiss, Exh. 1). Newegg never indicated that it wasn't interested in discussing settlement, so why

---

[1] Newegg likewise discusses the "three day" difference in <u>Serco Services Co. L.P. v. L.P. Kelley Co.</u>, 51 F.3d 1037 (Fed. Cir. 1995).

should Newegg be rewarded for misleading 21 srl and for discouraging extrajudicial attempts at resolution? Again, this alleged "distinction" of Defendant's case law is baseless.

Finally, Newegg argues that <u>EMC Corp. v. Norand Corp.</u>, 89 F.3d 807 (Fed. Cir. 1996) stands for the proposition that a declaratory judgment action should not be dismissed "merely because a parallel patent infringement suit was *subsequently* filed in another district" (Dkt. 28, p. 7, quoting 89 F.3d at 813-814). Once again, Newegg simply pretends that the Best Buy Action doesn't exist. Defendant is not seeking dismissal of this case ***merely*** because of the subsequent (8 business day) filing against Newegg in Illinois, ***but also because of the previously filed, related Best Buy Action pending there***. Newegg's distinction of <u>FMC</u> crumbles when the Best Buy Action is considered.

## IV.    Conclusion

For the foregoing reasons, and for those set forth in Defendant's opening memorandum and supporting materials, Defendant respectfully requests that this Court enter an Order dismissing this declaratory judgment action, allowing Newegg to present all of its claims and defenses in the Newegg Illinois action.

Dated: February 12, 2010          By:_____/s/_____

David K. Caplan
Keats McFarland & Wilson LLP
Attorney for Defendant 21 SRL

- 4 -

## DECLARATION OF SERVICE BY MAIL

### *Newegg, Inc. v. 21 SRL*

### U.S.D.C., Central Dist. of California, Case No.: CV-09-7322 CAS (AJWx)

I, the undersigned, say:

I am and was at all times herein mentioned a resident of the County of Los Angeles, over the age of eighteen (18) years and not a party to the within action or proceeding. My business address is 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212, and I am employed in the offices of Keats McFarland & Wilson LLP by a member of the Bar of this Court at whose direction the service mentioned herein below was made.

I am readily familiar with the normal business practice of my employer for the collection and processing of correspondence and other materials for mailing with the United States Postal Service. In the ordinary course of business, any materials for mailing with the United States Postal Service and placed by me for collection in the office of my employer is deposited the same day with the United States Postal Service.

On February 12, 2010, I served the within:

**DEFENDANT 21 SRL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

upon counsel named below:

Mira S. Wolff
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA 91745

BY MAIL: I sealed said envelope(s) and, following the ordinary business practices of my employer, placed said sealed envelope(s) in the office of my employer at 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California, for collection and mailing with the United States Postal Service on the same date.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on February 12, 2010, at Beverly Hills, California.

/s/
_____
Kim Tyson

Proof of Service