John N. Zarian (SBN 145080)
ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-Mail: zarian@zarianmidgley.com

Mira S. Wolff (SBN 161672)
NEWEGG INC.
16839 E. Gale Avenue
City of Industry, CA 91745
Telephone: (626) 271-9700, x. 22032
Facsimile: (626) 271-9483
E-Mail: Mira.S.Wolff@newegg.com

Attorneys for Plaintiff
NEWEGG INC.

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWEGG INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>21 SRL, a foreign corporation,<br><br>Defendant. | Case No. CV-09-7322 CAS (AJWx)<br><br>*Honorable Christina A. Snyder*<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO ENJOIN 21 SRL IN LATER-FILED ACTION**<br><br>**DATE:** March 1, 2010<br>**TIME:** 10:00 AM<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//

---

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN                              i

Plaintiff NEWEGG INC. (hereafter "Plaintiff" or "Newegg"), by and through its attorneys of record, respectfully submits this Reply in Further Support of its Motion to Enjoin 21 srl in Later-Filed Action.

## OVERVIEW

As demonstrated in Newegg's moving papers, an injunction is proper here because Newegg filed the instant declaratory judgment action nearly two weeks *before* 21 srl brought its later-filed action against Newegg. Moreover, Newegg filed the present case in its home jurisdiction, where Newegg is headquartered. By contrast, 21 srl engaged in forum shopping and filed its complaint in Illinois, a state where 21 srl has no offices, no employees, no officers, and no customers.

21 srl seeks to rely on the fact that there is a third case pending against unrelated defendants in Illinois. However, the fact that 21 srl filed a separate complaint against other defendants in June 2009 is irrelevant – since Newegg is not now, and never has been, a party to that lawsuit. Indeed, 21 srl failed to join Newegg in that litigation (the *Enable Holdings* action) when it had the chance to do so, and 21 srl has never asked the Illinois court to consolidate that case with the later-filed case against Newegg in Illinois (which remains a separate action).

In addition, contrary to 21 srl's assertions, the Illinois court has *postponed* any decision relating to the "first-to-file" issue (*i.e.*, on Newegg's motion to transfer or stay) until *after* the hearing in this Court on the instant motion to enjoin.

In opposition to Newegg's motion to enjoin, 21 srl fails to raise any substantive arguments that the Court has not *previously heard and rejected*. 21 srl would have this Court believe that judicial economy is the overriding consideration, but 21 srl cannot show either that this factor carries any more weight than the other factors or that judicial economy is actually best served by denying the injunction. In fact, as discussed below and in the moving papers, a proper application of the relevant factors favors *granting* Newegg's pending motion to enjoin.

Therefore, Newegg submits, the motion to enjoin should be granted.

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN 1

**ARGUMENT**

**I.  This Court Has Already Found That This Is The First-Filed Case and That No Exceptions Apply.**

21 srl's Opposition raises the very same arguments previously rejected by this Court when it addressed Newegg's original Motion to Enjoin.

Specifically, 21 srl argues that judicial economy and the possibility of inconsistent results favor dismissal (Dkt. 27, p. 6); that these considerations "trump" the First-to-File Rule (*id*. at pp. 5-6), and that Judge Darrah has somehow determined the litigation should proceed in Illinois (*id*. at pp. 4-5). These are the same misleading arguments made in opposition to Newegg's original Motion to Enjoin, including the same quotations (taken out of context) and the same citations to cases that do not support 21 srl's position. (*Compare* Dkts. 11 and 12).

This Court rejected 21 srl's arguments in its December 23 Order. (Dkt. 19, p. 5). To be sure, 21 srl dismissively characterizes the December 23 Order as simply having established that this case is "technically first-filed." (Dkt. 22, p. 4). In fact, however, that order Court explicitly stated that "the case filed by Newegg in this Court is the first-filed case" and "*defendant has not demonstrated that any exception to the first-filed rule applies here*." (Dkt. 19, p. 5 (emphasis added).)

21 srl's Opposition is analogous to a motion for reconsideration, but 21 srl does not establish any of the grounds for such a request.[1]  21 srl has not pointed to an intervening change in controlling law. 21 srl has not presented newly discovered evidence. 21 srl has not demonstrated a need to correct a clear or manifest error in law or fact. 21 srl has not set forth facts or law of a strongly convincing nature, as required to seek reconsideration. *See Carnell*, 872 F.Supp. at 758-9.

---

[1] "Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice." *Carnell v. Grimm*, 872 F.Supp. 746, 758 (D.Hawaii 1994).

Instead, 21 srl simply belittles this Court's prior ruling as "indicat[ing] that Newegg's declaratory judgment case is technically first-filed." (Dkt. 27, p. 4).

21 srl's arguments against the injunction have already been rejected by this Court. If 21 srl intended to challenge the Court's earlier ruling, 21 srl should have filed a motion for reconsideration along with the proper showing, which 21 srl did not do. Accordingly, and because 21 srl's Opposition does not raise any proper challenge to the Court's prior order, the motion to enjoin should be granted.

**II.     21 srl Engaged in Forum-Shopping and Should Not be Permitted to Circumvent the First-to-File Rule.**

   **A.     The First-To-File Rule Applies to This Action Without Exception.**

Newegg's renewed Motion to Enjoin provides a complete analysis of the First-to-File Rule and the reasons why no exceptions apply in this case. (Dkt. 24-2, pp. 6-11.) In opposition, 21 srl simply fails to raise any substantive rebuttal to the arguments raised in Newegg's motion. Instead, 21 srl argues only that judicial economy weighs sweepingly against any application of the First-to-File rule.

The arguments raised in Newegg's moving papers – and essentially not rebutted by 21 srl – may be summarized as follows:

- This suit was the first-filed action, as it was filed nearly two weeks prior to the Illinois action filed by 21 srl against Newegg.
- This court is the proper forum to determine application of the First-to-File rule.
- The customer exception does not apply here.
- Newegg was not forum shopping by bringing suit in this forum because Newegg is *headquartered* here.
- Neither Newegg *nor 21 srl* has any significant contacts with the Northern District of Illinois.

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN                                3

- The convenience of parties and witnesses, as well as access to evidence, favor *this* forum over Illinois because the majority (if not all) of the witnesses and evidence are physically located in this District.

- Administrative considerations favor this court over the later-filed suit in Illinois.

For all of these reasons, Newegg's motion to enjoin should be granted.

### B. 21 srl's Reliance on the *Enable Holdings* Action is Misplaced.

21 srl attempts to defeat Newegg's motion by relying on the fact that 21 srl sued entirely unrelated defendants, on similar claims, in a separate action in Illinois in June 2009 (*i.e.*, the *Enable Holdings* action). This fact is simply irrelevant.

Newegg is not a party to the *Enable Holdings* action. In fact, 21 srl had several months in which to add Newegg as a defendant in the *Enable Holdings* action – but chose not to do so. Instead, 21 srl decided to file an entirely separate case against Newegg in Illinois (two weeks after Newegg filed this action). Although 21 srl's separate action against Newegg has been reassigned to Judge Darrah, that new case was *not* consolidated with the *Enable Holdings* action. Indeed, 21 srl has never requested any such consolidation in Illinois.

Despite 21 srl's repeated references to the *Enable Holdings* action, 21 srl has not established that any judicial economy will be served by denying Newegg's motion to enjoin based on the *Enable Holdings* action. 21 srl's argument amounts to nothing more than a claim that all future disputes involving these patents must be adjudicated in Chicago solely because one unrelated case involving those same patents was filed there in June 2009. There is simply no merit to that argument.

### C. 21 srl's Opposition Fails to Cite a Single Case in Which the First-to-File Rule was Disregarded Solely Due to the Existence of a Later-Filed Case.

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN 4

21 srl's opposition relies extensively (if not exclusively) on the existence of the later-filed Illinois case and purported considerations of judicial economy.

However, contrary to 21 srl's claim that considerations of judicial economy "trump any first-to-file arguments," 21 srl cannot cite a single case in which a court deviated from the rule solely due to such considerations. (*See* Dkt. 27, p. 5.)

In *Alltrade*, for example, the Ninth Circuit was faced with two lawsuits filed within days of each other and a district court decision to dismiss the *later-filed* action under the First-to-File rule. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623-624 (9th Cir. 1991). *Affirming* the district court's decision, the Ninth Circuit held that "neither fairness considerations nor equitable concerns bar the application of the rule to the instant case." *Id.* at 628. Thus, *Alltrade* provides *no* support for 21 srl's argument that judicial economy "trumps" the First-to-File rule.

21 srl also cites *Serco* and offers an explanation that "the district court's consideration of the possibility of consolidation with related litigation and the anticipatory nature of the declaratory judgment action supported its dismissal." (Dkt. 27, p. 4.) In fact, the Federal Circuit in *Serco* specifically affirmed the District Court's determination that the first-filed suit was motivated by forum shopping and that the convenience of parties and witnesses favored the later-filed suit, noting that "the district court in this case relied on more than just [the defendant's] later-filed infringement suit". *Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039-40 (Fed. Cir. 1995). In this case, by contrast, no forum shopping was involved because Newegg has its headquarters located in *this* judicial district. (Dkt. 6-2, ¶ 5.) Furthermore, the convenience of the parties and witnesses favors *this* district because Newegg's witnesses and evidence are here, whereas neither party has any witnesses or evidence in, or indeed any contacts with, the state of Illinois. (Dkt. 6-2, ¶¶ 11-15.) Thus, *Serco* also fails to support 21 srl's argument that judicial economy alone "trumps" the First-to-File rule in this case.

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN 5

In *K-Swiss*, the district court specifically noted that the two cases at issue had been filed just two business days apart and rested its decision to dismiss on the fact that the parties filed "nearly simultaneous actions in competing jurisdictions." *K-Swiss Inc. v. Puma AG Rudolf Dassler Sport*, 2009 WL 2049702, *2 (C.D.Cal. Jul. 9, 2009). Here, however, 21 srl waited almost *two weeks* to bring suit in Illinois, despite having full knowledge throughout that time of this case in California.

Similarly, in *Aurora*, the court was faced with two suits filed on the *same day* with respect to a patent that issued the preceding day. *Aurora Corp. of America v. Fellowes, Inc.*, 2008 WL 709198, *1 (C.D.Cal. Feb. 27, 2008). The *Aurora* Court noted that "[a]pplication of the first-filed rule here, where the parties filed nearly simultaneous actions in competing jurisdictions the first day that courts were open after the `276 Patent was issued, would invoke none of the merits of the first-filed rule, while promoting the sort of race to the courthouse that is the worst feature of the rule." *Id*. Here, of course, there was no "race" to the courthouse. 21 srl had been threatening to sue for *seven months*, but never did so. Then, 21 srl waited almost two weeks after learning of the present action before filing suit in Illinois.

In *Charles Schwab*, the court deviated from the First-to-File rule because the first-filing party misled the other party into believing that settlement negotiations were ongoing, while secretly filing suit. *Charles Schwab & Co., Inc. v. Duffy*, 1998 WL 879659, *1 (N.D.Cal. Dec. 8, 1998). Similarly in *Eragen*, the court deviated from the rule because "[a]lthough defendants in this case had good reason to think that plaintiff was likely to bring suit against it eventually, they 'jumped the gun' by bringing suit at a time when plaintiff believed [settlement] negotiations were still underway." *Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC*, 447 F.Supp.2d 930, 941 (W.D.Wis. 2006).

These cases do *not* support 21 srl's assertion that judicial economy "trumps" the First-to-File Rule. Here, Newegg never engaged in *any* settlement negotiations whatsoever with 21 srl during the seven months leading up to the filing of the

present suit, and 21 srl had no reason at all to expect that any such negotiations would be commencing at any time. Newegg's counsel sent 21 srl's counsel exactly *one* letter before the cases at issue were filed in October 2009. That letter, sent on April 16, 2009 (six months before any suit was filed), demanded that 21 srl counsel stop sending letters to Newegg's CEO and advised that 21 srl's claims were being "reviewed" by counsel. (*See* Dkt. 21-3.)[2]

The remaining cases cited by 21 srl fail for similar reasons. In *MLR*, the first-filing party was actually *joined* in an already-pending suit in another district, thereby promoting judicial economy, but the court also found that the first-filing party misled the later-filing party into believing settlement negotiations were ongoing when the first suit was filed. *MLR, LLC v. U.S. Robotics Corp.*, 2003 WL 685504, *1 (N.D.Ill. Feb. 25, 2003). Here, of course, 21 srl specifically declined to join Newegg in its pending suit in Illinois, despite knowledge of the present suit, and instead filed a new and entirely separate complaint against Newegg. (Zarian Decl., ¶¶ 4-7.) Further, Newegg never engaged in any settlement negotiations.

In *Eli's Chicago*, the court specifically noted that "a declaratory judgment prevents[] one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit," but held that since there had been only one communication (a threat) made prior to filing suit, the declaratory judgment suit should be dismissed. *Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F.Supp.2d 906, 908 (N.D.Ill. 1998). Here, 21 srl accused and threatened to sue Newegg for patent infringement in repeated correspondence (including three letters and claim charts) over a seven-month period. There can be no question that the parties' dispute was sufficiently ripe.

---

[2] 21 srl counsel's own letter of September 17, 2009 confirmed the absence of *any* communication from Newegg during the preceding *five months*, while essentially threatening to sue Newegg in Illinois just as other (unrelated) defendants had already been sued. (*See* Dkt. 6-5.)

In sum, 21 srl cites a string of cases that do *not* support deviation from the First-to-File Rule. None of the cases deviated from the rule based solely on judicial economy. Furthermore, none of the circumstances justifying any deviation from the rule apply here. Therefore, Newegg's motion to enjoin should be granted.

### D. The Northern District of Illinois Has Postponed Any Ruling on the First-to-File Issue.

21 srl cites an order by Judge Darrah in Illinois, at length, in an attempt to suggest to this Court that Judge Darrah has ruled that judicial economy is best served by dismissing the current case. (*See* Dkt. 27, pp. 4-5.) That is not correct.

In fact, the *only* issue that Judge Darrah addressed was whether 21 srl's infringement action should be reassigned from one judge (Judge Holderman) to another (Judge Darrah) within the same district. In his order, Judge Darrah *only* decided that reassignment was proper under the local rules of the Northern District of Illinois. Judge Darrah expressly *declined* to rule on whether 21 srl's case against Newegg should be stayed pursuant to the "first-to-file" rule. (*See* Dkt. 18-2.)

In the foregoing order, Judge Darrah observed that Newegg had opposed the motion for reassignment on the grounds that the First-to-File Rule required transfer or stay of 21 srl's action against Newegg and thereby rendered 21 srl's action unsuitable for disposition. *Id.* In response to that argument, Judge Darrah stated:

> Newegg's contention is premature and not relevant to the question currently before this Court, which is whether reassigning the Newegg litigation pending before Judge Holderman to the calendar of this Court would promote efficient use of judicial resources based on the above-discussed criteria. *On that limited question*, reassignment of the case before Judge Holderman to this court is appropriate.

*Id.* (emphasis added). Thus, in granting 21 srl's motion for reassignment, Judge Darrah expressly declined to address whether the First-to-File Rule warranted transfer or stay of 21 srl's action against Newegg. *Id.*

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN 8

Judge Darrah apparently recognized that, as a matter of comity, this Court – not the Northern District of Illinois – should decide whether the "first-to-file" rule applies. *See, e.g., DaimlerChrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042-43 (N.D. Ohio 2001); *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993) ("[T]he first-to-file rule gives the first-filed court the responsibility to determine which case should proceed. . . . This Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role.") (citations omitted).

Perhaps recognizing that it is the province of *this* Court to decide whether the First-to-File Rule applies, Judge Darrah recently postponed the hearing on Newegg's pending motion to transfer or stay to March 4, 2010 – *after* the hearing on Newegg's renewed motion to enjoin in this case. (*See* Dkt. 18-2.)

Thus, under the circumstances, Judge Darrah's order is of no relevance to Newegg's renewed motion to enjoin, despite 21 srl's assertions to the contrary.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the moving papers, Newegg respectfully requests that the Court enjoin 21 srl and its counsel from prosecuting any later-filed suits against Newegg for infringement of the `451 patent.

DATED: FEBRUARY 12, 2010

ZARIAN MIDGLEY & JOHNSON PLLC

*/s/ John N. Zarian*
John N. Zarian

Attorneys for Plaintiff
NEWEGG INC.

REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN                    9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of February, 2010, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ John N. Zarian*
John N. Zarian