1   John N. Zarian (SBN 145080)
    Brook B. Bond (SBN 144815)
2   ZARIAN MIDGLEY & JOHNSON PLLC
    University Plaza
3   960 Broadway Ave., Ste. 250
    Boise, Idaho 83706
4   Telephone: (208) 562-4900
    Facsimile: (208) 562-4901
5   E-Mail: zarian@zarianmidgley.com
            bond@zarianmidgley.com
6
    Mira S. Wolff (SBN 161672)
7   NEWEGG INC.
    16839 E. Gale Avenue
8   City of Industry, CA 91745
    Telephone: (626) 271-9700, x. 22032
9   Facsimile: (626) 271-9483
    E-Mail: Mira.S.Wolff@newegg.com
10
    Attorneys for Plaintiff
11  NEWEGG INC.

12          UNITED STATES DISTRICT COURT FOR THE

13              CENTRAL DISTRICT OF CALIFORNIA

14

| NEWEGG INC., a Delaware corporation, | Case No. CV-09-7322 CAS (AJWx) |
|---|---|
| Plaintiff, | *Honorable Christina A. Snyder* |
| v. | |
| 21 SRL, a foreign corporation, | **JOINT STATUS REPORT** |
| Defendant. | |

        Pursuant to the Court's minute order dated February 25, 2010, Plaintiff
NEWEGG INC. (hereafter "Newegg") and Defendant 21 SRL (hereafter "21 srl")
respectfully submit this Joint Status Report. In the foregoing minute order, the
Court instructed the parties to file a Joint Status Report by March 8, 2010,
regarding any ruling by the U.S. District Court for the Northern District of Illinois
(hereafter the "Illinois Court") concerning Newegg's motion to transfer that is
pending in that district (Case No. 1:09-cv-06590). (*See* Docket No. 33).

Joint Status Report                                                    1

**JOINT STATEMENT**

On March 2, 2010, counsel for Newegg and counsel for 21 srl filed a copy of this Court's minute order in the Illinois Court. The Illinois Court conducted a status hearing on March 4, 2010. Counsel for both Newegg and 21srl attended the hearing and discussed the motion to transfer with the Illinois Court.

The Illinois Court has not yet ruled on the motion to transfer. The Illinois Court did not state when it would rule on the motion to transfer. Further, the Illinois Court did not indicate whether it intends to grant or deny the motion to transfer. The Illinois Court scheduled a status hearing for March 24, 2010.

Should the Illinois Court rule on the motion to transfer prior to the March 15 hearing in this Court, the parties will file an updated joint status report.

**STATEMENT BY DEFENDANT 21 SRL**

The Illinois Court indicated at the hearing that it intends to issue an order on Newegg's pending motion to transfer. 21 srl notes that during the hearing, in an off the record discussion in open court, the Illinois Court stated its view that the Newegg case and the Best Buy case should be considered in one proceeding, since it does not make sense to have two Judges construing the same terms from the same patent and issuing potentially inconsistent rulings.

Based on Judge Darrah's statement that he intends to issue an order on Newegg's motion to transfer and the Illinois Court's inclination to proceed with the Newegg and Best Buy actions together, 21 srl requests that this Court continue the hearing set for March 15, 2010, and reschedule it for the first hearing date two weeks after the Illinois Court issues its decision.

**PLAINTIFF NEWEGG'S RESPONSE**

During the hearing, the Illinois Court did not state that 21 srl's action against Newegg should remain in the Northern District of Illinois. During the hearing, in an off-the-record discussion in open court, the Illinois Court indicated that it would

1    be more efficient to have the Newegg action and the Best Buy action (Case No. 09-
2    cv-03667, N.D. Ill.) handled by the same court – whether in Illinois or California.

3    After the hearing, counsel for Newegg learned that only one defendant has
4    not yet settled out of the Best Buy action. That one remaining defendant – Best
5    Buy – is a Minnesota corporation. Thus, the only parties still involved in any of the
6    cases now pending are 21 srl, Best Buy, and Newegg – none of which are
7    headquartered in Illinois. Newegg has notified the Illinois Court of this fact and
8    has requested the Illinois Court to consider transferring both of the Illinois actions
9    to this Court, to be coordinated with the instant case.

10   Newegg opposes 21 srl's request for a continuance of the hearing currently
11   set in this Court for March 15, 2010. This Court's authority to rule on Newegg's
12   motion to enjoin is <u>not</u> dependent on the Illinois Court's ruling (if any) on
13   Newegg's motion to transfer. Rather, because the present action is the first-filed
14   case, this Court should determine which case should proceed. *See, e.g.,*
15   *DaimlerChrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042-43
16   (N.D. Ohio 2001); *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F.
17   Supp. 994, 999 (E.D. Tex. 1993) ("the first-to-file rule gives the *first-filed* court the

18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1  responsibility to determine which case should proceed."). Accordingly, a

2  continuance of the hearing on Newegg's motion to enjoin is unnecessary.

3

4  DATED:  MARCH 8, 2010

5

6  */s/ John N. Zarian*
   John N. Zarian (SBN 145080)

7  ZARIAN MIDGLEY & JOHNSON PLLC
   University Plaza

8  960 Broadway Ave.
   Boise, Idaho 83706

9  (208) 562-4900

10 Attorneys for Plaintiff
   NEWEGG INC.

11

12

13 */s/ David K. Caplan*
   David K. Caplan (SBN 181174)

14 KEATS McFARLAND & WILSON LLP
   9720 Wilshire Boulevard

15 Penthouse Suite
   Beverly Hills, California 90212

16 (310) 248-3830

17 Attorneys for Defendant
   21 SRL

18

19

20

21

22

23

24

25

26

27

28

Joint Status Report                                                          4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of March, 2010, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

*/s/ John N. Zarian*
John N. Zarian