David K. Caplan (Bar No. 181174)
dcaplan@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorney for Defendant
21 SRL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NEWEGG, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>21 SRL,<br><br>               Defendant. | Case No.: 2:09-cv-07322-CAS-AJW<br><br>**SUPPLEMENTAL STATUS REPORT** |

Pursuant to the Court's Minute Order dated February 25, 2010 (the "Minute Order"), and pursuant to the parties representations in their Joint Status Report filed on March 8, 2010, 21 srl hereby submits this Supplemental Status Report regarding the status of the motion to transfer ("Newegg's Illinois Motion") filed by Newegg in *21 srl v. Newegg, Inc.*, Case No. 1:09-cv-06590, U.S. District Court for the Northern District of Illinois ("the Illinois Action").

On March 24, 2010, Judge Darrah denied Newegg's Illinois Motion. A true and correct copy of Judge Darrah's Memorandum Opinion and Order denying Newegg's Illinois Motion is attached hereto as Exhibit A.

                                                             Keats McFarland & Wilson

Dated: March 25, 2010                          By \_\_\_/s/_____.
                                                            David K. Caplan
                                                           Attorney for Defendant 21 SRL

# Exhibit A

*Newegg Inc., v. 21 SRL*

Case No. CV 09-7322 CAS (AJWx)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 21 srl, | ) |
|     Plaintiff, | ) ) ) Case No. 09-cv-6590 |
| v. | ) ) Judge John W. Darrah |
| NEWEGG INC., | ) ) |
|     Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

This action for patent infringement brought by 21 srl against Newegg Inc. ("Newegg") originally was filed on October 10, 2009, and assigned to Judge Holderman. On December 9, 2009, this Court granted 21 srl's motion to reassign the case to the calendar of this Court, where 21 srl had an earlier-filed, similar case pending, involving the same patent (Case No. 09-cv-3667, the "Best Buy litigation"). Before the reassignment, Newegg had filed the instant motion to transfer this litigation to the Central District of California or, in the alternative, to stay this litigation pending disposition of that earlier-filed action. The motion was fully briefed at the time the case was reassigned, but no ruling had issued. This Court has now reviewed the briefs and the parties' supplemental filings and, for the reasons discussed below, denies Newegg's Motion to Transfer or Stay.

### BACKGROUND

21 srl, an Italian corporation, alleges that Newegg has infringed United States Patent Number 7,340,451 (the "'451 patent"). On March 4, 2009, 21 srl sent a letter to



EXHIBIT ___A___
PAGE ___2___

Newegg for the purpose of "offering Newegg a license" to use the '451 patent. Having received no response, 21 srl sent a follow-up letter on April 7, 2009. Newegg responded on April 16, 2009, and stated that it was reviewing 21 srl's claims and would get back to 21 srl within a few weeks. That letter was Newegg's first and only response.

On June 18, 2009, 21 srl initiated the Best Buy litigation in this district, alleging that five separate defendants infringed the '451 patent through use of their respective websites and third-party websites. Newegg was not named as a defendant or otherwise referenced in the Best Buy complaint.

On September 17, 2009, 21 srl sent another letter to Newegg, informing Newegg of the Best Buy litigation and stating it was "important" that Newegg respond to the letter in light of the fact that October 9, 2009, was the deadline to amend the complaint. 21 srl's letter did not indicate any relationship between 21 srl's potential claims against Newegg and its claims pending against the Best Buy defendants. Newegg did not respond. Instead, on October 8, 2009, Newegg brought an action in the Central District of California, seeking a declaratory judgment that the '451 patent is invalid and not infringed. The following day, Newegg sent a copy of the summons and complaint to 21 srl's litigation counsel in Chicago, asking counsel to accept service on 21 srl's behalf. 21 srl responded to say it was not authorized to accept service and, on October 20, 2009, filed the instant action, alleging that Newegg infringed the '451 patent through the use of Newegg's and others' websites.

On November 10, 2009, Newegg filed a motion with Judge Snyder in the Central District of California to enjoin this litigation. (*See* Case No. 2:09-cv-7322, Docket No. 6

2

EXHIBIT A
PAGE 3

(C.D. Cal. Nov. 10, 2009).) That same day, Newegg filed the instant motion to transfer or stay this litigation pending resolution of the declaratory-judgment action in California. On December 23, 2009, Judge Snyder denied Newegg's motion to enjoin this litigation because the court did not yet have jurisdiction over 21 srl, who had yet to be properly served.

On January 29, 2010, after 21 srl was later served with a summons and a copy of Newegg's Complaint in the California action, two motions were filed in the Central District of California: Newegg's renewed motion to enjoin the litigation pending before this Court and 21 srl's motion to dismiss Newegg's declaratory-judgment action. Although both motions were originally scheduled for ruling on March 1, 2010, the parties have notified this Court that Judge Snyder postponed the rulings on those motions, pending the outcome of the instant Motion to Transfer.

## LEGAL STANDARD

In the interest of national uniformity, the Federal Circuit applies its circuit law when reviewing district court decisions on patent-law issues. *See Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999); *Bajer Design & Marketing, Inc. v. Whitney Design, Inc.*, No. 09 C 1815, 2009 WL 1849813, at *4 (N.D. Ill. June 26, 2009) (*Bajer Design*). In resolving venue disputes and issues of appropriate forum where two actions involve closely related questions of patent infringement, the Federal Circuit has strongly endorsed the first-to-file doctrine. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (*Genentech*), *overruled in part on other grounds Wilton v. Steven Falls Co.*, 515 U.S. 277, 289 (1995).


EXHIBIT A
PAGE 4

The first-to-file rule is a discretionary doctrine that provides if actions involving nearly identical parties and issues have been filed in two different courts, the court in which the first suit was filed generally should proceed to judgment, even if the first-filed suit is a declaratory-judgment action. *Id.*

The court in which a later-filed patent action is pending may transfer that action to the court in which the first-filed action is pending. *See Bajer Design*, 2009 WL 1849813, at *1. Rather than automatically deferring to the first-filed action, however, a district court should treat a motion to transfer a later-filed case as it would any other motion to transfer:

> The first-filed suit rule, for instance, will not always yield the most convenient and suitable forum. Therefore, the trial court weighing jurisdiction additionally must consider the real underlying dispute: the convenience and suitability of competing forums. In sum, the trial court must weigh the factors used in a transfer analysis as for any other transfer motion. In other words, this court notes that when the discretionary determination is presented after the filing of an infringement action, the jurisdiction question is basically the same as a transfer action under § 1404(a).

*Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).

Factors relevant to determining whether a transfer is warranted include the following: (1) the convenience and availability of witnesses; (2) the absence of jurisdiction over all necessary or desirable parties; (3) the possibility of consolidation with related litigation; and (4) a party's intent to preempt another's infringement suit. *Id.* A district court must evaluate these factors to ensure that the case is heard in the most appropriate forum. *Id.* at 904-05.

4



EXHIBIT A
PAGE 5

## ANALYSIS

Newegg argues that the first-to-file rule dictates that this case be transferred to the Central District of California. 21 srl asserts that Newegg's declaratory-judgment action was an improper anticipatory filing and that maintaining this litigation in the same district as the Best Buy litigation will promote judicial and litigant economy by having a single court decide common issues of fact and law between the two cases. A discussion of the relevant factors follows.

### *Convenience and Availability of Parties and Witnesses*

Newegg's principal place of business is in the Central District of California, and Newegg has no substantial contacts with this district, so California would clearly be the more convenient forum for Newegg. Because 21 srl and the inventor of the '451 patent are based in Italy, Newegg argues that Chicago and California are equally inconvenient forums for 21 srl. But Newegg ignores the fact that 21 srl is presently litigating actions it filed in this district. Obviously, it would be more convenient for 21 srl to litigate simultaneous infringement actions based on the same patent if both of those actions were in the same district rather than in two separate districts, 2,000 miles apart.

Moreover, the primary concern is not the convenience to the parties but the convenience to the witnesses – non-party witnesses, in particular. *Bullard v. Burlington N. Santa Fe Ry.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 29, 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily.").


EXHIBIT _A_
PAGE _6_

Newegg identifies three potential party witnesses who reside in California, all of whom are Newegg employees. 21 srl identifies only two party witnesses, both of whom reside in Italy. Neither party has identified any potential non-party witnesses. Each party would be inconvenienced by litigating outside of its chosen forum, and neither party has demonstrated any inconvenience to potential non-party witnesses.[1] Thus, this factor is neutral; it weighs neither for nor against transfer.

*Absence of Jurisdiction Over All Necessary or Desirable Parties*

Both this Court and the District Court for the Central District of California appear to have jurisdiction over all parties. Although Newegg is a Delaware corporation headquartered in the Central District of California with no officers, directors, employees, or offices in the Northern District of Illinois, Newegg apparently transacts business in this district, and Newegg cannot argue that it is not subject to the jurisdiction of this Court.[2]

The Central District of California indisputably has jurisdiction over Newegg, which has its principal place of business in that district. Jurisdiction over 21 srl in Newegg's declaratory-judgment action is not relevant for purposes of Newegg's motion to transfer the instant litigation, because it is jurisdiction over *the defendant* that is relevant for purposes of a transfer made pursuant to § 1404(a). *See In re Genentech, Inc.,*

---

[1] Furthermore, 21 srl represents that it will agree to depose all witnesses where they reside. (Pl. Resp. at 9.)

[2] In a supplemental brief filed with leave of the Court over 21 srl's objection, Newegg asserts for the first time that it is not subject to this Court's personal jurisdiction. As 21 srl notes in its objection, Newegg waived any arguments regarding personal jurisdiction when it brought a motion to transfer under 28 U.S.C. § 1404(a). *See, e.g., Berol Corp. v. BIC Corp.,* No. 02 C 0559, 2002 WL 1466829, at *1 (N.D. Ill. July 8, 2002) (holding that objection to personal jurisdiction was waived by earlier-filed motion to transfer because "moving to transfer venue presupposes and concedes proper jurisdiction in the transferor court").


EXHIBIT A
PAGE 7

566 F.3d 1338, 1346 (Fed. Cir. 2009) (holding that it was clear error for district court to consider whether transferee court lacked jurisdiction over the plaintiff in the action sought to be transferred). 21 srl does not argue that either court lacks jurisdiction to hear the instant litigation. This factor is neutral.

*Possibility of Consolidation with Related Litigation*

Maintaining an action in a forum in which similar cases are pending serves the interests of justice. *Trustmark Ins. Co. v. All Am. Life Ins. Co.*, No. 04 C 5760, 2004 WL 2967529, at *4 (N.D. Ill. Dec. 2, 2004). The Federal Circuit has expressly stated that the possibility of consolidation with related litigation can provide a sound reason not to apply the first-to-file rule. *Genentech*, 998 F.2d at 938. Accordingly, this Court must give consideration to the presently pending Best Buy complaint in which 21 srl has claimed that other entities have infringed the same patent as is alleged in the Newegg litigation.

There are compelling reasons for maintaining all of the suits in this district. The Best Buy litigation will proceed here regardless of what happens to the dispute between 21 srl and Newegg. If Newegg's declaratory-judgment action is maintained in California, litigation involving the same patents and similar allegations of infringement and invalidity will proceed simultaneously in two separate courts, and two separate courts would have to construe the same claims. This duplicative litigation would be a waste of time, energy, and money – the problems sought to be prevented by § 1404(a). *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *SEC v. First Nat'l Fin. Corp.*, 392 F. Supp. 239, 241 (N.D. Ill. 1975) ("As a general proposition, cases

7


EXHIBIT A
PAGE 8

should be transferred to districts where related actions are pending."). Duplicative actions also could result in inconsistent judgments. This factor weighs heavily against transfer.

*Anticipatory Filing*

This final factor appears to be the primary point of contention between the parties. It is undisputed that Newegg beat 21 srl in the race to the courthouse as to the specific dispute between these two parties. If the first-to-file rule was a strict rule without exception, this Court would be required to transfer or stay the instant litigation in deference to the case previously pending in California. But there are exceptions to the first-to-file rule, and applications of those exceptions are not rare. *Genentech*, 998 F.2d at 937. 21 srl asserts that such an exception applies to this case because Newegg was "stringing Plaintiff along" while the parties were communicating about settlement and then filed a declaratory-judgment action "without warning."

After reviewing the inter-party correspondence submitted in conjunction with this motion, it appears that 21 srl misstates the nature of its "settlement communications."[3] 21 srl sent multiple letters to Newegg in an attempt to persuade Newegg to take a license to the '451 patent under threat of litigation. Newegg's only response was a letter stating, "We are now reviewing your letters and the claims being made and will get back to you

---

[3] 21 srl objects to Newegg's attachment of what 21 srl characterizes as its "confidential Rule 408 settlement correspondence" to Newegg's motion. But Federal Rule of Evidence 408 only prohibits the use of an offer to accept valuable consideration in compromise of a claim if that offer is used to show liability of, invalidity of, or amount of a disputed claim. Fed. R. Evid. 408(a); *see also Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). Newegg offers the correspondence to show that no settlement discussions occurred; Rule 408 does not prevent Newegg from doing so.

8

EXHIBIT  A
PAGE  9

in the next few weeks." Newegg sent this letter on April 16, 2009 – well before 21 srl initiated the Best Buy litigation. 21 srl apparently failed to pursue any further communications with Newegg until sending another letter over five months later, which prompted Newegg to file the declaratory-judgment action in its home forum. Newegg never provided any other response, never negotiated with 21 srl, and never engaged in any settlement discussions. 21 srl's argument that these "settlement discussions" warrant an exception to the first-to-file rule is not persuasive.

Nor do the cases cited by 21 srl compel a different conclusion. In *MRL, LLC v. U.S. Robotics Corp.*, No. 02 C 2898, 2003 WL 685504 (N.D. Ill. Feb. 26, 2003) (*MRL*), the case on which 21 srl primarily relies, a patent owner instituted a patent-infringement action against several defendants; Nokia, an alleged infringer, was not one of them. At the time, Nokia was involved in settlement negotiations with the patent owner regarding the same patents. *Id.* During these negotiations, Nokia requested information about the patents at issue and about the patent owner's pending lawsuits; it also requested a face-to-face meeting with the patent owner's attorneys "for a meaningful discussion." *Id.* Then, after settlement negotiations broke down, Nokia filed a declaratory-judgment action in the Northern District of Texas, asserting non-infringement of the patents at issue. *Id.* Twelve days later, the patent owner amended the complaint in the Northern District of Illinois litigation to add Nokia as a party. *Id.*

Judge St. Eve denied Nokia's motion to stay the pending litigation pending disposition of the first-filed Northern District of Texas declaratory-judgment action. *Id.* Although recognizing the first to file presumption, Judge St. Eve found that Nokia's first-

EXHIBIT A
PAGE 10

to-file claim was relatively weak considering Nokia only filed its declaratory-judgment action after settlement negotiations broke down. *Id.* The motion to stay was denied. *Id.* Further, in response to Nokia's separate motion to sever the patent owner's claims against it on the basis of misjoinder, the court agreed that Nokia was not a proper defendant but nonetheless consolidated the case to the existing litigation under Federal Rule of Civil Procedure 42(a). *Id.*

21 srl argues that the facts in this case compel the Court to reach the same result as did Judge St. Eve in *MRL*. But unlike Nokia, Newegg's actions do not clearly demonstrate any efforts to engage in meaningful settlement discussions or to deceive 21 srl into believing that such discussions would occur. Thus, the settlement exception set forth in *MRL* does not provide a compelling basis for disregarding the first-to-file presumption in this case.[4]

21 srl's remaining cases – *Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC*, 447 F. Supp. 2d 930 (W.D. Wis. 2006); *Publications International, Ltd. v. McRae*, 953 F. Supp. 223 (N.D. Ill. 1996); and *Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc.*, 23 F. Supp. 2d 906 (N.D. Ill. 1998) – are not instructive, because none of those cases involve a claim of patent infringement for which Federal Circuit law applies. Indeed, each of those cases expressly relies on the Seventh Circuit's decision in *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir. 1987) (*Tempco*

---

[4] Judge St. Eve did, however, identify an additional reason not to defer to the first-to-file presumption, which does apply in this case: the interests of efficiency and economy favored resolving the patent owner's claims against multiple defendants in a single proceeding. *Id.* As discussed above, the same is true of 21 srl's claims against Newegg and the defendants in the Best Buy litigation.

10


EXHIBIT A
PAGE 11

*Electric*), for the proposition that a declaratory-judgment action aimed solely at wresting the choice of forum from the "natural" plaintiff should be dismissed. *Tempco Electric* was not a patent case, and the Federal Circuit has expressly declined to apply the holding of *Tempco Electric* to patent cases. *See Genentech*, 998 F.2d at 937.

Ultimately, 21 srl has not demonstrated that Newegg's declaratory-judgment action was a bad-faith anticipatory lawsuit. Unlike the plaintiff in *MRL*, 21 srl had not engaged in any negotiations with Newegg. 21 srl could have filed this action when it filed the Best Buy litigation. Without any apparent indication that Newegg would be receptive to the idea, 21 srl instead opted to try to convince Newegg to accept a license for the patent. Newegg never indicated any interest in licensing or settlement and filed a declaratory-judgment action in response to 21 srl's litigation threat. Even if Newegg had engaged in forum shopping, that fact would not mandate a transfer; it would merely be one of several factors to consider. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005). However, considering the totality of factors on this issue prior to the time Newegg filed its declaratory-judgment action, this factor only slightly favors transfer.

Therefore, considering all of the factors in context and totality, transfer is not appropriate in this case. The presumption in favor of allowing the first-filed case to proceed to judgment does not weigh heavily in favor of transferring this litigation to the Central District of California, and concerns of judicial efficiency weigh strongly in favor of retaining jurisdiction over the litigation so that at least some of the proceedings can be


EXHIBIT A
PAGE 12

consolidated with the pending Best Buy litigation involving the same plaintiff and the same legal issues. The other factors are neutral.

The Best Buy litigation has not proceeded to a significant degree – discovery is not scheduled to close until February 11, 2011, and trial is not until June 20, 2011. Newegg should be able to get on track with the other defendants. Furthermore, the litigation in the Central District of California has yet to move past the pleadings stage. Transferring this action or ordering a stay pending the indeterminate outcome of Newegg's declaratory-judgment action would only further delay the ultimate resolution of 21 srl's disputes.[5]

## CONCLUSION

For the foregoing reasons, Newegg's Motion to Transfer or Stay this litigation is denied.

Date: March 24, 2010

JOHN W. DARRAH
United States District Court Judge

---

[5] In addition to requesting that this Court transfer this litigation under its inherent power or § 1404(a), Newegg also asserts that the Court can transfer this case pursuant to 28 U.S.C. § 1406. But that statute merely provides that a court may transfer a case to another district where venue is not proper in the court in which the case was filed. 28 U.S.C. § 1406. Newegg did not bring its motion under Federal Rule of Civil Procedure 12(b)(3) or otherwise assert that venue is not proper in this district. Accordingly, the Court also denies Newegg's request for relief under § 1406.

12

EXHIBIT A
PAGE 13